ORIGINAL

FILED

DEC 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DISTRICT OF COLUMBIA

FEDERAL DISTRICT COURT

Civil Action No. _____

_____

Wayne Brunsilius # 65458, Unit 31
12101 Hwy 61, POB 6000
　　　Plaintiff Sterling, Colorado 80751

　　v.

United States Department of Energy
and
State of Colorado

　　　Defendant

CASE NUMBER  1:06CV02202

JUDGE: Richard J. Leon

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 12/26/2006

_____

Civil Rights, PrivacyAct, 5 U.S.C. Section 552

And Title 42 U.S.C.A. § 1997

_____

COMPLAINT

_____

Wayne Brunsilius
P.O. Box 6000
12101 Hwy 61

STERLING, COLORADO  80751

RECEIVED

DEC 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DISTRICT OF COLUMBIA
FEDERAL DISTRICT COURT

_____

_____

WAYNE C. BRUNSILIUS,
        Plaintiff

    v.

UNITED STATES DEPARTMENT OF ENERGY
AND THE State of Colorado
        Defendant

_____

VIOLATION OF CIVIL RIGHTS PURSUANT TO

FREEDOM OF INFORMATION ACT AND PRIVACY ACT

5, U.S.C. Section 552  AND Title 42
_____U.S.C.A. § 1997_____

COMES NOW, Wayne C. Brunsilius Pro-Se, respectfully moves this honorable

court pursuant to violations of Privacy Act, 5 U.S.C., Section 552 by the U.S.

Department of Energy, who has acted by conclusion with the State of Colorado,

to include but not limited to the University of Colorado Hospital, The Colorado

Department of Puplic Health and Environment - Hazardous Materials & Waste Manage-

ment Division, The Colorado Department of Corrections, and the Jefferson County

District Court, the U.S. Department of Defense, and the U.S. Army, who have acted

directly or indirectly by agreement or by deprivating records, directed by con -

tract by environmental impact study and investigation, resulting from such study

in May 24, 1983, did by actions between named and unnamed persons to deceive,

deprive, and obstruct lawful means for the accomplishment of an unlawful conspiracy

for fraudulent and deceitful purpose.

    1). On November 16, 2005 the Plaintiff made request for medical records to

include radiological records from the U.S. Department of Energy, Rocky Flats office,

12101 Ariport Way, Unit A, Broomfield, Colorado pursuant to the Freedom of Information

Each time the project was shut down, Rockwell International would cover up and

conceal the truth and damages encountered, and provided no safety equipment to  —

protect the workers and team performing the environmental impact study.

7).    This request also included testing completed by the Colorado State Health

and Environmental and hazardous material and Waste Management, for reports required

by law to be conducted by the State of Colorado in the Sewerage plant, by Waste

Management Division at 4300 Cherry Creek Drive South, Denver, Colorado 80246.

By the February 8, 2006 request for records, the plaintiff made clear that

the May 24, 1983 Environmental impact project, conducted by E.M.C. Engineering, and

J.W. Williams Engineering, performed in the sewerage system of Rocky Flats Nuclear

Plant was the target of information requested , was performed at the request of the

U.S. Department of Defense who had initiated and secured the contrators to perform

the impact study at the Rocky Flats Plaint. The U.S. Department of Defense, working

through the U.S. Army, had to know that Rockwell International was buring hazardous

materials and dumping them into the Sewerage, which was proven by Rockwells acts

on site to conceal, and suppress all the testing performed by the Industrial Hygienst

during the investigation and inspection. Thus the U.S. Department of Defense also

placed the plaintiff and his team in harms way by not providing the protective

clothing and testing results taken on site to protect the safety of the investi-

gation team. This refusal and failure to provide test results on site, provides

the emements for deceit, and deception by the state of Colorado, and the U.S. De-

partment of Energy and Rockwell International, to employ fraud and the U.S. Depart-

ment of Defense willfully initated this project under false pretense, knowning

the U.S. Department of energy was violating environmental and committing criminal

acts.

8).    After the March 9, 2006 letter from the Freedom of Information office, Lisa

-4-

Bressler, who detailed that the information requested would take an estimated

$240,000.00 dollars to search, not counting copy cost, and that 800 boxes of files

were involved in the "Land Contamination Case",made a request for the plaintiff

to narrow the scope of request. See attached exhibit March 09, 2006 Exhibit VII.

On March 20, 2006, the plaintiff made notice that mail fraud was committed,

and acknowledged the deadline set by the Rocky Flats Project office. The plaintiff

also presented clarification of request and ability to pay, and made petition for

records and request a wavier of fees or reduction according to regulation 10 SFR

1004.9(a). The plaintiff also provided the Rocky Flats Project office facts he had

been severe mercury and other heavy metals poisoned, and radiation poisoned from

the work and investigation performed at Rocky Flats Nuclear Plant, and that the

State of Colorado had committed fraud, and extorion, and had obstructed justice,

in concealing the plaintiff's health condition to prevent the plaintiff from test-

ifying before the grand jury, who convened in 1989 to 1992, after the F.B.I had

initiated their early morning raid of the Rocky Flats Nuclear PLant in 1989,

which shut down the plant for environmental violations and criminal acts.

9).    On April 25, 2006, by certified mailing from the Rocky Flats Project Office

the FOIF officer, Lisa Bressler, through    Manager Frazer Lockhart, had granted

the November 14, 2005 request and by March 9, 2006 letter requesting additional

information for a fee wavier determination; and the March 20, 2006 letter. The

granted request was being processed as a Privacy Act of 1974 request and was assign-

ed control number PAO6-OOl. Would be in process and there will be no charge for

these records. See attached Exhibit April 25, 2006, exhibit III.

As stated in letter, "In Accordance with 10 Code of Federal Regulations,

Section 1004.9(a)(8), the Department of Energy may furnish documents without charge

if disclosure of information is in the public interest because it is likely to con-

tribute significantly to public understanding of the operations or activities of

the government and disclosre of the information is not primarily in the commerical

-5-

Interest of the requester." The certified letter granted  medical records and

radiological records, but denied the March 9, 2006 request for Industral Hygienst

testing and records, and the Land contamination records where orders were given

to keep secret all medical records, radioactive exposures, and known medical and

public health hazards; and all testing performed by the State of Colorado State

Health and Environmental, Hazardous Material and Waste management testing and re-

ports.  This information is relevant to the claims of many workers at the R.F. Plant.

The request also denied all studies and testing performed by the Colorado

University Hospital, which was under contract with the U.S. Department of Energy,

where Dr. John Cobb, a professor of preventive medicine at the Colorado University

medical school was contracted to do research on the effects of plutonium on human

tissue. See attached March 20, 2006 letter exhibit.[II]

The april 25, 2006 letter granting medical records so stated, also provided

the appeal process and the determination was made that the plaintiff had not agreed

to pay fees, this request, Control Number FR06-002 is hereby closed.

9).    On May 17, 2006 the plaintiff filed his appeal to the U.S. Department of

Energy, 1000 Independence Ave. SW, to the office of hearings and appeals. See

attached letter of May 17, 2006, exhibit. This appeal also stated that the plain-

tiff had been incarcerated since May 29, 1991, and refuted the fact that he had

refused to pay for records, was subject to his limitations and restrictions of

being incarcerated. That his request was made pursuant to the Energy Employees

Occupational Illness Compensation Act, under Title 42, Ch 84, Subchapter XVI,

Part A, findings — The congress finds the following... (5) which established on

October 28, 2004, Part D, Now Part E of the Act.

The denial of records based on the refusal to pay because the plaintiff was

incarcerted was not within the Workings of "Good Faith performance" and in fact

-6-

sets in play the "Frustration of Purposes doctrine" to apply, the non-occurance
of the supervening event must have been a basic assumption of the agreement. There-
fore the FOIF Lisa Bressler, being uninformed of stated "Clssified" contract the
inadvertent ruling was without knowledge of the formal intent and purpose, and
would be informative to the public. This Environmental IMpact Study was classified
and initiated by the U.S. Department of Defense, whose operational control of the
Rocky Flats Nuclear Plant was in question concerning environmental crimes and crim-
inal acts committed by Rockwell International and the U.S. Department of Energy.
See letter of May 17, 2006, exhibit of appeal to U.S. Department of Energy in
Washington D.C.

10).   On June 7, 2006, see attached letter from Department of Energy, Attorney,
Robert B. Palmer, stating that the plaintiff had not provided a copy of the deter-
mination with the appeal. 10 C.F.R. Section 1004.8.  Please notice that the FOIF
officer, Lisa Bressler did not state that the plaintiff needed to provide a copy
of the determination. for the appeal. Exhibit IV

     Also notice that the letter of June 7, 2006 from Attorney Robert B. Palmer,
also confirms that the plaintiff is incarcerated at the Sterling Correctional Facil-
ity, and that Lisa Bressler no longer is employed by the DOE,"and that she did not
believe that the people who are now performing her old job would be able to locate
the determination, and that they are not returning her calls."

11).   On June 14, 2006, See attached letter to the U.S. Department of Energy, to
attorney Robert B. Palmer, Case Number TRA-0163, providing the determination resulted
because the FOIF neglected and failed to to direct the proper format for such appeal.

     Attorney Palmer also stated that he did not know when he would be able to
obtain the determination, and by the loss of FOIF LIsa Bressler's employment, and
the statement, that the people performing her old job would not be able to locate

-7-

the determination, showed a violation in the Privacy Act to maintain records.

Thus on June 21, 2006, the plaintiff sent a letter, see attached, filing violation

of the "Privacy Act, 5 U.S.C. Section 552 (a)(e)(5) and (g)(1)(c) by filing to

maintain accurate records. So stated in letter, also giving notice of civil action

if any agency fails to maintain any records .

The letter of June 21, 2006 also assumes that all fairness for appeal has

been prejudiced by the open discrimination and gross neligence by Rockwell Inter-

national and the U.S. Department of Energy, who has acted with the State of Colorado

to conceal and suppress all records. This action by the U.S. Department of Energy

and the State of Colorado has violated their oath of ofice, and the actions by the

U.S. Department of Energy, attorneys and public officals have also violated their

oath of office, and Article II, Section 1, Title 4 U.S.C.A. 101  and 102, by re-

quiring to report the afore mentioned crimes pursuant to Title 28 U.S.C., Section 1343

and Title U.S.C.A., Section 4, who ever having knowledge of the actual commission

of a felony cognizable by a court of the United States, conceals, and does not as

soon as possible make know the same to some judge or other person in civil or milit-

ary authority under the United States is guilty of the crime of misprison of Felony,

Title 18 U.S.C.A. Section 4.   The plaintiff requested that an affidavit be taken

from LIsa Bressler under the oath of perjury pursuant to Title 28 U.S.C.A., Section

1746, and be provided this plaintiff for appeal of records in violation of Privacy

Act, for purposes of Conspiracy against rights of citizens, Title 18 U.S.C. Section

241 and Deprivation of rights under color of law, Title 18 U.S.C. Section 242.

Because the U.S. Department of Defense, the U.S. Army, from the Pentagon

had contacted the plaintiff, and provided the plaintiff with classified drawnings,

and maps and had failed and refused to fully inform,and provide safety, had placed

the plaintiff in severe heavy metals poisoning and radiation levels known to create

-8-

known medical or public health hazards and damages to, including death to the plaintiff, by misrepresentation of known facts and findings, did create or aid in the creation of conspiracy to commit fraud, See Jewish Center of Sussex County v. Whale, 86 J.J. 619 423, A2d 521, 524.

These violations of the Fiduciary responsibility by United States Constitutional mandate, demand you, or officials of the State of Colorado, or the Officers of the U.S. army, or officals of the U.S. Department of Energy to make notice of the fraudulent acts, and as federal officers, or agents of the court, are bound to report due process violations of law. See United States v. Kizenski, 877, F. 210, 215 16 (2nd Cir. 1989) & 18 U.S.C. Section 1500, also known as the Jencks Act. 12). On February 8, 2006, see attached letter and release for medical records from the Univesity of Colorado Hospital, Health Sciences Center, Nuclear Medicine, for copies of medical records for radioisotope testing and radio-densitomtry testing performed on January 8, 1997, requested by Dr. Aljilil and Tom Rose a Physician's Assistant at the Fremont Correctional Facility. See also May 8, 2006 letter to Colorado University Hospital. As exhibit, See Dr. James McCoy's April 13, 1996 report that confirms that the plaintiff was requested for testing being performed for evaluation for radioisotope exposure at Rocky Flats. See attached.

During the testing performed on January 8, 1997, two doctors openly stated before two witnesses, and the plaintiff that he had not nerves in both legs resulting from mercury and other heavy metals damages and needed to be inintensive care for the severe damages resulting from the radioisotope exposure. On June 8, 2006 the plaintiff again provided the Colorado University Hospital with copies of medical releases, and requests for medical records subject to the two tests performed. But the PACS Administrator, Michael Cain, refused to provide all medical records, or copies of the Medical request, or testing as requested.

On September 1, 2006, the plaintiff's letter, See attached, to Mr. Michael Cain, Pacs Administrator, responded to the July 12, 2006 letter, which defined

What the Colorado University Hospital sent to the plaintiff, but not what was requested or ordered to be tested as was confirmed not only by the Colorado 2006 Department of Corrections progress assessment summary, and byApril 13, 1996, Dr. James McCoy summary sheet, noting that the evaluation for radioisotope exposure was scheduled. IN addition to this are laboratory testing from the Colorado Department of Health and Environmental,Division of laborties, 8100 Lowry Blvd.  , Denver, Colorado, urinalysis completed on July 28, 1993, Lab # 478542, Collection Number 01100063537, performed by the Colorado Department of Corrections for drug security performed as random screening which confirm severe mercury and other heavy metals. On June 2, 1996, the plaintiff was sent to the University of Colorado Hospital for examination by environmental toxicology, by DR. Michael J. Kosnett  who refused to examine, test, or perform evaluation steming from Neurological examination that was performed on May 16, 1996 at the Pueble Hospital that confirmed total nerve damages in both legs resulting from the mercury, and other heavy metal poisonings. Again the neurologist was from the University of Colorado Hospital, and refused to provide his name or provide a copy of the report at the timeof the examination. This obvious pattern of misrepresentation manesfested by words and other conduct by one or another that under the circumstances, amounts to an assertion not in accordance with the facts, and untrue statements of fact, and incorrect or false representation, that which if accepted, leads the mind to an apprehension of a condition other and different from that which exist, colloquially, it is understood to mean, a statement or action made to deceive or mislead, as amounting to legal fraud consistent of material misrepresentation of present existing or past facts, made with the knowledge of its fallacious and intention that the other party rely thereon resulting in reliance by that party to his detriment.

13).   ON September 1, 2006, the plaintiff requested the laboratory report #478542 Collection # 01100063537, performed by the Colorado Department of Corrections on

July 28, 1993, which  confirmed severe levels of mercury and other heavy metals.
This urinalysis   is in the plaintiffs  inmates work and Colorado Department of
Corrections file, but the Colorado Department of Corrections refused to give the
plaintiff a copy of the test results, or testing in 1993 or in 2006. IN 1993, Major
Linum brought the plaintiff into this office at the Fremont Correctional Facility
and stated that the urinalysis test showed severe or heavy amounts of mercury, and
that the test results were lost,  The Colorado Department of Corrections refused
to complete or perform another urinalysis on the plaintiff until 2001, knowning that
the plaintiff severe poisoning would reveal itself in the random urinalysis required
by the Colorado Department of Corrections, inclusive of the medical  department.

    To date the :testing results from the Colorado Department of Health and En-
vironmental has refused to provide the medical records or laboratory reports.
14).   The Colorado Department of Corrections took custody of the Plaintiff after
the May 29, 1991 Sentencing by the Jefferson county District Court, in Case Number
90CR1281, after the trial attorney Leonary Chesler # 3631 and his associate Rod
Allison # 15875 had accepted one Million dollars in bribery from the U.S. Depart-
ment of  Defense or the American Medical Association to conceal and suppress all
mercury and radiation poisoning medical records and exposures from the court in
the above stated criminal case. Upon entry to the Colorado Department of Corrections
at the Diagnostic Center on Smith Road, examination by doctors confirmed that the
plaintiff was severely poisoned and suffering from the effects, to include kidney
problems, nerve damages, metabolic bone disease, meningitis, hypocalcemia, and
cronic candidiasis or moniliasis fungus infections, but they refused all records.

    The Colorado Department of Corrections refused all treatment for the mercury
or radiation poisoning, and had medical records from 1986 that the plaintiff had
been in mercury detoxification under the care of seven doctors, and where Dr. Doell

-11-

had provided chelation therapy for removal of the mercury and heavy metals, and was also being treated for kidney damages, and the severe fungus infections that accompany the heavy metals and radiation poisoning.

15). These violation by the state of Colorado, which have acted in collusion with the U.S. Department of Energy, did deprive and violate all U.S. Constitution-al rights, Privileges, or immunities as defined in 1997 (I)(B)(ii) of this title to include access to the courts, due process, liberty interest, to include his 14th Amendment rights, 6th AMendment, 5th amendment, 8th Amendment, 9th Amendment and 4th and 1st amendment as rights to a fair and impartial hearing before impart-ial judge, and right to have access to all case evidence and the right not to be tortured by the state of Colorado, by officers, employees, or agents of the State of colorado , the judicial officers, and law enforcement agents to include attorneys, and members of the Colorado Law Bar,.

16). The Appeal filed with the U.S. Department of Energy was never answered to dateof this filing because of prejudice and fraud, and refusal to provide all medical records and Industral Hygeinst records completed by the U.S. Department of Energy during and after the completion of the investigation and environmental im-pact study completed at the Rocky Flats Nuclear Plant, that started on May 24, 1983.

Because of these violations of the Privacy act, 5 U.S.C. Section 552,  to provide medical records and records completed, known as Industral Hygienst testing and records completed on the project and investigation in the Sewerage system, to complete the environmental impact study, which included televison study performed by the Plaintiff, during which he was severely poisoned that he seeks the stated records for purposes of making claim for damages, Also violated the Freedom of Infor.

Because the challenged information in the file was capable of being verified

-12-

the agency, the U.S. Department of Energy, did purposefully, willfully, and intentionally violate the Privacy Act, by the information verified in the 10th Federal District court, so stated, did by their actions and statement failed to maintain medical records and industral hygienst records, which conclusively confirm the violation of Section (e)(5), (g)(1)(c) and (g)(4) of the "Act. by using incorrect information in determination adverse to him, relying on DOE v. United States, 261 App. D.C. 206 Section 21 F. 2d 694, 701 (D.C. Cir. 1987).

In Stange V. United States, ARms Control and disarmament agency, 275 App. D.C. 37, 864 F.2d 859 (D.C. Cir. 1989, where violation include the use of errenous reports in denying medical records, (2) made decisions advese to him concerning custody, securty classification, etc. was violated by the State of Colorado, in collusion with the U.S. Department of Energy, in Case No. 90 CR1281, Jefferson County District court, in May 29, 1991 and since, in support of the concealment of records and material evidence controled by the U.S. Department of Energy.

Pursuant to Secton (g)(4) of the Privacy Act, 5 U.S.C. Section 552a(g)(1)(c) provides that action brought under (g)(1)(c), in what the court determines that the agency acted in a manner which was "intentional" or "Willful", the U.S. shall be liable for actual damages susstained by the individual, not less that $1,000.00, .as welll as litigation cost and attorney fee's. 5 U.S.C. Section 552a(g)(4).

Pursuant to this claim, for damages and records so stated, not only against the U.S. Department of Energy,  who did act in collusion with the State of Colorado, and agencies of the State, to include the University of Colorado HOspital, the Colorado Department of Corrections, and the Jefferson county District courts who did act to conceal all records, to aid in the concealment by the U.S. Department of Energy to conceal exposures of radiation, medical records, and health hazards so stated in the Land contamination case as confirmed by jury. in the 10th Federal District Court.

-13-

If any agency willfully or intentionally fails to maintain records in such a manner and, as a result, mades a determination adverse to an individual, it will be liable to the person for monitary damages. Privacy Act 5, U.S.C. Sections 552a(g)(1)(c) and (g)(4). See, White v. Office of personaal Management, 252 App. D.C. 104, 787 F.2d 660 (D.C. Cir. 1986) , the court must determine whether standard anticipated under Section (g)(1)(c) has been meet.

Because this Claim incldues and involves a criminal case so stated, and this failure and refusal to provide records, to include medical records and Industrial Hygienst Records for purpose material evidence in district court in Jefferson County, Colorado, that the Plaintiff also invokes the Jencks act, 18 U.S.C, Section 3500, requires a large class of material to be turned over to the defense in a criminal case, and because judicial officers and law enforcement officers failed to report crimes of fraud, obstruction of justice, bribery, that the crime of imprison of felony was committed in any effort to conceal, suppress or concealment of a felony committed by another, but without such provisions concert with or subsequent assistence to the felony as would make the party concealing an accessory before and after  the fact  UNited States v. Peristein, C.C.A. N.J. 126 F.2d 778, 798.Stated failures violate the Freedom of Information Act,5 U.S.C. Section 552.

IN conclusion, the Plaintiff requests of this court to appoint counsel, and subject to violations of Title 42, U.S.C.A. Section 1997 and violation of the Privacy Act. as stated against State and Federal Agencies, that damages to access for their violation in keeping a system of records that must be maintained with such accuracy, relevance, time lines and completemess as to reasonably  necessary to asure fairness to the individual. 5. U.S.C. Section 552a(e)(5) and that consideration for such damages consider the actual damages suffered by this plaintiff since 1991 when the  state of Colorado illegally convicted this plaintiff knowning that he was severely mercury and radiation poisoned

-14-

WHEREFORE , and THEREFORE, petitioner prays for relief, premisies considered for good Constitutional cause and in food faith, showing prejudice, however remote, Walker v. United States, for enforcement power, necessary for compensation for damages and records requested. Defendant will submit evidence at hearing.

Respectfully Submitted,

*Wayne Brunsilius*

Wayne Brunsilius
Reg. # 65458, Unit 31
12101 Hwy 61, P.O. Box 6000
Sterling, Colorado 80751-6000


CERTIFICATION OF SERVICE

I Wayne Brunsilius have on this  _2_)_ day of November 2006, placed this claim for violation of the Privacy Act and Title 42 U.S.C.A. Section 1997 into Sterling Correctional officer's hands for U.S. mailing, first class, postage prepaid, for the above action and cause of action, relief pursuant to claim, to Attorney General Alberto Gonzales , Via, Solictor General Theodore Olson
950 Pennsylvania Ave., Rm 5614,
District of Columbia, Washington, D.C. 20530-0001

United States Department of Energy
1000 INdependence Ave. SW
Washington, D.C. 20585

I declare and certify under penalty of perjury of the law of the United States of America that the above is true to the best knowledge and informed belief and that a true and correct copy of this claim is presented.

*Wayne Brunsilius*

Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy 61, P.O. Box 6000
Sterling, Colorado 80751

Exhibits attached: I. II, III, IV, V

-15-

United States Department of Energy
Rocky Flats Office]

February 8, 2006

12101 Airport Way Unit A
Broomfiled, Colorado 80021-2583

Re: Control Number RF06-002

Dear Lisa Bressler,
     Pursuant to the Freedom of Information Act, 5 U.S.C., Subsection 552, and
the Privacy Act 5 U.S.C. § 552a, I am requesting access to the following ?
     1). Pursuant to the Federal Law suite now pending in the 10th. Federal
court concerning " Land Contamination", now before Federal District Judge John
Kane. I am requesting copies of documents that showed orders were given to Keep
Secret (A) Medical Records, (B) Radioactive Exposures, ,(C) Known medical or
public health hazards.
     (A) I am requesting copies of documents, records and orders that will con-
firm the orders to keep secret, medical research, what was researched, what the
results and effects the radiation and heavy metals poisoning and results. I am
also rquesting the medical contractor, University, and Laboratory contractors
that were used between 1970 and 1989 for the above stated requests, for the
three stated above.
     (2) I am also requesting copies ofthe Discovery and Environmental Contract
completed through E.M.C. Engineering which started on May 24, 1983. E.M.C. Engin-
eering had subcontracted with J.W. Williams, who performed the on site work. In
additrion to the operational team was a testing team who took samples, completed
laboratory testing, conducted ambient air, tests, and conducted all radiative
monitoring, to include the geiger counter testing. The operations team encounter-
ed radioative conditions so severe that two geiger counters could not records
the levels. The testing team also revealed the encountering of severe heavy metals
to include mercury, lead, arsenic, cadmium, manganese the companion metals of
Uranium. These test were conducted in the sewerage system.
     In both Item I and 2 of this letter I am rquesting the testing, completed
to include Colorado State Health and Environmetnal hazards material reports, Lab-
ortory reports, Doctors notes, memos, nurse notes, toxicology reports, radiology
reports, field testing reports, doctors names, hospitals, medical contractors
in operational control of the Rocky Flats inoperational control at the Rocky Flats
site during the Dow  Chemical and Rockwell International control of the plant.
     I am also requesting the reports created by Dow Chemical and Rockwell In
ternational pursuant to the Discovery Contract completed in 1983, and for the
orders given to keep secret, Medical records, radioactive exposures, and known
medical health hazards.  Please provide all orders from any person, dates and
any an all certified documents.                                      06 2202
     This information and records requested are conducted by the "Willing Prayer"
pursuant to the order, "do not contest".
     If you deny any part of this request, Please cite each specific exemption
you think justifies the refusal to release the information and notify me of
appeal  procedures available under the law. This information for production of
documents andrecords were requested by and used by Attorneys Luise Roselle of
Cincinnati, Ohio, and Merrill Davidoff of Phiadelphia in representation of the
Land contamination suite presented in Feral Court. Thus making this information
public.

     I thank you for all your assistance and cooperation

Sincerely, Wayne Brunsilius          Wayne Brunsilius, Reg, # 65458 Unit G-12
                                     12101 Hwy 61, P.O. Box 6000
                                     Sterling, Colorado 80751

FILED

DEC 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**Department of Energy**

ROCKY FLATS PROJECT OFFICE
12101 AIRPORT WAY, UNIT A
BROOMFIELD, COLORADO 80021-2583

**MAR 0 9 2006**

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Colorado Department of Corrections
Wayne Brunsilius
Reg. #65458, Unit 31
12101 Hwy. 61
Sterling, CO 80751

Dear Mr. Brunsilius;

This is in further response to your request for information dated December 27, 2005, that was received in our office on January 18, 2006. You submitted the request under the Freedom of Information Act (FOIA), 5 U.S.C. 552. You asked for the following:

1. Contract number for E.M.C. Engineering and the contract name and number of the Department of Energy (DOE) contract with Rockwell International.
2. The laboratory or testing company or contractor and contract number who performed all on site testing for influences, heavy metals and radiation encountered in manholes, where samples were taken, and included ambient air and chemical tests, to include the names of technicians, chemists, doctors, all reports, lab reports, memos, doctor notes, radiology reports, and toxicology reports. The name of the contractors' addresses that resulted for all tests completed on site by the laboratory from these methods.
3. The name and address of the plant colonel who was in charge of Rocky Flats Nuclear Plant in May 1983 to 1985.
4. All reports, contractors, lab and chemical reports held by and controlled by Rockwell International and US DOE pursuant to this discovery contract.
5. Any and all reports, the names of people who worked at the Sewage Plant in May 1983 to 1985 at the Rocky Flats Nuclear Plant, to include chemical testing for heavy metals, radiation levels of the influence, debris, ground, ambient air, water, to include the name of the laboratory, tests, reports, notes, memos, toxicology reports and plant reports required by the Colorado Department of Public Health for this contract period.

Subsequently, in a letter dated February 8, 2006, which was received in this office on February 15, 2006, you expanded the scope of your original request to include:

(1) Copies of documents that showed orders were given to keep secret (A) medical records, (B) radioactive Exposures (C) known medical or public health hazards.
(A) Copies of documents, records and orders that will confirm the orders to keep secret, medical research, what was researched, what the results and effects the radiation and heavy metals poisoning, also the medical contractor, University, and Laboratory contractors that were used between 1970 and 1989 for the above stated requests for (A), (B), and (C) above.
(2) Copies of the Discovery and Environmental Contract completed through E.M.C. Engineering which started May 24, 1983.

Brunsilius                                    2

You stated that in items (1) and (2) of this letter you would like the test results completed to include Colorado State Health and Environmental hazard material reports, laboratory reports, doctors notes, memos, nurse notes, toxicology reports, radiology reports, field testing reports, doctors names, hospitals, medical contractors in operational control of the Rocky Flats site during the Dow Chemical and Rockwell International control of the plant.

The request and its addendum have not been controlled as a FOIA request and assigned to an office to process because it does not address the requirements of a proper FOIA request as stated at Title 10, Code of Federal Regulations (CFR), Section 1004.4.

The DOE regulation that implements the FOIA provides at 10 CFR 1004.4(e), that a request shall include (1) an assurance to pay whatever fees will be assessed in accordance with 10 CFR 1004.9, (2) an assurance to pay those fees not exceeding some specified dollar amount, or (3) a request for a waiver or reduction of fees. The regulation further states that no request will be deemed to have been received until (1) some valid assurance of willingness to bear fees anticipated to be associated with the processing of the request, or (2) a specific request of a waiver or reduction of fees has been stated.

Your letter did not state a willingness to pay fees. Please submit in writing to this office your assurance to pay fees or an amount you are willing to pay to process the request. You should provide this statement to this office by March 27, 2006. If we have not received the information from you by this date, we will consider your request withdrawn and no further action will be taken.

If you plan to request a waiver of fees, the FOIA provides, at 10 CFR 1004.9(a)(8), that "the DOE will furnish documents without charge or at reduced charges if disclosure of the information is in the public interest because (1) it is likely to contribute significantly to public understanding of the operations or activities of the government, and (2) disclosure is not primarily in the commercial interest of the requester."

The DOE has implemented this statutory standard for fee waivers or reduced fees in its FOIA regulation at 10 CFR 1004.9(a). The regulation sets forth the following factors that are considered by the agency in applying the criteria:

(1)     The subject of the request: Whether the subject of the requested records concerns "the operations or activities of the government;"

(2)     The informative value of the information to be disclosed: Whether the disclosure is "likely to contribute" to an understanding of government operations or activities;

(3)     The contribution to an understanding by the general public of the subject likely to result from disclosure;

(4)     The significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities;

Brunsilius                                    3

(5)    The existence and magnitude of a commercial interest: Whether the requester has a commercial interest that would be furthered by the requested disclosure; and, if so

(6)    The primary interest in disclosure: Whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."

This criteria must be addressed in order for this office to make a determination to grant or deny the waiver or reduction of fees. In addition, if you would like the Department to begin processing of your request while a determination is being made, please provide an assurance to pay fees in the event your request for a waiver is denied.

For your information, the request as written encompasses basically all documents that the agency retained on the Land Contamination case. This consists of approximately 800 boxes of material. We estimate that it would take approximately 1000 hours to search these boxes for the responsive information. The search time would be at a rate of $40.00 per hour. We have estimated that it would take approximately 2000 hours to review the information if located. The review would be at a rate of $100.00 per hour.

This amounts to an initial estimated cost of $240,000.00 for just the search and review. This does not include duplication costs which would be billed at five cents per page.

If you would like to narrow the scope of your request to more specific in order to reduce costs make your request more reasonable for us to respond to

In accordance with 10 CFR 1004.9(a)(7) if the DOE determines or estimates that the fees to be assessed under this section may amount to more than $25.00, the requester will be informed of the estimated amount of fees. Further, at 10 CFR 1004.9(b)(8)(i) if the DOE estimates or determines that allowable charges that a requester may be required to pay are likely to exceed $250.00 the Department can require an advance payment of an amount up to the full estimated charges in the case of a requester with no history of payment.

Since you have no history of payment at the Department you would be required to remit payment in the full amount of the estimate in order for the request to be processed.

If you have any questions concerning your request, please contact me at (303) 966-2322 and refer to Control No. RF06-002.

                                    Sincerely,

                                    Lisa Bressler
                                    Freedom of Information Act/
                                    Privacy Act Specialist

U.S. Department of Energy
Rocky Flats Project Office                                    March 20, 2006
12101 Airport Way, Unit A
Broomfield, Colorado 80021-2483

Re: March 9, 2006 Certified Mail - Control Number RF06-002
    for clarification of request
    for medical records (first)

Dear Lisa Bresslet,

    I received your certified letter of March 9, 2006 on March 10, 2006 With
March 27, 2006 as deadline for statment of clarification for request of infor-
mation.
    As per your letter as stated above please be informed that mail fraud has
been committed against the person confirmed by your verification of receipt of
December 27, 2005 letter by your office on January 18, 2006. Also be informed
that this person has sent certified mail to your office and as of this date has
not received return receipt. This federal violation has been reported to Post —
Master and under investigation at this time. Please be patient with the legality.
    1). Pursuant to your request for clarification. My original request was for
medical records, radiology tests, doctors notes, nurses notes, memos, relating
to my medical records.  This is my first need and request made under the Freedom
of Information Act, 5 U.S.C. Subsection 552, and the privacy Act 5 U.S.C. § 552a.
    I have been imprisoned for 15 years and make $5.00 dollars a month but al
though I am legally indigent, I am willing to make payment subject to my indig-
ency. Also please be advised that the State of Colorado has informed knowledge
and confirmation upon conviction that this person was severely poisoned with mercury
and radiation, suffering from endometriosis, peritonitis, bacterial meningitis,
kidney failure, and total loss of all nerves resulting from the mercury and other
companion heavy metals.from work at the Rocky Flats Nuclear Plant, and has in
fact kidnapped and held hostage to suppress and conceal, obstruction of justice,
and fraud on the people who worked at the Rocky Flats Nuclear Plant, such as my-
self and others.
    2). This person now request a wavier of fees or reduced fees in regulation 10
CFR 1004.9(a).
    A.This person has legal need of these records for court use, being severely
poisoned from mercury and other heavy metals and radiation working at the Rocky
Flats Plant, and Radiation exposure, and other damages that this request is made
for claim created by the U.S. Congress under Title 42, Chapter 84, Subsection
XVI, Part A.
    B). That the information will contribute to better understanding
and assist people similarly situated having worked at the plant, named Rocky Flats
the way the State of Colorado has prevented and denied all medical diagnosis
and treatment under duress, or by threats to conceal material evidence and medical
personel in the performance of their duty.
    C). The contribution to an understanding by the general public of subjects
covering worker safety, health care, and the known hazards in the work environment,
where a violation of the Privacy Act, 5 U.S.C. §552a(e)(5) and(g)(1)(c) and by
failure to keep accurate records, and Section 552(g)(d) and (g)(1)(A) by failing
to amend inaccurate files by the state of Colorado, and other named and unnamed,
    IN Strong v. United States Arms,control and disarmament agency, 275, App.D.C.
37; 864 F.2d 859(D.C. Cir. 1989) Typical Privacy Act" Case . (1) Used errenous

-1-

U.S. Department of Energy
March 20, 2006
Page 2

reports in denying medical care (2) made decisions adverse to security classific-
ation jobs, and Section (g)(4) of the Privacy Act, 5 U.S.C.§552a(g)(1)(c), provides
that action brough under (g)(1)(c) in what the court determines that the agency
acted in a manner which was "intentional" or "willful". the United States shall be
liable for actual damages sustained by the individual.

The request has the existence and magnitude of a commercial interest in deal-
ing with the medical profession and agency's that have retained and bound them in
their performance of their duty to the public and interest to the private sector
of citizens attached, related or connected in like manner or resulting from con-
ditions resulting from the stated controls and violations so stated.

IN conclusion, the interest resulting from this requested information, now
public from the damages resulting from the "Land Contamination" case in federal
court, is sufficiently large, in the abuse of State power and authority, and the
violation of the Oath of Office to uphold the U.S. Constitutional rights now de-
prived from the sovereign citizen, such as myself, and others simarly situitated
having worked at the Rocky Flats Nuclear Plant.

As a results of this request for a waiver of fees, that this sovereign citizen
acting in conjunction and with advocacy present this request and would like the
department to begin processing this request while a determination is being made,
and in light of my willing to pay or make payment, and due to my indigency, that
this request for Waiver and information is requested.

Pursuant to the Mail Fraud, and "Obstruction of Justice"employed by the
State of Colorado, and in light of the fact that this person was employeed and
contracted by the U.S. Department of Defense to work on the Rocky Flats Nuclear
Plant, for "Discovery and Environmental Investigation" Project began in May 24,
1983 for the investigation or Enviromental Crimes that the Defense Department
should be informed and responsible for fees and investigation of files in poss-
ession of the Rocky Flats Office.

Please be formally informed by this letter that the first step of this re-
quest is for medical files and radiology testing completed at the Rocky Flats
Nuclear Plant on or about May 24, 1983 and there after.

The Second phase of this request will be completed subject to waiver of fees
or coverage of fees by advocacy and or the U.S. Department of Defense, in light of
the indigency of this person making this request.

Please be also informed that due to security and classification of secrecy
revealed and confirmed in the "Land Contamination case" in federal court to keep
secret medial files, ahd records (b) radioactive exposures, (c) known medical and
public health hazards, was employeed by the U.S. Department of Defense, that the
information was not collectively directed in previously made requests, but was
provided to your office to aid and assist in the (1) first phase of this request
to find this persons, Wayne Brunsilius's medical files and records.

Please also be informed that when the files and records are found that this
person also request that the F.B.I. or Federal Marshall be employed to deliver
those records to this person at the stated address below, due to the State of
Colorado judicial impedence and obstruction of justice and fraud, misrepresent-
ation, and treason against the U.S. Constitution.

This request is made with the assurance to pay whatever fees will be assess-
ed in accordance with 10 CFR 1004.9 and that such fees be waived pursuant to the
labove stated request, subject to my indigency, and the willingness to bear fees
in attachment to violations of the Privacy Act so stated above by both the State
of Colorado and Federal Agencies as stated, named and unnamed.

-2-

U.S. Department of Energy
March 20, 2006
Page 3

As per your request for full amount of the estimate of $240.000.00 thousand dollars, and that such request would prejudice the violation of the Privacy Act violations so stated, in an by actions or inactions to prevent such release of material evidence, adding to the bias, prejudice and discrimination of the State of FColorado, inlight of the indigency of this person requesting this information.

In Consideration of due process of law and by the facts of this letter so presented for clarification of information, that this person as stated request a waiver of fees and and began the search of medical files and records, and when the second phase of this request is requested, perhaps a better workability can be esbblished to enable your office to narrow the scope of my request, and be more specific in order to reduce costs making this second phase more reasonable for you to respond to.

This requestor assumed that subject to the information presented in federal court in the land Contamination case that the 800 boxes of files were organized resulting from past request made by attorneys for the "Land Contamination case." Please forgive my over sight in assumeing that fact.

Again, please be informed that this person has been the subject of mail fraud, and constitutional deprivation of rights to p revent the publics from realizing the hazards and health or medical hazards, or allow the use of mercury poisoning in the conrts of colorado.


Respectfully Requested,

*Wayne Brunsilius* ucc 1-2-67

Wayne Brunsilius, Reg. # 65458, Unit 31
P.O. Box 6000, 12101 Hwy 61,
Sterling, Colorado 80751


The above signed declarant Wayne Brunsilius, is declarant, does here, swear, attest, affirm, declare under Oath under the penalty of perjury, that the contents herein are true, correct, and certain, not misleading and the truth, the whole truth and nothing but the truth as per the best of the declarant's know-ledge and informed belief.


The foregoing INstrument was acknowledged before me *21* day of March, 2006 by Wayne Brunsilius in the County of Logan, State of Colorado.

My Commission expires *8/8/09*

-3-

Notary Republic     *Kenneth D. Thompson*

Kenneth D. Thompson, Notary Public
State of Colorado
My Commission Expires *8/8/09*





**Department of Energy**

ROCKY FLATS PROJECT OFFICE
12101 AIRPORT WAY, UNIT A
BROOMFIELD, COLORADO 80021-2583

**APR 2 5 2006**

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Colorado Department of Corrections
Wayne Brunsilius
Reg. #65458, Unit 31
P. O. Box 6000, 12101 Hwy. 61
Sterling, CO 80751

Dear Mr. Brunsilius;

Please refer to your November 16, 2005 Freedom of Information Act (FOIA) request; my March 9, 2006 letter requesting additional information for a fee waiver determination; and your March 20, 2006 response letter.

Your original request dated November 16, 2005 was for medical and radiological records during your employment at Rocky Flats. That request is being processed as a Privacy Act of 1974 request and was assigned control number PA06-001. This request is in process and there will be no charge for these records.

In accordance with 10 Code of Federal Regulations (CFR), Section 1004.9(a)(8), the Department of Energy (DOE) may furnish documents without charge if disclosure of information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and disclosure of the information is not primarily in the commercial interest of the requester.

In your March 20, 2006 letter, you requested that all fees be waived. 10 CFR Section 1004.9(a)(8) sets forth two basic requirements, both of which must be satisfied before fees will be waived or reduced. After review, I have determined that a waiver of fees cannot be granted. This decision is based on the fact that the informative value of the requested documents would not contribute significantly to the public understanding of government operations or activities. The general public would not benefit and the documents would be uninformative. Moreover, we have been unable to determine whether you have the necessary expertise in the subject area, ability and intention to disseminate the information to the general public and furthermore, you have not addressed the basic requirements mandated for a fee waiver to be granted.

Pursuant to 10 CFR, Section 1004.9(b)(4), you are considered to be in the "All Other Requesters" category. In this category, the DOE fee guidelines allow the first 100 pages of reproduction and first two hours of search time to be furnished without charge. The requestor is responsible for narrowing the scope of the request; therefore, since you have not agreed to pay fees, this request, Control Number RF06-002 is hereby closed.

Brunsilius                                    2

The adequacy of the Rocky Flats Project Office's decision may be appealed to the Director of the Office of Hearings and Appeals, HG-1, U.S. Department of Energy, 1000 Independence Avenue, SW, Washington, D.C. 20585. Please include a concise statement of the grounds for the appeal and a description of the relief sought. The appeal to the Director must be made within 30 calendar days after your receipt of this letter. Your written appeal, including the envelope, must clearly indicate that a Freedom of Information Act Appeal is being made. Should you appeal, please send a copy of your appeal letter to me, FOIA Officer, U.S. Department of Energy, Rocky Flats Project Office, 12101 Airport Way, Unit A, Broomfield, CO 80021-2583 and refer to Control No. RF06-002.

                              Sincerely,

                              Lisa Bressler
                              Freedom of Information Act/
                              Privacy Act Specialist



# Department of Energy

Washington, DC 20585

JUN - 7 2006

Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy. 61, P.O. Box 6000
Sterling, CO  80751

Re: Case No. TFA-0163

Dear Mr. Brunsilius:

On May 25, 2006, the Office of Hearings and Appeals of the U.S. Department of Energy (DOE) received your Freedom of Information Act (FOIA) Appeal. The regulations governing this proceeding require that all FOIA appeals include "a copy of the letter containing the determination that is being appealed." 10 C.F.R. § 1004.8. Your submission is deficient in that it does not include a copy of this determination letter. This letter is essential to our consideration of your Appeal. Accordingly, your submission will not be considered to be officially filed until we receive a copy of the determination.

I am aware that your status as an inmate at the Sterling Correctional Facility might make it difficult for you to provide us with a copy of this document. I therefore contacted Lisa Bressler, formerly of the DOE's Rocky Flats Project Office, in an attempt to obtain the determination letter from her. She informed me that she is no longer employed by the DOE, that she did not believe that the people who are now performing her old job would be able to locate your determination, and that they are not returning her calls. Consequently, I do not know when, or if, I will be able to obtain the determination from the Office that issued it to you. I am therefore asking that you provide me with a copy of the determination. If you are unable to have a copy made, you may send me the original letter and I will copy it and have the original returned to you.

Please send the determination to me at the Office of Hearings and Appeals, Department of Energy, Washington, DC 20585, and refer to Case No. TFA-0163 in this and in any future correspondence concerning this matter.

Sincerely,

Robert B. Palmer
Staff Attorney
Office of Hearings and Appeals

U.S. Department of Energy                                    June 21, 2006
1000 Independence Ave. SW
Washington D.C. 20585
Office of Hearings and Appeals

Re: Case Number TFA-0163

Attorney Robert B. Palmer,

     Pursuant to your letter of June 7, 2006 concerning statements and actions
of the U.S. Department of Energy office, Rocky Flats Office at 12101 Airport
Way, Unit A, Broomfield, Colorado being unable to locate files or failing in
their performance to locate such files has limited your ability to conduct such,
shows a "willful and "Intentional failure to main records, which as a member of
the judicial shows a showing of intention to deceive or mislead and thus pre-
judices the determination of this appeal.
     These actions violate the "Privacy Act, 5 U.S.C, Section 552 (a)(e)(5) and
(g)(1)(c) by failing to maintain accuracte records. As stated in Section 552(a)(e)
(5), provides that each agency that keeps a system of records must "Maintain all
records", with such accuracy, relvenance, timelineness, and completeness as is
reasonably necessary to assure fairness to the individual in the determination.
     Additionally, Section 552 (g)(1)(c) permits a civil action if an agency fails
to maintain any records concerning any individual, and consequently a determination
is made or would be made adverse to the individual, 5 U.S.C. (g)(1)(c). In Section
(g)(4) provides that in any action brought under section (g)(1) in which the court
determines that the agency acted in a manner which was "intentional", or "Willful",
the United States shall be liable for actual damages sustained by the indivvual
not less than $1,000.00 as well as litigation costs and attorney's fees. 5 U.S.C.
Section 552 (g)(4) of the act. By using the incorrect information in determination
adverse to him, relying on Department of Energy v. United States, 261 App. D.C.,
206 Section 21 F.2d 694, 701 (D.C. Cir. 1987).
     As legal counsel for the U.S. department of Energy, and by your concession
that the Rocky Flats Office for the U.S. Department of Energy has acted in violation
of the "Privacy Act", they have also violated Federal Rules of Civil procedure,
Rule 4, that anything short of the full disclosure of all known pertinent facts is
Fraud.
     We assume that all fairness to this appeal has been prejudiced, and by the
open discrimination the determination of this appeal will be adverse with out
legal counsel to argue or present this defendant. Accordingly, all records on
chron of the U.S. Department of Energy, and by previous employ, Lisa Bressler,
the former (FOIA) officer, affidavit be created under oath of perjury pursuant
to Title 28 U.S.C.A., Section 1746, and be provided this defendant and to this
appeal for record of violation of Privacy Act" for purposes of Conspiracy against
rights of citizens, Title 18 U.S.C. Section 241 and Deprivation of Rights under
Color of law, Title 18 U.S.C. Section 242,
     Such failures by officers of the U.S. Department of Energy so stated above
has violated their oath of office, and Article II, Section 1, Title 4 U.S.C.A.
101 and 102, and require to report the aforementioned crimes pursuant to Title
28 U.S.C., Section 1343 and Title U.S.C.A., § 4, who ever having knowledge of
the actual commission of a felony cognizable by a court of the UNited States,
Conceals and does not as soon as possible make known the same to some judge or

-1-

U.S. Department of Energy
June 21, 2006
Page 2
Atty. Palmer

other person in civil or military authority under the United States is guily of the
crime of misprison of felony, Title 18 U.S.C.A. § 4.

I hereby request and petition the the U.S. Defense Department be notified, who
contracted me to perform the inspection and investigation of Rocky Flat Nuclear
plant, in May 24, 1983, for Environmental Impact study for environmental crimes
being committed by Rockwell International and by the U.S. Department of Energy
where upon the F.B.I initated their investigation in 1987, and convened the Grand
Jury between 1989 to 1992, where upon the U.S. Court of Appeal has reversed the
10th federal court denial of release of the jury investigation of damages to the
public and environment, and this person so stated. Date of reversal June 18,06

That Depart of Defense, U.S. Armed Forces, The pentagon be notified, who retained
this defendant, to provide legal counsel, to the misrepresentation and obstruction
of justice committed by the state of Colorado, and conspiracy to commit fraud, See
Jewish Center of Sussex County v. Whale, 86 N.J. 619 423, A2d 521, 524.

As an officer of the Court, in and for the Washington D.C., the Fiduciary Re-
sponsibility would by U.S. Constitutional law mandate you to make notice of these
fraudulent acts, and as a federal officer, or agent of the court, is bound to report
due process violations that occur if people fail to disclose corrupt government
witnesse and other violations of the laws. See United States v. Kizenski, 877, F.
210, 215 16 (2nd. Cir.1989' (18 U.S.C. § 1500, also known as the Jencks Act.

This notice and violation of crimes, that the Provost Marshall,the Joint Chiefs
of Staff, Pentagon Rm. 4E 873 be notifyed as well as the Judge Advocate General's
Office be notified and such other agency's and the Federal Superior District Court
in Washington D.C. that the violation of Obstruction of Justice, 18 U.S.C.A. § 1501
et seg, to include, Fraud, violation of the "Privacy Act" for purposes of treason,
and extortion by the State of Colorado, to include kidnapping and being held hostage
where the judicial officers and federal officers in violation of their oath of Offce
to uphold the U.S. Constitution has allowed the state of Colorado violate its ratif-
ication of Statehood and allegiance to the United States Constitution mandates,
whereby the State of Colorado gains authority and jurisdiction to convene a judicial
court system demanded by the U.S. Constitutional formatted ARticle III courts of
law as prescribed.

In addition to the loss of jurisdiction by the State of Colorado, the State of
Colorado has lost it venue by the emblems its flies where upon the Courts authority
and State of Colorado acts under that authority is expressed, is in violation of all
United States Constitutional laws. The state of Colorado has openly violated Title
4 U.S.C.A Chapter 1,2, 3 (innocent until proven guilty) flag of peace and therein
preserves the United States Constitution, by display of the fraudulent Flag as
defined by Ar 840-10 United States Army Regulation, October 1, 1979 in all twenty-
two judicial districts, as well as the Colordo Court of Appeals, and the Colorado
State State Supreme Court. The Colorado Supreme court fails and refuses to file
their own oath of Office, and refuse to hold accountable elected District Attorney's
and Deputy attorney, Attorney General, and all related offices in the State to
comply with the Oath requirement as stated in Article II, Section 1, Title 4 U.S.C.A.
Section 101 and 102. Thus the State of Colorado has lost its jurisdiction and venue
and the actions of officers at the Colorado Rocky Flats Office confirm their delib-
erate violations of basic constitutional rights as stated, and by collusion with
the State of Colorado, violate the judicial oath of office to uphold the Constitut-
ion of the United States. Adamson v. C.I.R., 745 F.2d 541, 546(9th Cir. 1984)

Pursuant to the above stated constitutional violation, and the demand placed
on attorney Robert B. Palmer to give notice to civil or miliitary authority, and
to the Superior District Court of Washington D.C. Federal Court. Please provide

-2-

U.S. Department of Energy
June 21, 2006
Page 3
Atty. Palmer

    this defendant with copies of all your notices to stated authorities as demanded by law so stated.

    Your failure to provide notice of crimes will have treasonably conspired and acted against the peace and security of the United States and having treasonably conspired to destroy Constitutional government in the United States.

    Pursuant to Title 28 U.S.C.A. § 1746, I declare under the penalty of perjury that the foregoing is true and correct. The Flag of the United States of America, Title 4 U.S.C., 1, pursuant to Presidental Executive Order # 10834 (Aug. 25, 1959) hereafter demands the American Flag of Peace be flown whereby jurisdiction and Fiduciary of power and authority reside. The failure to present such is a desecrated flag and creates a foreign state.

    The Undersigned Declarant, WAYNE BRUNSILIUS, (c) ie, delarant, does herewith swear, attest, affirm, declare under oath under the penalty of perjury pursuant to Title 28 U.S.C.A. § 1746 that the Declarant executes this reservation of right with sincere intent, that Declarant can completely state the matter set forth herein that contents are true and correct, complete, and certain, not misleading and the truth and nothing but the truth as per the best of declarant, knowledge and understanding.

    The foregoing Instrument was acknowledged before me  this _20_ day of _June_ 2006, by Wayne Brunsilius, in the county of Logan, State of Colorado.

My Commission Expires  _8|8|06_

_Wayne Brunsilius_
Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy 61, P.O. Box 6000
Sterling, Colorado  80751

CC:
F.B.I - Public Corruption, Washington D.C.
Atten Mr. Anderson

**Department of Energy**

Washington, DC 20585

NOV 15 2006

Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy. 61, P.O. Box 6000
Sterling, CO 80751

Re: Case No. TFA-0163

Dear Mr. Brunsilius:

This letter concerns the Freedom of Information Act (FOIA) Appeal that you filed in the case mentioned above. As indicated in the attached Decision and Order, the Office of Hearings and Appeals has determined that your Appeal should be denied. If you have any questions concerning this Decision, please contact Robert B. Palmer of this Office at (202) 287-1449.

Sincerely,

George Breznay
Director
Office of Hearings and Appeals

Printed with soy ink on recycled paper

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Wayne Brunsilius

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

Pro Se (PR)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
# 65458

### DEFENDANTS
U.S. Dept. of Energy, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF ...

ATTOR...

CASE NUMBER   1:06CV02202

JUDGE:  Richard J. Leon

DECK TYPE:  FOIA/Privacy Act

DATE STAMP:  12/26/2006

### II. BASIS OF JURISDICTION
**(PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government          ☐ 3 Federal Question
  Plaintiff                    (U.S. Government Not a Party)

☒ 2 U.S. Government          ☐ 4 Diversity
  Defendant                    (Indicate Citizenship of Parties
                               in item III)

### III CITIZENSHIP ...
FOR PLAINTIFF AND ...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

(4.

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | ☒ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ **530 Habeas Corpus-General** <br> □ **510 Motion/Vacate Sentence** | □ **442 Civil Rights-Employment** <br> **(criteria: race, gender/sex,** <br> **national origin,** <br> **discrimination, disability** <br> **age, religion, retaliation)** <br><br> ***(If pro se, select this deck)*** | □ **895 Freedom of Information Act** <br> □ **890 Other Statutory Actions** <br> **(if Privacy Act)** <br><br> ***(If pro se, select this deck)*** | □ **152 Recovery of Defaulted Student** <br> **Loans (excluding veterans)** |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ **710 Fair Labor Standards Act** <br> □ **720 Labor/Mgmt. Relations** <br> □ **730 Labor/Mgmt. Reporting &** <br> **Disclosure Act** <br> □ **740 Labor Railway Act** <br> □ **790 Other Labor Litigation** <br> □ **791 Empl. Ret. Inc. Security Act** | □ **441 Voting (if not Voting Rights** <br> **Act)** <br> □ **443 Housing/Accommodations** <br> □ **444 Welfare** <br> □ **440 Other Civil Rights** <br> □ **445 American w/Disabilities-** <br> **Employment** <br> □ **446 Americans w/Disabilities-** <br> **Other** | □ **110 Insurance** <br> □ **120 Marine** <br> □ **130 Miller Act** <br> □ **140 Negotiable Instrument** <br> □ **150 Recovery of Overpayment &** <br> **Enforcement of Judgment** <br> □ **153 Recovery of Overpayment of** <br> **Veteran's Benefits** <br> □ **160 Stockholder's Suits** <br> □ **190 Other Contracts** <br> □ **195 Contract Product Liability** <br> □ **196 Franchise** | □ **441 Civil Rights-Voting (if Voting** <br> **Rights Act)** |

**V. ORIGIN**

| ☒ 1 Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 (a)

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23     **DEMAND $**     Check YES only if demanded in complaint **JURY DEMAND:** □ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)     □ YES ☒ NO    If yes, please complete related case form.

**DATE** 12.26.06     **SIGNATURE OF ATTORNEY OF RECORD** NCD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd