## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WAYNE BRUNSILIUS,          )
                                  )
                Plaintiff,    )
               v.          )      Civil Action No. 06-2202 (RJL)
                                  )
U.S. DEPARTMENT OF ENERGY,   )
                                  )
           Defendant.  )

## DEFENDANT'S MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

      Federal Defendant, by undersigned counsel, respectfully moves the Court, pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing plaintiff's claims

in this action on the ground that the Court lacks subject matter jurisdiction over plaintiff's

claims, or in the alternative, pursuant to Fed. R. Civ. P. 56, for an order granting defendant

summary judgment on the ground that no genuine issue of material fact exists and defendant is

entitled to judgment as a matter of law.[1]  In support of this motion, the Court is respectfully

---

[1]  Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

referred to the accompanying Memorandum of Points and Authorities, Administrative Record,

and Declaration of Lisa Bressler.  A proposed Order consistent with this motion is also attached.

<div style="margin-left: 40%;">

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

</div>

---

Fed. R. Civ. P. 56(e).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **WAYNE BRUNSILIUS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil  Action  No. 06-2202 (RJL) |
| | ) | |
| **U.S. DEPARTMENT OF ENERGY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Federal defendant, U.S. Department of Energy ("DOE"), moves to dismiss this suit, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff Wayne Brunsilius, a federal inmate proceeding *pro se*, is incarcerated at a United States Penitentiary in Burlington, Colorado.  During the period November 16, 2005, through February 8, 2006, plaintiff requested numerous medical, radiological, laboratory, public health, and environmental contamination records, pursuant to the Freedom of Information Act ("FOIA")[1] and the Privacy Act.[2]  As is evident from the Administrative Record, and as set forth in the accompanying declaration of Lisa Bressler ("Bressler Decl."), defendant properly suspended the processing of plaintiff's FOIA request after plaintiff failed to remit payment of the required fees, and failed to demonstrate that he meets the requirements for a fee waiver.  Because the plaintiff did not pay the required fees to

---

[1] See 5 U.S.C. § 552.

[2] See 5 U.S.C. § 552a.

process his FOIA request, and did not demonstrate that he is entitled to a fee waiver, defendant

properly closed plaintiff's FOIA request.  Defendant properly upheld its determination after

plaintiff administratively appealed.  Thus, this action should be dismissed or, alternatively,

summary judgment should be granted in favor of the defendant.

## BACKGROUND

In letters dated November 16, 2005, December 27, 2005, and February 8, 2006, plaintiff

requested various medical, radiological, laboratory, public health, and environmental

contamination records, pursuant to the Freedom of Information Act ("FOIA") and the Privacy

Act, including a request for plaintiff's medical and radiological records for the duration of his

employment at DOE's Rocky Flats facility.  A.R. 01-03, 11.  Defendant processed plaintiff's

request for medical and radiological records as a Privacy Act request, for which no fee was

charged.  A.R. 06, 07, 31-32.  After responding to plaintiff's Privacy Act request, defendant

notified plaintiff by letter that, pursuant to 10 CFR § 1004.4(e), plaintiff's request would not be

treated as a valid request unless plaintiff provided assurance that he would pay the fees or

requested a fee waiver.  A.R. 14.  The letter also suggested that plaintiff narrow the scope of his

FOIA request because the request, as written, "encompasses basically all documents that the

agency retained on the Land Contamination case.  This consists of approximately 800 boxes of

material. . . . [t]his amounts to an initial estimated cost of $240,000.00 for just the search and

review."  A.R. 15.  Plaintiff responded by letter request, claiming that he is imprisoned and

indigent, and "has legal need of these records for court use." AR 16.  After defendant determined

that plaintiff failed to narrow the scope of his request, failed to pay the required fees, and failed

to meet the eligibility requirements for a fee waiver, defendant closed plaintiff's FOIA request

and notified plaintiff of his right to appeal.  A.R. 19-20.  Plaintiff responded by filing an

administrative appeal renewing his request for a fee waiver based on his imprisonment and his

claim of indigence.  A.R. 21-23.   In a letter dated November 15, 2006, DOE denied plaintiff's

request for a fee waiver, and informed plaintiff of his right to seek judicial review of the decision.

A.R. 28-30.  Thereafter, plaintiff filed this Complaint.

<div align="center">**STANDARD OF REVIEW**</div>

A court's review of an agency's decision to grant or deny a request for a fee waiver is

conducted "de novo, looking only to the administrative record before the agency at the time of

the decision." *D.C. Technical Assistance Organization v. U.S. Dept. of Housing and Urban

Development*, 85 F.Supp.2d 46, 48 (D.D.C. 2000); *see also*, *Campbell v. U.S. Dept. of Justice*,

164 F.3d 20, 35 (D.C.Cir. 1998); *Rozet v. Dept. of Housing and Urban Development*, 59

F.Supp.2d 55, 56 (D.D.C. 1999); *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d

1282, 1284 (9th Cir. 1987).

<div align="center">**ARGUMENT**</div>

**I.**    **DOE Has Fulfilled Its FOIA Obligations to Plaintiff**

    **A.**    **Applicable Fee Requirements Governing FOIA Requests**

Pursuant to the FOIA, "each agency shall promulgate regulations . . . specifying the

schedule of fees applicable to the processing of requests under this section and establishing

procedures and guidelines for determining when such fees should be waived or reduced."

5 U.S.C. § 552(a)(4)A)(i).  The FOIA further provides that "[d]ocuments shall be furnished

without charge . . . if disclosure of the information is in the public interest because it is likely to

<div align="center">3</div>

contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

Pursuant to these provisions, the DOE has promulgated regulations for determining how FOIA requests are to be processed and when fees should be waived. *See* 10 C.F.R. § 1004.9(a). DOE may grant a full or partial waiver of fees if a requester can demonstrate that disclosure of the information sought in a FOIA request (1) is in the public interest because it is likely to contribute significantly to public understanding of the activities of the government, and (2) is not primarily in the commercial interest of the requester. 5 U.S.C. §552(a)(4)(A)(iii); 10 C.F.R. §1004.9(a)(8). *See Ludsin v. United States SBA*, No. 97-7884, 1998 U.S. App. LEXIS 22388, at *3 (2d Cir. March 26, 1998). In order to be eligible for a fee waiver, a requester must establish that both prongs of the analysis have been satisfied. *See Samuel Gruber Education Project*, 24 F.Supp.2d 1, 10 (D.D.C. 1998); *S.A. Ludsin & Co. v. U.S. Small Business Administration*, 1997 WL 337469, 4 (S.D.N.Y. June 19, 1997). ("The FOIA's fee waiver provision sets forth two requirements, both of which must be satisfied before any fees can be waived or reduced.").

**B.    Plaintiff Does Not Qualify for a Fee Waiver Because Disclosure of the Records to Plaintiff Will Not Contribute Significantly to the Public's Understanding of Government Operations or Activities**

The DOE's regulations require the agency to consider four factors in determining whether requested information is sufficiently likely to be in the public interest, i.e., whether it would contribute significantly to public understanding of the activities of government. 10 CFR § 1004.9(a)(8)(i). Specifically, the agency is required to consider:

> (A) the subject of the request: Whether the subject of the requested records concerns "the operations or activities of the government"; (B) the informative value of the information to be disclosed; Whether the disclosure is "likely to

4

contribute" to an understanding of governmental operations or activities; (C) the contribution to an understanding by the general public of the subject likely to result from disclosure, and (D) the significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities.

10 C.F.R. § 1004.9(a)(8)(i).  In addition, the DOE's regulations provide that:

> If the DOE determines or estimates that the fees to be assessed under this section may amount to more than $25.00, the requester will be informed of the estimated amount of fees, unless the requester has previously indicated a willingness to pay the amount estimated by the agency.  **In cases where the requester has been notified that actual or estimated fees may amount to more than $25.00, the request will be deemed not to have been received until the requester has agreed to pay the anticipated total fee.**  A notice to a requester pursuant to this paragraph will offer him the opportunity to confer with DOE personnel in order to reformulate his request to meet his needs at a lower cost.

10 C.F.R. § 1004.9(a)(7)  (emphasis added).  The burden is on the requester to establish any entitlement to a fee waiver.  *See Larson v. C.I.A.*, 843 F.2d 1481, 1483 (D.C. Cir. 1988); *McClellan v. Carlucci*, at 1287 (stating that conclusory statements will not support fee waiver request); *Durham v. U.S. Department of Justice*, 829 F.Supp. 428, 434 (D.D.C. 1993).

In making the determination whether plaintiff is able to disseminate information, the court may consider the identity and qualifications of the requester, as well as his expertise and ability to disseminate the information to the public.  *Van Fripp v. Gregory Parks, et al.,* No. 97-159, 2000 U.S. Dist Lexis 20158, at *19 (D.D.C. March 16, 2000).  As in *Van Fripp,* plaintiff here lacks the ability to physically disseminate the information he requests, because he is an inmate at a correctional facility.  Apparently, in his appeal, plaintiff indicated that he intends to disseminate the information in an unspecified manner through unnamed "experts" who have been retained by his counsel.  A.R. 22.  Plaintiff's statements that he seeks to share the information about his case with the public are not adequate to demonstrate an ability to communicate the

information to a sufficiently broad audience.  See *Van Fripp*, *supra*; *Hoffman, supra.*
Plaintiff has not demonstrated any ability to disseminate the information to the general public.
*Hoffman v. Internal Revenue Service*, at *3-4, No. 90-0459, 1991 U.S. Dist. Lexis 15436 (D.D.C.
October 23, 1991)(no fee waiver where no indication how plaintiff, a prisoner would distribute
information to the general public); *McClain v. Department of Justice,* No. 91 C 0241, 1992 U.S.
Dist. Lexis 18080, at *7 (N.D. Ill.1992) (statement that requester will give requested information
to a reporter does not warrant granting of fee waiver); *Larson v. Central Intelligence Agency*, 843
F. 1481, 1483 (D.C. Cir. 1988)(assertion that requester would give information to the
Washington Post too tenuous to merit a fee waiver).

### C.    Plaintiff Does Not Qualify for a Fee Waiver Based on His Indigence

Here, plaintiff asserts that fees should be waived because he is indigent.  But it is well
settled that without a showing of a public benefit, indigence alone is insufficient to warrant a fee
waiver.  *See, e.g., DeCato v. Executive Office for United States Attorneys*, No. 03-5044, 2003
WL 22433759, at *1 (D.C. Cir. Oct. 24, 2003) (reiterating that "this court has held that indigence
is not a justification for waiving fees" (citing *Ely v. United States Postal Service*, 753 F.2d 163,
165 (D.C. Cir. 1985)); *Crooker v. Dep't of the Army*, 577 F. Supp. 1220, 1224 (D.D.C. 1984)
(holding indigence alone does not automatically entitle requester to fee waiver); *Rizzo v Tyler*,
438 F. Supp. 895 (S.D.N.Y. 1977) (same); see also S. Conf. Rep. No. 93-1200, at 8 (1974),
reprinted in 1974 U.S.C.C.A.N. 6285, 6287 (specific fee waiver provision for indigents
eliminated; "such matters are properly the subject for individual agency determination in
regulations").

**D.    Because Plaintiff Does Not Qualify for a Fee Waiver, Plaintiff Must Pre-Pay The Required Copying and Search Fees In Order to Process His FOIA Request**

Before any action is taken on his FOIA request, "plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant." *Trueblood v. U.S. Dep't of the Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996).  An agency is permitted to require that a requester pre-pay before the agency will release documents pursuant to a FOIA request. *See Trueblood v. INS*, 943 F.Supp. 64, 68 (D.D.C. 1996); *Putnam v. United States Dep't Justice*, 880 F.Supp. 40, 42 (D.D.C. 1995); *Maydak v. United States Dep't of Justice*, 254 F. Supp.2d 23, 50 (D.D.C. 2003) (dismissing without prejudice because "plaintiff is obligated . . . to pay the fee or to seek from the agency either a fee waiver or a fee reduction." (citing *Trueblood*, 943 F. Supp. at 68).

Plaintiff has failed to comply with the governing requirements that must be met before a fee waiver may be granted.  Contrary to the public interest and other requirements set forth in 10 C.F.R. § 1004.9, plaintiff's record request is wholly personal and his fee waiver argument meritless.

Nor has Plaintiff even remotely satisfied his obligation to demonstrate a public benefit. As Plaintiff's request makes clear, he is interested in obtaining these records to assist him in his personal legal efforts.  A.R. 16.  The public has no interest in paying for plaintiff's wholly personal fishing expedition through 800 boxes of records for his legal case. *See e.g., DeCato*, 2003 WL 22433759 at *1 (unpublished summary affirmance); *McClain v. United States Dep't of Justice*, 13 F.3d 220, 220-21 (7th Cir. 1993) (defendant seeking documents to serve his own interest in vindication not entitled to fee waiver); *Blakey v. Dep't of Justice*, 549 F. Supp. 362 (D.D.C. 1982), *aff'd*, 720 F.2d 215 (1983).

7

**II.     This Court Should Dismiss the Complaint As No Documents Have Been Withheld**

In a FOIA action, the courts have jurisdiction only when an agency has improperly withheld agency records.  5 U.S.C. § 552(a)(4)(B).  As the party bringing suit, plaintiff bears the burden of establishing the Court's subject matter jurisdiction over this case.  *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990).  In meeting this burden, the plaintiff must overcome the presumption that the Court lacks jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Here, because no documents have been withheld, there is no justiciable case or controversy.  "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."  *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *SEC v. Medical Comm. for Human Rights*, 404 U.S. 403, 407 (1972). Therefore, this case should be dismissed.

## CONCLUSION

Defendant suspended the processing of plaintiff's FOIA request after plaintiff failed to remit payment of the required fees, and failed to demonstrate that he meets the requirements for a fee waiver.  As of this date, the Defendant has not received any payment toward the fees.  Thus, it has no obligation to process plaintiff's FOIA request.

Accordingly, defendant moves to dismiss the complaint, as no documents have been withheld or, alternatively, moves for summary judgment, on the ground that no genuine issue of material fact exists and defendant is entitled to judgment as a matter of law.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WAYNE BRUNSILIUS,          )
                                   )
                 Plaintiff,    )
         v.               )        Civil Action No. 06-2202 (RJL)
                                   )
U.S. DEPARTMENT OF ENERGY,  )
                                 )
              Defendant.  )

**STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE DISPUTE**

Defendant submits the following statement of material facts as to which there is no genuine dispute:

1.      In letters dated November 16, 2005, December 27, 2005, and February 8, 2006, plaintiff requested various medical, radiological, laboratory, public health, and environmental contamination records, pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act, including a request for plaintiff's medical and radiological records for the duration of his employment at DOE's Rocky Flats facility. A.R. 01, 02, 11.

2.      DOE processed plaintiff's request for medical and radiological records covering the duration of his employment at DOE's Rocky Flats facility as a Privacy Act request, for which no fee was charged.  A.R. 06, 07, 31-32.

3.      DOE notified plaintiff that his FOIA request had not been processed because it did not satisfy the applicable legal requirements as set forth in 10 C.F.R. § 1004.4(e). Specifically, plaintiff's request did not include (1) an assurance to pay the fees that would be assessed in accordance with 10 C.F.R. §1004.9, (2) an assurance to pay those fees not exceeding some specified dollar amount, or (3) a request for waiver or reduction of fees.  A.R. 14.

4.     DOE also notified plaintiff that 10 C.F.R. § 1004.4 requires that no request be deemed to have been received until (1) a valid assurance of willingness to bear fees anticipated to be associated with the processing of the request, or (2) a specific request of a waiver or reduction of fees had been stated.  DOE's letter noted that plaintiff's letter did not state a willingness to pay fees for the processing of his FOIA request, or a request for a waiver or reduction of fees.  A.R. 13-15.

5.     DOE requested that plaintiff submit further information pertaining to his ability to pay fees by March 27, 2006, or the office would consider his request withdrawn and no further action would be taken.  A.R. 14.

6.     DOE informed plaintiff that FOIA provides, at 10 C.F.R. §1004.9(a)(8), that "the DOE will furnish documents without charge or at reduced charges if disclosure of the information is in the public interest because (1) it is likely to contribute significantly to public understanding of the operations or activities of the government, and (2) disclosure is not primarily in the commercial interest of the requester."  A.R. 14.

7.     DOE provided plaintiff with a list of the factors, as set forth in DOE's FOIA regulation, to be considered by DOE in evaluating whether the criteria for a fee waiver have been satisfied.  10 C.F.R. §1004.9(a)(8).  These factors are:

 (1) The subject of the request: Whether the subject of the requested records concerns "the operations or activities of the government;" (2) The informative value of the information to be disclosed: Whether the disclosure is "likely to contribute" to an understanding of government operations or activities; (3) The contribution to an understanding by the general public of the subject likely to result from disclosure; (4) The significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities; (5) The existence and magnitude of a commercial interest: Whether the requester has a commercial

2

interest that would be furthered by the requested disclosure; and, if so (6) The primary interest in disclosure: Whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."

A.R. 14-15.

8.      DOE provided plaintiff with a cost estimate of the time it would take for DOE to review the approximately 800 boxes of potentially responsive material, and estimated it would take approximately 1000 hours, at a rate of $40 per hour to search the boxes for responsive material.  A.R. 15.  DOE further estimated it would take an additional 2000 hours at a rate of $100 per hour to review the information, if located, for a total of $240,000.00.  A.R. 15. Additionally, duplication costs would be billed at five cents a page.  DOE suggested that plaintiff narrow the scope of his request to be more specific in order to reduce costs. A.R. 15.

9.      Plaintiff was informed that, according to 10 C.F.R. 1004.9(b)(8)(i), if DOE estimates or determines that allowable charges that a requester may be required to pay are likely to exceed $250.00, the DOE can require an advance payment of an amount up to the full estimated charges in the case of a requester with no history of payment.  DOE notified plaintiff that because he had no history of payment at the Department, he would be required to remit payment in the full amount in order for his request to be processed.  A.R. 15.

10.      By letter of March 20, 2006, plaintiff requested a waiver of fees or reduced fees based on the fact that he has been a prisoner for fifteen years and has an income of five dollars per month, stating that although he is "legally indigent" he is willing to make payment subject to his indigence.  A.R.16.  Plaintiff asserted a legal need for these records for court use, in

connection with his claim that he had been poisoned by mercury and other heavy metals and radiation while working at the Rocky Flats Plant.  A.R. 16-18.

11.     DOE denied plaintiff's request for a fee waiver and closed plaintiff's FOIA request.  A.R. 19.

12.     Plaintiff responded by filing an administrative appeal.  A.R. 21-23.

13.      In a letter dated November 15, 2006, the DOE's Office of Hearings and Appeals denied plaintiff's appeal, finding that "we do not believe that disclosure of the requested records would contribute significantly to public understanding of government operations or activities. This is primarily because [plaintiff] has failed to demonstrate that he will be able to disseminate any information that is released to a significant portion of the general public." A.R. 28-30.

14.  On December 26, 2006, plaintiff filed this Complaint.

Respectfully  submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WAYNE BRUNSILIUS,**          ) | |
|          ) | |
|        Plaintiff,    ) | |
|     v.          ) | Civil  Action  No. 06-2202 (RJL) |
|          ) | |
| **U.S. DEPARTMENT OF ENERGY,**   ) | |
|          ) | |
|        Defendant.   ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Defendant's Motion To Dismiss Or, In The

Alternative, For Summary Judgment, Supporting Memorandum, Statement of Material Facts,

Administrative Record, Declaration of Lisa Bressler, and Proposed Order, has been made by

mailing copies thereof, first class postage prepaid, addressed to:

WAYNE BRUNSILIUS, No. 65458
KITCARSON CORRECTIONAL FACILITY
Unit AB - 109
P.O. Box 2000
Burlington, CO 80807

on this 10th day of April, 2007.

                                           /s Sherease Louis
                                       SHEREASE LOUIS
                                       Special Assistant United States Attorney
                                       United States Attorney's Office
                                       Civil Division
                                       555 4th Street, N.W.,
                                       Washington, D.C. 20530
                                       (202) 307-0895

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WAYNE BRUNSILIUS,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | )      Civil  Action  No. 06-2202 (RJL) |
| | ) |
| **U.S. DEPARTMENT OF ENERGY,** | ) |
| | ) |
| Defendant. | ) |

<u>**ORDER**</u>

UPON CONSIDERATION of Defendant's Motion to Dismiss, or, alternatively for

Summary Judgment, plaintiff's Opposition thereto, if any, and the entire record herein, it is on

this _____day of _____ , 2007,

ORDERED, that the said motion should be and hereby is granted; and it is

FURTHER ORDERED that plaintiff's complaint be and hereby is dismissed.


_____                      _____

DATE                                                           PAUL L. FRIEDMAN
                                                                    UNITED STATES DISTRICT JUDGE


<u>Copies of this order to</u>:
WAYNE BRUNSILIUS, No. 65458
KITCARSON CORRECTIONAL FACILITY
Unit AB - 109
P.O. Box 2000
Burlington, CO 80807

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WAYNE BRUNSILIUS,                         )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )       Case No. 06-2202 RJL
                                         )
U.S. DEPARTMENT OF ENERGY, et al.,       )
                                         )
          Defendant.                     )
                                         )
—————————————————————————————————        )

## DECLARATION OF LISA BRESSLER

     I, Lisa Bressler, declare that the following statements are
true and correct to the best of my knowledge and belief, and are
based on my personal knowledge, or on information contained in the
records of the United States Department of Energy ("DOE").

1.   I am currently an employee of the United States Geological
Survey.  At the time of the determination of the Freedom of
Information Act (FOIA) Request which is the subject of this case, I
was a Freedom of Information Act/Privacy Act Specialist with the
United States Department of Energy (DOE) at the Rocky Flats Project
Office in Broomfield, Colorado.

2.   In my position with DOE, it was my responsibility to review the
FOIA request which was sent by Wayne Brunsilius to the Rocky Flats
Office of DOE on November 16, 2005 and was subsequently expanded.

3.   I have reviewed the correspondence attached to the complaint in this matter, including my letters of March 9, 2006 and April 25, 2006 and I attest to the fact that these are true and correct copies of the letters that I sent to Mr. Brunsilius on those dates.

4.   On November 16, 2005, and December 28, 2005, Wayne Brunsilius sent requests for medical, radiological and security records during the period of his employment at the Rocky Flats site, which was assigned control number PA06-001. I responded on January 11, 2006, explaining the time delay expected to be necessary to respond to his request and informed him how to obtain his security records. That request was processed as a Privacy Act request, for which there is no fee. The information was provided to him on January 3, 2007, signed by Marion Wilcox, who was at that time the Rocky Flats Privacy Act Officer.

5.   On December 27, 2005, Mr. Brunsilius submitted a request to the General Services Administration for information under the Freedom of Information Act, which was forwarded to our office on January 3, 2006 and received in our office on January 18, 2006. This request was for information regarding DOE's contract with E.M.C. Engineering and with Rockwell International; the names of any testing company or contractor which performed on-site testing for heavy metals and radiation encountered in manholes and other information regarding

this testing; the name of the plant colonel who was in charge of
Rocky Flats Nuclear Plant from May 1983 to 1985; all reports,
including contractors', lab and chemical reports controlled by
Rockwell International and DOE; all reports including the names of
people who worked at the Sewage Plant at Rocky Flats Nuclear Plant
from May 1983 to 1985; and reports of chemical testing and plant
reports required by the Colorado Department of Public Health for
this contract period.

6.    In a letter dated February 8, 2006, which was received in our
office on February 15, 2006, Mr. Brunsilius expanded the scope of
his original request to include copies of documents that showed
orders were given to keep secret (A) medical records, (B) radioactive
exposures and ©) known medical or public health hazards; copies of
documents, records and orders that will confirm the orders to keep
secret medical research; what was researched and the results, the
medical contractor and University and Laboratory contractors that
were used for (A), (B), and ©) above; and copies of the Discovery and
Environmental Contract completed through E.M.C. Engineering which
started on May 24, 1983. He further stated that he would like  the
test results to include Colorado State Health and Environmental
hazard material reports, doctors notes, memos, nurse notes,
toxicology reports, radiology reports, field testing reports,

3

doctors' names, hospitals, and medical contractors in operational
control of the Rocky Flats site during the Dow Chemical and Rockwell
International control of the plant.

7.    In my letter of March 9, I stated that Mr. Brunsilius' original
request for medical and radiological records during his employment
at Rocky Flats was being processed as a Privacy Act Request, without
a fee.  I further stated that his expanded request of February 8,
2006, however, would not be assigned for processing as a FOIA
request because it did not address the requirements of a proper FOIA
request as stated at 10 C.F.R. § 1004.4.  In particular, I observed
that the DOE regulation that implements the FOIA provides, at 10
C.F.R. §1004.4(e), that a request shall include (1) an assurance to
pay whatever fees will be assessed in accordance with 10 C.F.R.
§1004.9, (2) an assurance to pay those fees not exceeding some
specified dollar amount, or (3) a request for waiver or reduction of
fees.  I also noted that the regulation required that no request be
deemed to have been received until (1) some valid assurance of
willingness to bear fees anticipated to be associated with the
processing of the request, or (2) a specific request of a waiver or
reduction of fees had been stated. I observed that his letter did
not state a willingness to pay fees for the processing of the
request or a specific request for a waiver or reduction of fees.  I

4

therefore requested that Mr. Brunsilius submit to our office an
assurance to pay fees or an amount that he was willing to pay to
process the request, by March 27, 2006. I informed him that if our
office had not received the information from him by that date, the
office would consider his request withdrawn and no further action
would be taken.

8.    In my letter of March 9, 2006, I further explained that if Mr.
Brunsilius planned to request a waiver of fees, he should be aware
that the FOIA provides, at 10 C.F.R. §1004.9(a)(8), that "the DOE
will furnish documents without charge or at reduced charges if
disclosure of the information is in the public interest because (1)
it is likely to contribute significantly to public understanding of
the operations or activities of the government, and (2) disclosure
is not primarily in the commercial interest of the requester." I
also noted that DOE has implemented this statutory standard for fee
waivers or reduced fees in its FOIA regulation at 10 C.F.R.
§1004.9(a). This regulation, I informed Mr. Brunsilius, sets forth
the following factors that are considered by the agency in applying
the criteria: (1) The subject of the request: Whether the subject of
the requested records concerns "the operations or activities of the
government;" (2) The informative value of the information to be
disclosed: Whether the disclosure is "likely to contribute" to an

understanding of government operations or activities; (3) The contribution to an understanding by the general public of the subject likely to result from disclosure; (4) The significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities; (5) The existence and magnitude of a commercial interest: Whether the requester has a commercial interest that would be furthered by the requested disclosure; and, if so (6) The primary interest in disclosure: Whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."

9.   In my March 9, 2006 letter, I explained to Mr. Brunsilius that these criteria must be addressed in order for our office to make a determination to grant or deny the waiver or reduction of fees. I also informed him that, if he would like the Department to begin processing his request while a determination was being made, he should provide an assurance to pay fees in the event his request for a waiver was denied. I observed that the time estimated to review the approximately 800 boxes of potentially responsive material would be approximately 1000 hours, at a rate of $40 per hour. The time

6

estimated to review the information, if located would be 2000 hours at a rate of $100 per hour. The total would be an estimated cost of $240,000.00 for just the search and review, not including duplication costs, which would be billed at five cents a page. I suggested that if he would like to narrow the scope of his request to be more specific in order to reduce costs, it might make it more reasonable for our office to furnish a response to his request.

I also told him that, according to 10 C.F.R. 1004.9(b)(8)(I), if DOE estimates or determines that allowable charges that a requester may be required to pay are likely to exceed $250.00, the Department can require an advance payment of an amount up to the full estimated charges in the case of a requester with no history of payment. Therefore, since Mr. Brunsilius had no history of payment at the Department, he would be required to remit payment in the full amount in order for the request to be processed.

10. By letter of March 20, 2006, Mr. Brunsilius replied to my March 9, 2006 letter, saying that he had been a prisoner for fifteen years and had an income of five dollars per month, but although he was "legally indigent" he was willing to make payment "subject to his indigency." He then requested a waiver of fees or reduced fees. He asserted that he had a legal need for these records for court use, in connection with his claim that he had been poisoned by

7

mercury and other heavy metals and radiation while working at the Rocky Flats Plant. He asserted that the information he requested would contribute to better understanding and assist people similarly situated, who had worked at the Rocky Flats Plant. He also alleged that the information would contribute "to an understanding by the general public of worker safety, health care and the known hazards in the work environment."

11.  In my letter of April 25, 2006, I referred to Mr. Brunsilius' letter of March 20, 2006, in which he requested the waiver of fees, and I stated that Mr. Brunsilius had not satisfied the two requirements for fee waiver. I explained that Mr. Brunsilius had not demonstrated that the informative value of the requested documents would contribute significantly to the public understanding of government operations or activities. I observed that the general public would not benefit and the documents would be uninformative. In addition, I explained that DOE had been unable to determine that he had the necessary expertise in the subject area, ability and intention to disseminate the information to the general public. I asserted that Mr. Brunsilius had not addressed the basic requirements mandated for a fee waiver to be granted. Since Mr. Brunsilius had not agreed to pay the required fees, I stated that the request would be closed.

8

9

In accordance with 28 U.S.C. § 1746, I declare under penalty of
perjury that the foregoing is true and correct to the best of my
knowledge.

4-9-07
_____
Date

_____
Lisa Bressler
United States Geological Survey

9