## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WAYNE BRUNSILIUS,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀**Plaintiff,**⠀⠀⠀)
⠀⠀⠀⠀⠀⠀**v.**⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀**Civil Action No. 06-2202 (RJL)**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
U.S. DEPARTMENT OF ENERGY,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀**Defendant.**⠀⠀)

## NOTICE OF FILING

Federal defendant hereby provides notice of the filing of the attached Administrative Record in this case, which relates to the exhibits referenced in Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment, filed on April 10, 2007.

Respectfully submitted,

⠀⠀⠀Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

⠀⠀⠀Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

⠀⠀⠀s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

Page              <u>Index of the Administrative Record</u>

01.     Letter from Wayne Brunsilius to Lisa Bressler, Department of Energy, Rocky Flats Project, dated November 16, 2005.

02.     Letter from Wayne Brunsilius to Ms. Chubb, U.S. General Services Administration, dated December 27, 2005.

04.     Letter from Wayne Brunsilius to Lisa Bressler, Re: Rocky Flats Nuclear Plant, 2nd Request, dated December 28, 2005.

05.     Letter from Pennie Estrada, Regional Freedom of Information Act Officer, General Services Administration, dated January 3, 2006.

06.     Letter from Lisa Bressler, Freedom of Information Act/ Privacy Act Specialist, to Andrea Wilson, Litigation Support and Administrative Services, Source One Management, Inc., dated January 11, 2006.

07.     Letter from Lisa Bressler to Wayne Brunsilius, dated January 11, 2006.

08.     Letter from Lisa Bressler to Andrea Wilson, dated January 18, 2006.

09.     Letter from Wayne Brunsilius to Lisa Bressler, dated January 19, 2006.

10.     Letter from Lisa Bressler to Wayne Brunsilius, dated February 2, 2006.

11.     Letter from Wayne Brunsilius to Lisa Bressler, dated February 8, 2006.

12.     Letter from Wayne Brunsilius to Lisa Bressler, dated February 28, 2006.

13.     Letter from Lisa Bressler to Wayne Brunsilius, dated March 9, 2006.

16.     Letter from Wayne Brunsilius to Lisa Bressler, dated March 20, 2006.

19.     Letter from Lisa Bressler to Wayne Brunsilius, dated April 25, 2006.

21.     Letter from Wayne Brunsilius to U.S. Department of Energy Office of Hearings and Appeals, dated May 17, 2006.

24.     Letter from Robert Palmer, Staff Attorney, Office of Hearings and Appeals to Wayne Brunsilius, dated June 7, 2006.

25.     Letter from Wayne Brunsilius to Robert Palmer, dated June 21, 2006.

28.     Letter and attached decision from George Breznay, Director, Office of Hearings and Appeals, dated November 15, 2006.

31.    Letter from Marian Wilcox, Department of Energy, Privacy Act Officer to Wayne Brunsilius, dated January 3, 2007.

U.S. Department of Energy                                    November 16, 2005
Rocky Flats Project
7101 Airport Way
Broomfield, Colorado 80021

RE: Medical records, radiological, and security clearance records

Attention Lisa Pressler,

I am requesting this record request for medical records, radiological and
security records for myself having worked at the Rocky Flats plant and suffered
heavy metals poisoning.

My name is Wayne Charles Brunsilius, Social Security Number 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,
Date of birth 5/24/41 be sent to the following address. be sent to Sterling
Correctional Facility, P.O. Box 6000, 12101 Hwy 61, Sterling, colorado 80751

I have had a difficult time finding the proper information to make this
request for the environmental damages sustained because of my position and con-
dition, or severity of health that prevented me from an active search for records.

Any further information you can provide me would be appreciated concerning
where to get records concerning the testing team who implemented the testing in
support of the project we completed for the U.S. Depart of energy, and the colonel's
name in charge of the plant in the period of time from 1981 to 1983, who worked
with the  engineering contractor, emc Engineering, who worked for Rockwell Inter-
national. If you have the names of such people please provide the address if you
would or can, as I can not secure the information from my office.

I thank you for any and all your assistance and information in support of
search.

Respectfully Submitted,

Wayne C. Brunsilius, Reg. # 65458, Unit 31
12101 Hwy 61, P.O. Box 6000
sterling, Colorado 80751

JAN 0 9 2006

A.R. 01

U.S. General Services Administration           Dec 27, 2005
Federal Center
P.O. Box 25546
Denver, Colorado 80225-0546
Att: Shelly Clubb

GSA-PBS (8 PDD)
DEC 29 2005
DFC- SERVICE CENTER

JAN 1 2 2006

Re: Rocky Flats Contractors Names,
     Discovery Contract - E.M.C Engineering

Dear Ms Clubb,
     I worked at The Rocky Flats Nuclear plant starting
May 24, 1983, Working Through E.M.C Engineering, who
contracted for discovery and environmental damages with
Rockwell International. This discovery investigation was
of The, and is The Sewerage System.
     The company I worked for was Brunsolite Const.
Co. Inc., who worked Through J. W. Williams and associates,
who had The Contract with E.M.Q. Engineering.
     I am Requesting on the about contract information to
include The following.
          1) The Contract number for E.M.C. Engineering and
The Contract Name and number of The Department of Energy
with Rockwell International.
          2) The Laboratory or Testing company or contractor, and
Contract number, who performed all on site testing for
influences, Heavy metals and radiation encountered in Field
manholes, where samples were taken, and included for
                                              prior to
          FXCCCCCCC :                          Vehicle

                                    RF 06-002

ambient Air, and chemical tests, to include the names of Technicians, Chemists, doctors, All Reports, Lab Reports, memos, Doctor notes, Radiology Reports, Toxicology Reports, The name of the Contractors, addresses, That resulted For all tests complete on side and by laboratory, From these mouth's.

3) The Name, Address of The Plant Colonel, who was in charge of Rocky Flats Nuclear plant in may 1983 to 1985.

4) All Reports, Contractors, Lab and Chemical Reports held by and controled by Rockwell International and U.S. Department of Energy, pursuant to This discovery contract.

5) any and all Reports, The names of people who worked at the sewerage plant in may 1983-1985 at the Rocky Flats nuclear plant, to include chemical testing, for Heavy metals, Radiation levels of the influence, debris, gravel, ambient air, water, to include the name of the laboratory, tests, Reports, notes, memos, toxicology Reports and Plant Reports Required by the Colorado Department of Public Health for This Contract Period.

Respectfully submitted,

Wayne C. Bruinton

[Wayne C. Bruinton] Reg # 65468, Unit 3I
12101 Hwy 61, P.O. Box 6000
Sterling, Colorado 80751

A.R. 03

US DEPARTMENT OF ENERGY                    DECEMBER 28, 2005
ROCKY FLATS PROJECT OFFICE
12101 AIRPORT WAY
BROOMFIELD, CO 80021

RE: ROCKY FLATS NUCLEAR PLANT          2ND REQUEST

DEAR LISA BRESSLER,

ON NOVEMBER 16, 2005, I MADE REQUEST FOR MEDICAL RECORDS, RADIOLOGY TESTING RECORDS TO INCLUDE RADIO-ISOTOPE TEST RESULTS COMPLETED ON SITE IN 1983, SECURITY RECORDS, DOSIMETER BADGE NUMBER, AND RESULTS AND ALL MEDICAL MEMO'S, DOCTOR NOTES, X-RAYS, NURSES NOTES, LAB REPORTS, TOXICOLOGY REPORTS FOR WAYNE C. BRUNSILIUS.

THE STARTING DATE OF PROJECT WAS MAY 24, 1983. I AM ALSO REQUESTING INFORMATION ON HOW TO FILE THE CLAIM. (2) WHERE AND WHO TO SET UP MEDICAL EXAM. (3) WHERE TO GET CONTRACTOR INFORMATION (4) AND WHO TO CONTACT TO FILE THIS CLAIM.

CAN YOU ALSO ADVISE ME AS TO WHAT IS NEEDED TO ASSIST YOU?, BEING THE DELAY SINCE NOVEMBER 16, 2005 HAS PROVIDED NO RESPONSE.

SINCERELY,                              JAN 1 1 2006

WAYNE C. BRUNSILIUS                     PA 06-001
REG # 65458   UNIT 31
12101 HWY 61, P.O. BOX 6000
STERLING, COLORADO  80751

A.R. 04

01/17/2006  09:57  303236‾‾52                                PAGE  02



U.S. General Services Administration

January 3, 2006

Mr. Wayne Brunsilius
Register No. 65458
Unit 31
12101 Hwy. 61
Box Number 6006
Sterling, Colorado 80751

Dear Mr. Brunsilius:

This letter is in response to your Freedom of Information Act request dated December 27, 2005, requesting information on activities conducted by Rockwell International and associated subcontractors at the Rocky Flats Nuclear Plant.

The General Services Administration does not have records pertaining to your FOIA request. We are forwarding your request to:

> Mr. Abel Lopez
> FOIA Officer
> U.S. Department of Energy
> 1000 Independence Ave., S.W.
> Washington, DC 20585

Mr. Lopez can be reached on 202-586-5955.

If you need any further assistance, please feel free to contact me at 303-236-7406.

Sincerely,

*Pennie Estrada*
Pennie Estrada
Regional Freedom of Information Act Officer

cc: Mr. Abel Lopez

Rocky Mountain Region
Public Buildings Service
Business Service Center
Building 41, Room 234
Denver Federal Center
Denver, CO  80225-0006 USA
www.rmrbsc.gsa.gov

A.R. 05

DOE F 1325.8

United States Government

**Department of Energy**

# memorandum

**Rocky Flats Project Office**

DATE: January 11, 2006

REPLY TO
ATTN OF: OLS:LAB

SUBJECT: Privacy Act Request Medical Records and/or Other Information, PA06-001

TO: Andrea Wilson, Manager
Litigation Support and Administrative Services
Source One Management, Inc.

The Department of Energy's Rocky Flats Project Office (RFPO) has received a Privacy Act request from Mr. Wayne Brunsilius for a copy of his medical, radiological and numerous other records during his employment at Rocky Flats.

Please advise me if you have any records that are responsive to this request as well as the availability of this data. Identify which portions, if any, you believe should be exempt from disclosure along with the rationale for the exemption. Notify me immediately if you do not have records responsive to this request.

If this request is extensive and will require additional time please advise me of your estimate time and a specific completion date for this request. I would appreciate your response no later than eight (8) days after receipt of this memorandum, in order for RFPO to respond within the legal time constraints. Please enclose copies of the requested records with your response, unless there is some unusual difficulty in locating them.

If you have any questions concerning this request contact me at ext. 2322. Please refer to PA No. 06-001 in your response.

Original Signed By

Lisa A. Bressler
Freedom of Information Act/
Privacy Act Specialist

Attachment

JAN 1 1 2006

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Colorado Department of Corrections
Wayne Brunsilius
Reg. #65458, Unit 31
12101 Hwy. 61
Sterling, CO 80751

Dear Mr. Brunsilius;

This letter is in response to your November 16 and December 28, 2005, Privacy Act requests in which you are seeking a copy of your medical and radiological records during your employment at Rocky Flats. Your request has been placed in queue with all other requests. Due to the inordinate amount of requests, i do not expect to be able to complete yours for approximately 6 – 9 months.

Regarding your security records, they can be obtained from:
Ms. Terry L. Martin-Apodaca
Privacy Act Officer
NNSA Service Center
Office of Public Affairs
P. O. Box 5400
Albuquerque, NM 87185-5400

In your request, please advise that you are requesting your security records pursuant to the Privacy Act of 1974 and describe the records being sought as clearly as possible. If you are a former employee, for example, providing the dates of your employment would be helpful in locating records. Other information that would be helpful in locating records would be your full name, your birth date, your social security number, and address. Sign your request and you will need to establish your identity by including with your request, a photocopy of two identifying documents bearing your name and signature, one of which shall bear your current address and date of birth.

We will attempt to find the additional information that you are seeking and will notify you of the results of our efforts when we supply your medical and radiological records. Please notify me if for any reason your present address changes. If you have any questions concerning the handling of this request, please contact me at (303) 966-2322 or the above address and refer to Control Number PA06-001.

Sincerely,

Original Signed By

Lisa A. Bressler
Freedom of Information Act/
Privacy Act Specialist

A.R. 07

DOE F 1325.8

United States Government

**Department of Energy**

**Rocky Flats Project Office**

# memorandum

DATE:   January 18, 2006

REPLY TO
ATTN OF:   OLS:LAB

SUBJECT:   Freedom of Information Act (FOIA) Request No. RF06-002

TO:   Andrea Wilson, Manager
Litigation Support and Administrative Services
Source One Management, Inc.

Attached is a request for records submitted to the Rocky Flats Project Office (RFFO)
pursuant to the FOIA.

Please advise me if you have any records that are responsive to this request, as well as,
the availability of this data. Identify which portions, if any, you believe should be
exempt from disclosure, along with the rationale for the exemption. Notify me
immediately, if you do not have records responsive to this request. I will consult with
the Office of Chief Counsel before any records are released.

If this request is extensive and will require additional time please advise me of your
estimate of the total staff time (including professional and clerical), other processing
estimates (searching, reproducing, etc.), and a specific completion date for this request. I
would appreciate your response no later than 15 days after receipt of this memorandum,
in order for RFFO to respond within the legal time constraints. Please enclose copies of
the requested records with your response, unless there is some unusual difficulty in
locating them.

If you have any questions concerning this request, contact me at ext. 2322. Please refer
to FOIA No. RF06-002 in your response.

Lisa A. Bressler
Freedom of Information Act/
Privacy Act Specialist

Attachment

United States Department of Energy
Rocky Flats Project Office
12101 Airport Way, Unit A
Broomfield, Colorado 30021-2583

Jan 19, 2006

Re: Certified Mail - Jan 11, 2006
        PA 06-001  Control Number
Dear Lisa A. Bressler,

        In receipt of your "Certified Mail with Return Receipt
Requested", was delivered to me, signed by another, and
opened by others in violation of Federal Postal Laws, and
Privacy Act, 5 U.S.C, Subsection 552 and 552a.

        I can not confirm what information you provided. Please
Provide me with a Photo-Copy of Signed Return Receipt by
others in violation of my Rights to Privacy to my Records.

        Also, Please note on all Envelopes, "Legal mail", to aid
in preventing the Conspiracy against my Rights, by mail
Fraud, and Judicial impedance by the State.

        Allow this Letter serve as a formal and constructive
notice of mail Fraud, and Cruel and unusal punishment,
having no Legitimate Criminal Charges against me.

        I appreciate any and all help you can provide me.
Sincerely,

Wayne C. Brunsilius            UCC 1-207
Wayne C. Brunsilius, Reg# 65458, Unit 31
P.O. Box 6000
Sterling, Colorado 80751

JAN 2 4 2006

A.R. 09

FEB 0 2 2006

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Colorado Department of Corrections
Wayne Brunsilius
Reg. #65458, Unit 31
12101 Hwy. 61
Sterling, CO 80751

Dear Mr. Brunsilius;

This letter is in response to your January 19, 2006, Privacy Act request in which you are seeking a copy of the signed return receipt. I have enclosed that copy for your files.

Regarding your request that I note on all envelopes, "Legal Mail", I am unable to perform this action as I am not a lawyer, affiliated with any legal organization, nor representing any law firm.

If you have any questions concerning the handling of this request, please contact me at (303) 966-2322 or the above address and refer to Control Number PA06-001.

                                    Sincerely,

                                    **ORIGINAL SIGNED BY**


                                    Lisa A. Bressler
                                    Freedom of Information Act/
                                    Privacy Act Specialist


Enclosure

A.R. 10

United States Department of Energy
Rocky Flats Office]

February 8, 2006

12101 Airport Way Unit A
Broomfiled, Colorado 80021-2583

Re: Control Number RF06-002

Dear Lisa Bressler,
        Pursuant to the Freedom of Information Act, 5 U.S.C., Subsection 552, and
the Privacy Act 5 U.S.C. § 552a, I am requesting access to the following ?
        1). Pursuant to the Federal Law suite now pending in the 10th. Federal
court concerning " Land Contamination", now before Federal District Judge John
Kane. I am requesting copies of documents that showed orders were given to Keep
Secret (A) Medical Records, (B) Radioactive Exposures, ,(C) Known medical or
public health hazards.
        (A) I am requesting copies of documents, records and orders that will con-
firm the orders to keep secret, medical research, what was researched, what the
results and effects the radiation and heavy metals poisoning and results. I am
also rquesting the medical contractor, University, and Laboratory contractors
that were used between 1970 and 1989 for the above stated requests, for the
three stated above.
        (2) I am also requesting copies ofthe Discovery and Environmental Contract
completed through E.M.C. Engineering which started on May 24, 1983. E.M.C. Engin-
eering had subcontracted with J.W. Williams, who performed the on site work. In
addit:ion to the operational team was a testing team who took samples, completed
laboratory: testing, conducted ambient air, tests, and conducted all radiative
monitoring, to include the geiger counter testing. The operations team encounter-
ed radioative conditions so severe that two geiger counters could not records
the levels. The testing team: also revealed the encountering of severe heavy metals
to include mercury, lead, arsenic, cadmium, manganese the companion metals of
Uranium. These test were conducted in the sewerage system.
        In both Item I and 2 of this letter I am rquesting the testing, completed
to include Colorado State Health and Environmetnal hazards material reports, Lab-
ortory reports, Doctors notes, memos, nurse notes, toxicology reports, radiology
reports, field testing reports, doctorss names, hospitals, medical contractors
in operational control of the Rocky Flats inoperational control at the Rocky Flats
site during the Dow  Chemical and Rockwell International control of the plant.
        I am also requesting the reports created by Dow Chemical and Rockwell In
ternational pursuant to the Discovery Contract completed in 1983, and for the
orders given to keep secret, Medical records, radioactive exposures, and known
medical health hazards.  Please provide all orders from any person, dates and
any an all certified documents.                                06  2202
        This information and records requested are conducted by the "Willing Prayer"
pursuant to the order, "do not contest."
        If you deny any part of this request, Please cite each specific exemption
you think justifies the refusal to release the information and notify me of
appeal procedures available under the law. This information for production of
documents andrecords were requested by and used by Attortneys Luise Roselle of
Cincinnati, Ohio, and Merrill Davidoff of Phiadelphia in representation of the
Land contamination suite presented in Feral Court. Thus making this informaton
public.

                                                              FILED
        I thank you for all your assistance and cooperation
                                                            DEC 2 6 2006
Sincerely, Wayne Brunsilius          Wayne Brunsilius, Reg, # 65458 Unit 31
                                     12101 Hwy 61, P.O. Box 6000
                                     Sterling, Colorado 80751      NANCY MAYER WHITTINGTON, CLERK
                                                                        U.S. DISTRICT COURT

United States Department of Energy                          February 28, 2006
Rocky Flats Office
12101 Airport Way, Unit A
Broomfield, Colorado 80021-2583


Re: Control Number RF06-002


Dear Lisa Bressler,

        Pursuant to the Following letter sent to your office  on February 10,
2006, requesting additional information subject to the following request is now
requested by certified mailing to insure  your receipt of this request, and
should there be any questions regarding this request, please address them to
me in short form that we may consider the request on a timely basis.

        The enclosed request includes records used in federal court, now settled
as stated for damages.  I want to thank you for presenting me with photo-copy
of the certified mailing from your office, signed by others. As now stated,
the problems should be resolved with the mailing of certified mail from your
office.

        Please keep me informed ... as to the information requested. I appreciate
any and all your help you have provided me. I am sure that the medical infor-
mation is certified, and that the file will be sealed, to prevent others from
seeking or gaining access to this file without my express written permission,
from me, as per this declaration.

        I do hope this legal request does not place undue burdon on your office.


Respectfully Requested,

Wayne Brunsilius Reg. 65458 Unit 31
12101 Hwy 61, P.O. Box 6000
Sterling, Colorado 80751


        MAR 0 7 2006



**Department of Energy**

ROCKY FLATS PROJECT OFFICE
12101 AIRPORT WAY, UNIT A
BROOMFIELD, COLORADO 80021-2583

**MAR 0 9 2006**

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Colorado Department of Corrections
Wayne Brunsilius
Reg. #65458, Unit 31
12101 Hwy. 61
Sterling, CO 80751

Dear Mr. Brunsilius;

This is in further response to your request for information dated December 27, 2005, that was received in our office on January 18, 2006. You submitted the request under the Freedom of Information Act (FOIA), 5 U.S.C. 552. You asked for the following:

1. Contract number for E.M.C. Engineering and the contract name and number of the Department of Energy (DOE) contract with Rockwell International.
2. The laboratory or testing company or contractor and contract number who performed all on site testing for influences, heavy metals and radiation encountered in manholes, where samples were taken, and included ambient air and chemical tests, to include the names of technicians, chemists, doctors, all reports, lab reports, memos, doctor notes, radiology reports, and toxicology reports. The name of the contractors' addresses that resulted for all tests completed on site by the laboratory from these methods.
3. The name and address of the plant colonel who was in charge of Rocky Flats Nuclear Plant in May 1983 to 1985.
4. All reports, contractors, lab and chemical reports held by and controlled by Rockwell International and US DOE pursuant to this discovery contract.
5. Any and all reports, the names of people who worked at the Sewage Plant in May 1983 to 1985 at the Rocky Flats Nuclear Plant, to include chemical testing for heavy metals, radiation levels of the influence, debris, ground, ambient air, water, to include the name of the laboratory, tests, reports, notes, memos, toxicology reports and plant reports required by the Colorado Department of Public Health for this contract period.

Subsequently, in a letter dated February 8, 2006, which was received in this office on February 15, 2006, you expanded the scope of your original request to include:

(1) Copies of documents that showed orders were given to keep secret (A) medical records, (B) radioactive Exposures (C) known medical or public health hazards.
(A) Copies of documents, records and orders that will confirm the orders to keep secret, medical research, what was researched, what the results and effects the radiation and heavy metals poisoning, also the medical contractor, University, and Laboratory contractors that were used between 1970 and 1989 for the above stated requests for (A), (B), and (C) above.
(2) Copies of the Discovery and Environmental Contract completed through E.M.C. Engineering which started May 24, 1983.

A.R. 13

Brunsilius                              2

You stated that in items (1) and (2) of this letter you would like the test results completed to include Colorado State Health and Environmental hazard material reports, laboratory reports, doctors notes, memos, nurse notes, toxicology reports, radiology reports, field testing reports, doctors names, hospitals, medical contractors in operational control of the Rocky Flats site during the Dow Chemical and Rockwell International control of the plant.

The request and its addendum have not been controlled as a FOIA request and assigned to an office to process because it does not address the requirements of a proper FOIA request as stated at Title 10, Code of Federal Regulations (CFR), Section 1004.4.

The DOE regulation that implements the FOIA provides at 10 CFR 1004.4(e), that a request shall include (1) an assurance to pay whatever fees will be assessed in accordance with 10 CFR 1004.9, (2) an assurance to pay those fees not exceeding some specified dollar amount, or (3) a request for a waiver or reduction of fees. The regulation further states that no request will be deemed to have been received until (1) some valid assurance of willingness to bear fees anticipated to be associated with the processing of the request, or (2) a specific request of a waiver or reduction of fees has been stated.

Your letter did not state a willingness to pay fees. Please submit in writing to this office your assurance to pay fees or an amount you are willing to pay to process the request. You should provide this statement to this office by March 27, 2006. If we have not received the information from you by this date, we will consider your request withdrawn and no further action will be taken.

If you plan to request a waiver of fees, the FOIA provides, at 10 CFR 1004.9(a)(8), that "the DOE will furnish documents without charge or at reduced charges if disclosure of the information is in the public interest because (1) it is likely to contribute significantly to public understanding of the operations or activities of the government, and (2) disclosure is not primarily in the commercial interest of the requester."

The DOE has implemented this statutory standard for fee waivers or reduced fees in its FOIA regulation at 10 CFR 1004.9(a). The regulation sets forth the following factors that are considered by the agency in applying the criteria:

(1)     The subject of the request: Whether the subject of the requested records concerns "the operations or activities of the government;"

(2)     The informative value of the information to be disclosed: Whether the disclosure is "likely to contribute" to an understanding of government operations or activities;

(3)     The contribution to an understanding by the general public of the subject likely to result from disclosure;

(4)     The significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities;

A.R. 14

Brunsilius                                    3

(5)    The existence and magnitude of a commercial interest: Whether the requester has a
       commercial interest that would be furthered by the requested disclosure; and, if so

(6)    The primary interest in disclosure: Whether the magnitude of the identified commercial
       interest of the requester is sufficiently large, in comparison with the public interest in
       disclosure, that disclosure is "primarily in the commercial interest of the requester."

This criteria must be addressed in order for this office to make a determination to grant or deny
the waiver or reduction of fees.  In addition, if you would like the Department to begin
processing of your request while a determination is being made, please provide an assurance to
pay fees in the event your request for a waiver is denied.

For your information, the request as written encompasses basically all documents that the agency
retained on the Land Contamination case.  This consists of approximately 800 boxes of material.
We estimate that it would take approximately 1000 hours to search these boxes for the
responsive information.  The search time would be at a rate of $40.00 per hour.  We have
estimated that it would take approximately 2000 hours to review the information if located.  The
review would be at a rate of $100.00 per hour.

This amounts to an initial estimated cost of $240,000.00 for just the search and review.  This
does not include duplication costs which would be billed at five cents per page.

If you would like to narrow the scope of your request to more specific in order to reduce costs
make your request more reasonable for us to respond to

In accordance with 10 CFR 1004.9(a)(7) if the DOE determines or estimates that the fees to be
assessed under this section may amount to more than $25.00, the requester will be informed of
the estimated amount of fees.  Further, at 10 CFR 1004.9(b)(8)(i) if the DOE estimates or
determines that allowable charges that a requester may be required to pay are likely to exceed
$250.00 the Department can require an advance payment of an amount up to the full estimated
charges in the case of a requester with no history of payment.

Since you have no history of payment at the Department you would be required to remit payment
in the full amount of the estimate in order for the request to be processed.

If you have any questions concerning your request, please contact me at (303) 966-2322 and
refer to Control No. RF06-002.

                                    Sincerely,

                                    Lisa Bressler
                                    Freedom of Information Act/
                                    Privacy Act Specialist

U.S. Department of Energy                    March 20, 2006
Rocky Flats Project Office
12101 Airport Way, Unit A
Broomfield, Colorado 80021-2483

Re: March 9, 2006 Certified Mail - Control Number RF06-002
    for clarification of request
    for medical records (first)

Dear Lisa Bresslet,

      I received your certified letter of March 9, 2006 on March 10, 2006 With
March 27, 2006 as deadline for statment of clarification for request of infor-
mation.
      As per your letter as stated above please be informed that mail fraud has
been committed against the person confirmed by your verification of receipt of
December 27, 2005 letter by your office on January 18, 2006. Also be informed
that this person has sent certified mail to your office and as of this date has
not received return receipt. This federal violation has been reported to Post —
Master and under investigation at this time. Please be patient with the legality.
   1). Pursuant to your request for clarification. My original request was for
medical records, radiology tests, doctors notes, nurses notes, memos, relating
to my medical records.  This is my first need and request made under the Freedom
of Information Act, 5 U.S.C. Subsection 552, and the privacy Act 5 U.S.C. § 552a.
      I have been imprisoned for 15 years and make $5.00 dollars a month but al
though I am legally indigent, I am willing to make payment subject to my indig-
ency. Also please be advised that the State of Colorado has informed knowledge
and confirmation upon conviction that this person was severely poisoned with mercury
and radiation, suffering from endometriosis, peritonitis, bacterial meningitis,
kidney failure, and total loss of all nerves resulting from the mercury and other
companion heavy metals from work at the Rocky Flats Nuclear Plant, and has in
fact kidnapped and held hostage to suppress and conceal, obstruction of justice,
and fraud on the people who worked at the Rocky Flats Nuclear Plant, such as my-
self and others.
   2). This person now request a wavier of fees or reduced fees in regulation 10
CFR 1004.9(a).
      A. This person has legal need of these records for court use, being severely
poisoned from mercury and other heavy metals and radiation working at the Rocky
Flats Plant, and Radiation exposure, and other damages that this request is made
for claim created by the U.S. Congress under Title 42, Chapter 84, Subsection
XVI, Part A.
      B). That the information will contribute to better understanding
and assist people similarly situated having worked at the plant, named Rocky Flats
the way the State of Colorado has prevented and denied all medical diagnosis
and treatment under duress, or by threats to conceal material evidence and medical
personel in the performance of their duty.
      C). The contribution to an understanding by the general public of subjects
covering worker safety, health care, and the known hazards in the work environment,
where a violation of the Privacy Act, 5 U.S.C. §552a(e)(5) and(g)(1)(c) and by
failure to keep accurate records, and Section 552(g)(d) and (g)(1)(A) by failing
to amend inaccurate files by the state of Colorado, and other named and unnamed,
      IN Strong v. United States Arms,control and disarmament agency, 275, App.D.C.
37, 864 F.2d 859(D.C. Cir. 1989) Typical Privacy Act" Case . (1) Used errenous

-1-

A.R. 16

U.S. Department of Energy
March 20, 2006
Page 2

reports in denying medical care (2) made decisions adverse to security classific-
ation jobs, and Section (g)(4) of the Privacy Act, 5 U.S.C. §552a(g)(1)(c), provides
that action brough under (g)(1)(c) in what the court determines that the agency
acted in a manner which was "intentional" or "Willful". the United States shall be
liable for actual damages sustained by the individual.

The request has the existence and magnitude of a commercial interest in deal-
ing with the medical profession and agency's that have retained and bound them in
their performance of their duty to the public and interest to the private sector
of citizens attached, related or connected in like manner or resulting from con-
ditions resulting from the stated, controls and violations so stated.

IN conclusion, the interest resulting from this requested information, now
public from the damages resulting from the "Land Contamination" case in federal
court, is sufficiently large, in the abuse of State power and authority, and the
violation of the Oath of Office to uphold the U.S. Constitutional rights now dep
prived from the sovereign citizen, such as myself, and others simarly situated
having worked at the Rocky Flats Nuclear Plant.

As a results of this request for a waiver of fees, that this sovereign citizen
acting in conjunction and with advocacy present this request and would like the
department to begin processing this request while a determination is being made,
and in light of my willing to pay or make payment, and due to my indigency, that
this request for Waiver and information is requested.

Pursuant to the Mail Fraud, and "Obstruction of Justice" employeed by the
State of Colorado, and in light of the fact that this person was employeed and
contracted by the U.S. Department of Defense to work on the Rocky Flats Nuclear
Plant, for "Discovery and Environmental Investigation" Project began in May 24,
1983 for the investigation or Enviromental Crimes that the Defense Department
should be informed and responsible for fees and investigation of files in poss-
ession of the Rocky Flats Office.

Please be formally informed by this letter that the first step of this re-
quest is for medical files and radiology testing completed at the Rocky Flats
Nuclear Plant on or about May 24, 1983 and there after.

The Second phase of this request will be completed subject to waiver of fees
or coverage of fees by advocacy and or the U.S. Department of Defense, in light of
the indigency of this person making this request.

Please be also informed that due to security and classification of secrecy
revealed and confirmed in the "Land Contamination case" in federal court to keep
secret medical files, and records (b) radioactive exposures, (c) known medical and
public health hazards, was employeed by the U.S. Department of Defense, that the
information was not collectively directed in previously made requests, but was
provided to your office to aid and assist in the (1) first phase of this request
to find this persons, Wayne Brunsilius's medical files and records.

Please also be informed that when the files and records are found that this
person also request that the F.B.I. or Federal Marshall be employeed to deliver
those records to this person at the stated address below, due to the State of
Colorado judicial impedence and obstruction of justice and fraud, misrepresent-
ation, and treason against the U.S. Constitution.

This request is made with the assurance to pay whatever fees will be assess-
ed in accordance with 10 CFR 1004.9 and that such fees be waived pursuant to the
above stated request, subject to my indigency, and the willingness to bear fees
in attachment to violations of the Privacy Act so stated above by both the State
of Colorado and Federal Agencies as stated, named and unnamed.

-2-

A.R. 17

U.S. Department of Energy
March 20, 2006
Page 3

As per your request for full amount of the estimate of $240.000.00 thousand dollars, and that such request would prejudice the violation of the Privacy Act violations so stated, in an by actionss or inactions to prevent such release of material evidence, adding to the bias, prejudice and discrimination of the State of Colorado, inlight of the indigency of this person requesting this information.

In Consideration of due process of law and by the facts of this letter so presented for clarification of information, that this person as stated request a waiver of fees and and began the search of medical files and records, and when the second phase of this request is requested, perhaps a better workability can be esbblished to enable your office to narrow the scope of my request, and be more specific in order to reduce costs making this second phase more reasonable for you to respond to.

This requestor assumed that subject to the information presented in federal court in the land Contamination case that the 800 boxes of files were organized resulting from past request made by attorneys for the "Land Contamination case." Please forgive my over sight in assumeing that fact.

Again, please be informed that this person has been the subject of mail fraud, and constitutional deprivation of rights to p revent the publicsfrom realizing the hazards and health or medical hazards, or allow the use of mercury poisoning in the conts of colorado.

Respectfully Requested,

_Wayne Brunsilius_   ucc 1-207

Wayne Brunsilius, Reg. # 65458, Unit 31
P.O. Box 6000, 12101 Hwy 61,
Sterling, Colorado 80751

The above signed declarant Wayne Brunsilius, is declarant, does here, swear, attest, affirm, declare under Oath under the penalty of perjury, that the contents herein are true, correct, and certain, not misleading and the truth, the whole truth and nothing but the truth as per the best of the declarant's know-ledge and informed belief.

The foregoing INstrument was acknowledged before me 2 | day of March, 2006 by Wayne Brunsilius in the County of Logan, State of Colorado.

My Commission expires  8/8/09

—3—

Notary Republic

Kenneth D. Thompson, Notary Public
State of Colorado
My Commission Expires 8/8/09



**Department of Energy**

ROCKY FLATS PROJECT OFFICE
12101 AIRPORT WAY, UNIT A
BROOMFIELD, COLORADO 80021-2583

**APR 2 5 2006**

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Colorado Department of Corrections
Wayne Brunsilius
Reg. #65458, Unit 31
P. O. Box 6000, 12101 Hwy. 61
Sterling, CO 80751

Dear Mr. Brunsilius;

Please refer to your November 16, 2005 Freedom of Information Act (FOIA) request; my March 9, 2006 letter requesting additional information for a fee waiver determination; and your March 20, 2006 response letter.

Your original request dated November 16, 2005 was for medical and radiological records during your employment at Rocky Flats. That request is being processed as a Privacy Act of 1974 request and was assigned control number PA06-001. This request is in process and there will be no charge for these records.

In accordance with 10 Code of Federal Regulations (CFR), Section 1004.9(a)(8), the Department of Energy (DOE) may furnish documents without charge if disclosure of information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and disclosure of the information is not primarily in the commercial interest of the requester.

In your March 20, 2006 letter, you requested that all fees be waived. 10 CFR Section 1004.9(a)(8) sets forth two basic requirements, both of which must be satisfied before fees will be waived or reduced. After review, I have determined that a waiver of fees cannot be granted. This decision is based on the fact that the informative value of the requested documents would not contribute significantly to the public understanding of government operations or activities. The general public would not benefit and the documents would be uninformative. Moreover, we have been unable to determine whether you have the necessary expertise in the subject area, ability and intention to disseminate the information to the general public and furthermore, you have not addressed the basic requirements mandated for a fee waiver to be granted.

Pursuant to 10 CFR, Section 1004.9(b)(4), you are considered to be in the "All Other Requesters" category. In this category, the DOE fee guidelines allow the first 100 pages of reproduction and first two hours of search time to be furnished without charge. The requestor is responsible for narrowing the scope of the request; therefore, since you have not agreed to pay fees, this request, Control Number RF06-002 is hereby closed.

A.R. 19

Brunsilius                              2

The adequacy of the Rocky Flats Project Office's decision may be appealed to the Director of the Office of Hearings and Appeals, HG-1, U.S. Department of Energy, 1000 Independence Avenue, SW, Washington, D.C. 20585. Please include a concise statement of the grounds for the appeal and a description of the relief sought. The appeal to the Director must be made within 30 calendar days after your receipt of this letter. Your written appeal, including the envelope, must clearly indicate that a Freedom of Information Act Appeal is being made. Should you appeal, please send a copy of your appeal letter to me, FOIA Officer, U.S. Department of Energy, Rocky Flats Project Office, 12101 Airport Way, Unit A, Broomfield, CO 80021-2583 and refer to Control No. RF06-002.

Sincerely,

Lisa Bressler
Freedom of Information Act/
Privacy Act Specialist

A.R. 20

United States Department of Energy                    May 17, 2006
1000 Independence Ave. SW
Washington D.C. 20585
Office of hearings and Appeals

Re: Appeal of Freedom of Information Act
    Control No. RF06-002

To Whom it May Concern,

On November 16, 2005 a request was made under the Freedom of Information Act (FOIA) to FOIA officer Lisa Bressler, U.S. Department of Energy, Rocky Flats Project Office, 12101 Airport Way, Unit A, Broomfield, Colorado 80021-2583, Control number RF06-002.

The request made was, on March 9, 2006 letter requesting additional information in addition to medical and radiological records for work during employment at Rocky Flats beginning in May 24, 1983. This request for additional information and for a fee wavier determination resulting from gross negligence of Rockwell International to monitor and maintain dosimeter badges and medical records.

The request for wavier of fees was made due to my indigence having been imprisoned for the last 15 years, but I made and agreed to pay fees, but expressed my indigence as a controling factor in my ability to pay.

1). The request for additional information was denied in part due to my indigence, was seen by the FOIA officer as a failure of willingness to pay. This was not the case. I Have made every effort to show a willingness to pay, but my monthly pay now is only $5.00 per month. This can be confirmed by the rules and regulations of the Colorado Department of Corrections pay schedule for inmates by contacting the director of Colorado D.O.C., Joe Ortiz, or the Warden of Sterling, Correctional Facility.

Because I have been imprisoned for the last 15 years, I lack the ability to make a good showing for payments satisfactory to Lisa Bressler's determination, which is discriminatory and prejudicial and creates a conflict of interest. The act under "Good Faith Performance" involves faithfulness to an agreed common purpose and consistency with the justified expectation of the other party. I have never denied or refused to make payment or offer to make payment. The legally binding fact is I am denied by the Colorado Department of Corrections from making contractual obligations while being imprisoned and because of this fact, tried to show the FOIA officer LIsa Bressler my sincerity and willing to pay by exhibiting the truth about my monthly pay schedule.

On March 20, 2006 letter I requested all fees be waived pursuant to 10 CFR Section 1004.9(a)(8), which set forth two basic requirements, both of which must be satisfied before fees will be waived or reduced. As stated in Item 1, above this applicant is forbidden from making contractual obligations while being incarcerated and the refusal to provide the additional information would both discriminate and prejudice this applicants ability to make a showing for compensation pursuant to Energy Employees Occupational Illness Compensation Program Act Under Title 42, Ch. 84, Subchapter XVI, Part A Section 7384 (a) findings - The congress finds the following ...(5) which established on October 28, 2004, Part D, Now Part E of the Act, stated above for compensation.

2). Because Rockwell's gross negligence in monitoring or keeping records for contractual work performed at the Rocky Flats Nuclear plant, involving dosimeter badges and medical records, which first request was granted for such medical records and radiology records, will be lacking the testing results for dosimeter exposure to radiation thus creating a conflict of interest and violation of the privacy act

-1-

May 17, 2006 Page 2                                Appeal of Decision.

5 U.S.C. Section 552. Because the challenged information not in the files was capable of being verified by the additional information requested, where Industral Hygeinest recorded all influence and conditions encountered during this project, which would provide the ample proof of exposure to hazardous materials and radiation, heavy metal poisonings etc.

This failure to keep medical records violates Section (e)(5), (g)(1)(c) and (g)(4) of the Act. by using incorrect information in determination adverse to this applicant, relying on D.O.E. v. United States, 261 App. D.C. 206 Section 21 F.2d 694, 701 (D.C. Cir. 1987).

"Privacy Act", 5 U.S.C. §552(a)(e)(5) and (g)(1)(c) by failing to maintain accuracte records and Section 552 (g)(d) and (g)(1) (A) by failing to amend inaccurate files. Whether the agencies willfully or intentionally failed to maintain the medical records, in accordance with the Act. that this request for waiver be granted.

3). The second issue raised by FOIA office Lisa Bressler.."after a review she denied the waiver of fees that the general public would not benefit and the documents would not be informative. Stating that I may not possess expertise in the subject area, ability and intention to disseminate the information to the general public."

A). The following is a formal and constructive statement of facts provided under penality of perjury. In 1983, a Colonel from Washington D.C., from the U.S. Department of Defense contacted this applicant, and having investigated and gained referrals from engineering firms and engineers, confirming that this applicant possessed the education and owned the equipment to perform this project, offered as a "Classified Contract", not presented for open bidding, but granted to this applicant, to perform an environmental impact study and environmental investigation for hazarous waste at the Rocky Flats Nuclear Plant.

The project was initiated and executed only through the U.S. department of Defense, and at no time was Rockwell a contact or provider of maps, security clearence, but was by contract obligated to co-operate by providing security, protective clothing, dosimeter badges and monitoring, and results of all testing for the safety and welfare of employees and workers performing this contract and investigation of environmental conditions and damages. This project was engaged for the protection of Workers at the Rocky Flats Nuclear plant and the public at large.

B). For FOIA office lisa Bressler to deny the wavier of fees for stated reason that. the general public would not benefit was not within the Workings of "Good Faith Performance" and in fact sets in play the "Frustration of Purposes doctrine" to apply, the non-occurance of the supervening event must have been a basic assumption of the agreement. Thereby, being uninformed of stated "Clasified" Contract the FOIA officer inadvertent ruling was without knowledge of the formal intent and purpose, and would be informative. By the fact that the U.S. Department of Defense had selected this applicant to perform this "Classified" project of extreme and critical importance to workers and the public, that this applicant possess the expertise in the subject area, ability and intentions to disseminate the information to the general public by means of experts, such as legal counsel has retained.

Because of gross negligence by both Dow Chemical and Rockwell INternational in the performance of their constitutional duties were convicted of 10 Ten crimes to include 5 environmental crimes and where in the "Land Contamination case, testimony and records confirmed that Rockwell INt. gave orders to keep Secret (1) medical research(2) radioactive exposures and (3) known medical or public health hazards, if they might compromise or cause embarrassment to the Contractors who only duties were to make the bonus money at the risk of exposure to workers and the public.

This request was for but not limited to the testing results of the INdustral hygienst, for known exposures to plutonium which is measured in disintegratons per minuite, and the Colorado State Standard is two disintegrations per minute in the

-2-

May 17, 2006 Page 3                              Appeal of Decision

soil.While radiation taken on site was completed by geiger counter with 60
Rads capability, but were retested in extreme exposures with geiger counters
with 90 or 120 rads capability, but were not shown or revealed at the time.
The known military standard for dangerous exposure is 8 rads or 4 rems. For FOLIA
officer Lisa Bressler to make notorious statements about this applicants qual-
ifications is prejudical and where the FOLIA officer has no expertise in the
subject area, ability, or knowledge to determine this applicants abilities, when
the U.S.department of Defense qualified this applicant, shows prejudice, bias
and discrimination in her decision.

   Because this request is not"objectively unreasonable" and by substantive
due process of law doctrine, is fair and reasonabll in content as well as applic-
ation. Pursuant to McVeigh v United States, F.3d 119 806,which stated the re-
cords must be released ever if held by F.B.I. Under Equal protection of the Law.

   Because these papers may be deemed classified or restricted, this applicant
has established by security clearence provided by the F.B.I and the United States
Department of Defense, and by classified contract, his entitlement, or show cause
why he is denied, when these records will provide absolute proof of radiation ex-
posure and chemicals and heavy metals resulting from this project.

   Because Rockwell and Dow Chemical were convicted of 10 federal crimes, and
the due process violation did occure when people fail to disclose corrupt govern-
ment witnesses and other violations of the laws, See United States v. Kiszenski,
877 F2d 219,215, 16 (2nd Cir. 1989  and 18 U.S.C. 1500, also known as the Jencks
Act, that this request for additional records be granted.

   This request for additional records in conclusion and in the case of Constit-
utional violations, this applicant does not have to demonstrate prejduice to show
conflict of interest because the federal courts have ruled in both the"Rockwell
and Dow Chemical criminal violations"and the "Land Contaminations" suit, has made
a showing and release to the public of conditions of hazardous waste, and health
and public and medical hazards for orders given by Rockwell to keep silent medical
research and radioactive exposures,which by law is an absolute showing of intent
to mislead or deceive the public and workers in denial of records did act out of
material misrepresentation and Fraud.

   Wherefore this applicant request that he be granted these additional records
and waive all fees not only to make a "goodfaith showning" for compensation.

Respectfully Submitted on this 17, day of May, 2006

*Wayne Brunsilius*
Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy 61, P.O. Box 6000
Sterling, Colorado 80751


CC:
1) U.S. Department of Energy
   Rocky Flats Project Office
   12101 Airport Way, Unit A
   Broomfield, Colorado 80021-2583

2) Legal Counsel



# Department of Energy
Washington, DC 20585

JUN - 7 2006

Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy. 61, P.O. Box 6000
Sterling, CO  80751

Re: Case No. TFA-0163

Dear Mr. Brunsilius:

On May 25, 2006, the Office of Hearings and Appeals of the U.S. Department of Energy (DOE) received your Freedom of Information Act (FOIA) Appeal. The regulations governing this proceeding require that all FOIA appeals include "a copy of the letter containing the determination that is being appealed." 10 C.F.R. § 1004.8. Your submission is deficient in that it does not include a copy of this determination letter. This letter is essential to our consideration of your Appeal. Accordingly, your submission will not be considered to be officially filed until we receive a copy of the determination.

I am aware that your status as an inmate at the Sterling Correctional Facility might make it difficult for you to provide us with a copy of this document. I therefore contacted Lisa Bressler, formerly of the DOE's Rocky Flats Project Office, in an attempt to obtain the determination letter from her. She informed me that she is no longer employed by the DOE, that she did not believe that the people who are now performing her old job would be able to locate your determination, and that they are not returning her calls. Consequently, I do not know when, or if, I will be able to obtain the determination from the Office that issued it to you. I am therefore asking that you provide me with a copy of the determination. If you are unable to have a copy made, you may send me the original letter and I will copy it and have the original returned to you.

Please send the determination to me at the Office of Hearings and Appeals, Department of Energy, Washington, DC 20585, and refer to Case No. TFA-0163 in this and in any future correspondence concerning this matter.

Sincerely,

Robert B. Palmer
Staff Attorney
Office of Hearings and Appeals

 Printed with soy ink on recycled paper

A.R. 24

U.S. Department of Energy                                        June 21, 2006
1000 Independence Ave. SW
Washington D.C. 20585
Office of Hearings and Appeals

Re: Case Number TFA-0163

Attorney Robert B. Palmer,

     Pursuant to your letter of June 7, 2006 concerning statements and actions
of the U.S. Department of Energy office, Rocky Flats Office at 12101 Airport
Way, Unit A, Broomfield, Colorado being unable to locate files or failing in
their performance to locate such files has limited your ability to conduct such,
shows a "willful and "Intentional failure to main records, which as a member of
the judicial shows a showing of intention to deceive or mislead and thus pre-
judices the determination of this appeal.
     These actions violate the "Privacy Act, 5 U.S.C, Section 552 (a)(e)(5) and
(g)(1)(c) by failing to maintain accuracte records. As stated in Section 552(a)(e)
(5), provides that each agency that keeps a system of records must "Maintain all
records", with such accuracy, relvenance, timeliness, and completeness as is
reasonably necessary to assure fairness to the individual in the determination.
     Additionally, Section 552 (g)(1)(c) permits a civil action if an agency fails
to maintain any records concerning any individual, and consequently a determination
is made or would be made adverse to the individual, 5 U.S.C. (g)(1)(c). In Section
(g)(4) provides that in any action brought under section (g)(1) in which the court
determines that the agency acted in a manner which was "intentional", or "Willful",
the United States shall be liable for actual damages sustained by the indivvual
not less than $1,000.00 as well as litigation costs and attorney's fees. 5 U.S.C.
Section 552 (g)(4) of the act. By using the incorrect information in determination
adverse to him, relying on Department of Energy v. United States, 261 App. D.C.,
206 Section 21 F.2d 694, 701 (D.C. Cir. 1987).
     As legal counsel for the U.S. department of Energy, and by your concession
that the Rocky Flats Office for the U.S. Department of Energy has acted in violation
of the "Privacy Act", they have also violated Federal Rules of Civil procedure,
Rule 4, that anything short of the full disclosure of all known pertinent facts is
Fraud.
     We assume that all fairness to this appeal has been prejudiced, and by the
open discrimination the determination of this appeal will be adverse with out
legal counsel to argue or present this defendant. Accordingly, all records on
chron of the U.S. Department of Energy, and by previous employ, Lisa Bressler,
the former (FOIA) officer, affidavit be created under oath of perjury pursuant
to Title 28 U.S.C.A., Section 1746, and be provided this defendant and to this
appeal for record of violation of Privacy Act" for purposes of Conspiracy against
rights of citizens, Title 18 U.S.C. Section 241 and Deprivation of Rights under
Color of law, Title 18 U.S.C. Section 242,
     Such failures by officers of the U.S. Department of Energy so stated above
has violated their oath of office, and Article II, Section 1, Title 4 U.S.C.A.
101 and 102, and require to report the aforementioned crimes pursuant to Title
28 U.S.C., Section 1343 and Title U.S.C.A., § 4, who ever having knowledge of
the actual commission of a felony cognizable by a court of the UNited States,
Conceals and does not as soon as possible make known the same to some judge or

-1-

U.S. Department of Energy
June 21, 2006
Page 2
Atty. Palmer

other person in civil or military authority under the United States is guily of the crime of misprison of felony, Title 18 U.S.C.A. § 4.

I hereby request and petition the the U.S. Defense Department be notified, who contracted me to perform the inspection and investigation of Rocky Flat Nuclear plant, in May 24, 1983, for Environmental Impact study for environmental crimes being committed by Rockwell International and by the U.S. Department of Energy where upon the F.B.I initated their investigation in 1987, and convened the Grand Jury between 1989 to 1992, where upon the U.S. Court of Appeal has reversed the 10th federal court denial of release of the jury investigation of damages to the public and environment, and this person so stated. Date of reversal June 18,06

That Depart of Defense, U.S. Armed Forces, The pentagon be notified, who retaine this defendant, to provide legal counsel, to the misrepresentation and obstruction of justice committed by the state of Colorado, and conspiracy to commit fraud, See Jewish Center of Sussex County v. Whale, 86 N.J. 619 423, A2d 521, 524.

As an officer of the Court, in and for the Washington D.C., the Fiduciary Responsibility would by U.S. Constitutional law mandate you to make notice of these fraudulent acts, and as a federal officer, or agent of the court, is bound to report due process violations that occur if people fail to disclose corrupt government witnesse and other violations of the laws. See United States v. Kizenski, 877, F. 210, 215 16 (2nd. Cir.1989( (18 U.S.C. § 1500, also known as the Jencks Act.

This notice and violation of crimes, that the Provost Marshall,the Joint Chiefs of Staff, Pentagon Rm. 4E 873 be notifyed as well as the Judge Advocate General's Office be notified and such other agency's and the Federal Superior District Court in Washington D.C. that the violation of Obstruction of Justice, 18 U.S.C.A. § 1501 et seg, to include, Fraud, violation of the "Privacy Act" for purposes of treason, and extortion by the State of Colorado, to include kidnapping and being held hostage where the judicial officers and federal officers in violation of their oath of Offce to uphold the U.S. Constitution has allowed the state of Colorado violate its ratification of Statehood and allegiance to the United States Constitution mandates, whereby the State of Colorado gains authority and jurisdiction to convene a judicial court system demanded by the U.S. Constitutional formatted ARticle III courts of law as prescribed.

In addition to the loss of jurisdiction by the State of Colorado, the State of Colorado has lost it venue by the emblems its flies where upon the Courts authority and State of Colorado acts under that authority is expressed, is in violation of all United States Constitutional laws. The state of Colorado has openly violated Title 4 U.S.C.A Chapter 1,2, 3 (innocent until proven guilty) flag of peace and therein preserves the United States Constitution, by display of the fraudulent Flag as defined by Ar 840-10 United States Army Regulation, October 1, 1979 in all twenty-two judicial districts, as well as the Colordo Court of Appeals, and the Colorado State State Supreme Court. The Colorado Supreme court fails and refuses to file their own oath of Office, and refuse to hold accountable elected District Attorney's and Deputy attorney, Attorney General, and all related offices in the State to comply with the Oath requirement as stated in Article II, Section 1, Title 4 U.S.C.A. Section 101 and 102. Thus the State of Colorado has lost its jurisdiction and venue and the actions of officers at the Colorado Rocky Flats Office confirm their deliberate violations of basic constitutional rights as stated, and by collusion with the State of Colorado, violate the judicial oath of office to uphold the Constitution of the United States. Adamson v. C.I.R., 745 F.2d 541, 546(9th Cir. 1984)

Pursuant to the above stated constitutional violation, and the demand placed on attorney Robert B. Palmer to give notice to civil or miliitary authority, and to the Superior District Court of Washington D.C. Federal Court. Please provide

A.R. 26

U.S. Department of Energy
June 21, 2006
Page 3
Atty. Palmer

this defendant with copies of all your notices to stated authorities as demanded by law so stated.

Your failure to provide notice of crimes will have treasonably conspired and acted against the peace and security of the United States and having treasonably conspired to destroy Constitutional government in the United States.

Pursuant to Title 28 U.S.C.A. § 1746, I declare under the penalty of perjury that the foregoing is true and correct. The Flag of the United States of America, Title 4 U.S.C., 1, pursuant to Presidential Executive Order # 10834 (Aug. 25, 1959) hereafter demands the American Flag of Peace be flown whereby jurisdiction and Fiduciary of power and authority reside. The failure to present such is a desecrated flag and creates a foreign state.

The Undersigned Declarant, WAYNE BRUNSILIUS, (c) ie, delarant, does herewith swear, attest, affirm, declare under oath under the penalty of perjury pursuant to Title 28 U.S.C.A. § 1746 that the Declarant executes this reservation of right with sincere intent, that Declarant can completely state the matter set forth herein that contents are true and correct, complete, and certain, not misleading and the truth and nothing but the truth as per the best of declarant, knowledge and understanding.

The foregoing Instrument was acknowledged before me this 20 day of June 2006, by Wayne Brunsilius, in the county of Logan, State of Colorado.

My Commission Expires  8|8|06

_Wayne Brunsilius_
Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy 61, P.O. Box 6000
Sterling, Colorado  80751


CC:
F.B.I - Public Corruption, Washington D.C.
Atten Mr. Anderson

-3-

A.R. 27

**Department of Energy**
Washington, DC 20585

## NOV 15 2006

Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy. 61, P.O. Box 6000
Sterling, CO 80751

Re: Case No. TFA-0163

Dear Mr. Brunsilius:

This letter concerns the Freedom of Information Act (FOIA) Appeal that you filed in the case mentioned above. As indicated in the attached Decision and Order, the Office of Hearings and Appeals has determined that your Appeal should be denied. If you have any questions concerning this Decision, please contact Robert B. Palmer of this Office at (202) 287-1449.

Sincerely,

George Breznay
Director
Office of Hearings and Appeals

Printed with soy ink on recycled paper

A.R. 28

November 15, 2006

## DECISION AND ORDER
## OF THE DEPARTMENT OF ENERGY

### Appeal

Name of Petitioner:              Wayne Brunsilius

Date of Filing:                  September 22, 2006

Case Number:                     TFA-0163

This Decision concerns an Appeal Wayne Brunsilius filed in response to a determination issued to him by the Rocky Flats Project Office (hereinafter referred to as "RFPO") of the Department of Energy (DOE). In that determination, RFPO denied a request for the waiver of fees associated with its processing of Mr. Brunsilius' request for information that he filed under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as implemented by the Department of Energy (DOE) in 10 C.F.R. Part 1004. This information concerned the alleged exposure of Mr. Brunsilius and other employees to radioactive and other hazardous materials during his employment at the Rocky Flats site. Because Mr. Brunsilius did not indicate that he would be willing or able to pay the fees, RFPO suspended the processing of his request. This Appeal, if granted, would require RFPO to process Mr. Brunsilius' request and waive all applicable fees.

The FOIA generally requires that documents held by federal agencies be released to the public on request. The FOIA also provides for the assessment of fees for the processing of requests for documents. 5 U.S.C. § 552(a)(4)(A)(i); see also 10 C.F.R. § 1004.9(a). However, the DOE will grant a full or partial waiver of applicable fees if a requester can demonstrate that disclosure of the information sought in a FOIA request (i) is in the public interest because it is likely to contribute significantly to public understanding of the activities of the government, and (ii) is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 10 C.F.R. § 1004.9(a)(8). Both of these criteria must be satisfied before a fee waiver is granted. *Id.*

The DOE regulations set forth specific guidelines that are to be used in determining whether these criteria have been met. In determining whether disclosure of the information sought is in the public interest because it is likely to contribute significantly to public understanding of the activities of the government, we are required to consider (i) the subject of the request: whether the requested records concern the operations or activities of the government; (ii) the informative value of the information to be disclosed: whether the disclosure is likely to contribute to an understanding of governmental activities; (iii) the contribution to an understanding by the general public of the subject likely to result from disclosure, and (iv) the significance of the contribution to public understanding: whether disclosure of the requested records is likely to contribute significantly to public understanding of government operations or activities. 10 C.F.R. § 1004.9(a)(8)(i).

A.R. 29

- 2 -

In determining whether disclosure of the information is primarily in the commercial interest of the requester we must consider whether the requester has a commercial interest that would be furthered by the requested disclosure, and, if so, whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester. 10 C.F.R. § 1004.9(a)(8)(ii).

Our consideration of these factors leads us to conclude that RFPO correctly determined that Mr. Brunsilius should not be granted a fee waiver. Specifically, we do not believe that disclosure of the requested records would contribute significantly to public understanding of government operations or activities. This is primarily because Mr. Brunsilius has failed to demonstrate that he will be able to disseminate any information that is released to a significant portion of the general public. He is currently an inmate at a state correctional facility in Sterling, Colorado, and has indicated that he intends to disseminate the information in an unspecified manner through unnamed "experts" who have been retained by Mr. Brunsilius' counsel. Appeal at 2. In *Tod N. Rockefeller*, Case No. VFA-0447 (October 28, 1998), we found the requester's statement that he "seeks to share [the] information about . . . his case with the public" to be insufficient to demonstrate a willingness and ability to disseminate the requested information. Mr. Brunsilius' statements in this regard are equally conclusory and generalized, and fall far short of adequately demonstrating an ability to communicate the information to a sufficiently broad audience. *See, e.g., STAND, Inc.*, Case No. VFA-0539 (December 23, 1999) (dissemination through newsletter with circulation of 2,000, through requester's own library and through news conferences and press releases held sufficient to warrant fee waiver). The inability to disseminate information, by itself, is a sufficient basis for denying a fee waiver request. *Donald R. Patterson,* Case No. VFA-0589 (August 3, 2000) (citing *Larson v. CIA,* 843 F.2d 1481 (D.C. Cir. 1988)). We therefore need not consider the issue of whether disclosure would primarily be in the commercial interest of the requester. RFPO properly denied Mr. Brunsilius' request for a fee waiver.

It Is Therefore Ordered That:

(1) The Freedom of Information Act Appeal filed by Wayne Brunsilius, OHA Case Number TFA-0163, is hereby denied.

(2) This is a final order of the Department of Energy from which any aggrieved party may seek judicial review pursuant to 5 U.S.C. § 552(a)(4)(B). Judicial review may be sought in the district in which the requester resides or has a principal place of business, or in which the agency records are situated, or in the District of Columbia.

George B. Breznay
Director
Office of Hearings and Appeals

Date: November 15, 2006

A.R. 30