UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYNE BRUNSILIUS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-2202 (RJL) |
| | ) |
| U.S. DEPARTMENT OF ENERGY, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING

Federal defendant hereby provides notice of the filing of the attached Administrative Record in this case, which relates to the exhibits referenced in Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment, filed on April 10, 2007.

Respectfully submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

U.S. Department of Energy                                June 21, 2006
1000 Independence Ave. SW
Washington D.C. 20585
Office of Hearings and Appeals

Re: Case Number TFA-0163

Attorney Robert B. Palmer,

    Pursuant to your letter of June 7, 2006 concerning statements and actions of the U.S. Department of Energy office, Rocky Flats Office at 12101 Airport Way, Unit A, Broomfield, Colorado being unable to locate files or failing in their performance to locate such files has limited your ability to conduct such, shows a "willful and "Intentional failure to main records, which as a member of the judicial shows a showing of intention to deceive or mislead and thus pre-judices the determination of this appeal.
    These actions violate the "Privacy Act, 5 U.S.C, Section 552 (a)(e)(5) and (g)(1)(c) by failing to maintain accuracte records. As stated in Section 552(a)(e)(5), provides that each agency that keeps a system of records must "Maintain all records", with such accuracy, relvenance, timelineness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.
    Additionally, Section 552 (g)(1)(c) permits a civil action if an agency fails to maintain any records concerning any individual, and consequently a determination is made or would be made adverse to the individual, 5 U.S.C. (g)(1)(c). In Section (g)(4) provides that in any action brought under section (g)(1) in which the court determines that the agency acted in a manner which was "intentional", or "Willful", the United States shall be liable for actual damages sustained by the indivivual not less than $1,000.00 as well as litigation costs and attorney's fees. 5 U.S.C. Section 552 (g)(4) of the act. By using the incorrect information in determination adverse to him, relying on Department of Energy v. United States, 261 App. D.C., 206 Section 21 F.2d 694, 701 (D.C. Cir. 1987).
    As legal counsel for the U.S. department of Energy, and by your concession that the Rocky Flats Office for the U.S. Department of Energy has acted in violation of the "Privacy Act", they have also violated Federal Rules of Civil procedure, Rule 4, that anything short of the full disclosure of all known pertinent facts is Fraud.
    We assume that all fairness to this appeal has been prejudiced, and by the open discrimination the determination of this appeal will be adverse with out legal counsel to argue or present this defendant. Accordingly, all records on chron of the U.S. Department of Energy, and by previous employ, Lisa Bressler, the former (FOIA) officer, affidavit be created under oath of perjury pursuant to Title 28 U.S.C.A., Section 1746, and be provided this defendant and to this appeal for record of violation of Privacy Act" for purposes of Conspiracy against rights of citizens, Title 18 U.S.C. Section 241 and Deprivation of Rights under Color of law, Title 18 U.S.C. Section 242,
    Such failures by officers of the U.S. Department of Energy so stated above has violated their oath of office, and Article II, Section 1, Title 4 U.S.C.A. 101 and 102, and require to report the aforementioned crimes pursuant to Title 28 U.S.C., Section 1343 and Title U.S.C.A., § 4, who ever having knowledge of the actual commission of a felony cognizable by a court of the UNited States, Conceals and does not as soon as possible make known the same to some judge or

U.S. Department of Energy
June 21, 2006
Page 2
Atty. Palmer

other person in civil or military authority under the United States is guily of the crime of misprison of felony, Title 18 U.S.C.A. § 4.

I hereby request and petition the the U.S. Defense Department be notified, who contracted me to perform the inspection and investigation of Rocky Flat Nuclear plant, in May 24, 1983, for Environmental Impact study for environmental crimes being committed by Rockwell International and by the U.S. Department of Energy where upon the F.B.I initated their investigation in 1987, and convened the Grand Jury between 1989 to 1992, where upon the U.S. Court of Appeal has reversed the 10th federal court denial of release of the jury investigation of damages to the public and environment, and this person so stated. Date of reversal June 18,06

That Depart of Defense, U.S. Armed Forces, The pentagon be notified, who retaine this defendant, to provide legal counsel, to the misrepresentation and obstruction of justice committed by the state of Colorado, and conspiracy to commit fraud, See Jewish Center of Sussex County v. Whale, 86 N.J. 619 423, A2d 521, 524.

As an officer of the Court, in and for the Washington D.C., the Fiduciary Responsibility would by U.S. Constitutional law mandate you to make notice of these fraudulent acts, and as a federal officer, or agent of the court, is bound to report due process violations that occur if people fail to disclose corrupt government witnesse and other violations of the laws. See United States v. Kizenski, 877, F. 210, 215 16 (2nd. Cir.1989( (18 U.S.C. § 1500, also known as the Jencks Act.

This notice and violation of crimes, that the Provost Marshall, the Joint Chiefs of Staff, Pentagon Rm. 4E 873 be notifyed as well as the Judge Advocate General's Office be notified and such other agency's and the Federal Superior District Court in Washington D.C. that the violation of Obstruction of Justice, 18 U.S.C.A. § 1501 et seg, to include, Fraud, violation of the "Privacy Act" for purposes of treason, and extortion by the State of Colorado, to include kidnapping and being held hostage where the judicial officers and federal officers in violation of their oath of Offce to uphold the U.S. Constitution has allowed the state of Colorado violate its ratification of Statehood and allegiance to the United States Constitution mandates, whereby the State of Colorado gains authority and jurisdiction to convene a judicial court system, demanded by the U.S. Constitutional formatted ARticle III courts of law as prescribed.

In addition to the loss of jurisdiction by the State of Colorado, the State of Colorado has lost it venue by the emblems its flies where upon the Courts authority and State of Colorado acts under that authority is expressed, is in violation of all United States Constitutional laws. The state of Colorado has openly violated Title 4 U.S.C.A Chapter 1,2, 3 (innocent until proven guilty) flag of peace and therein preserves the United States Constitution, by display of the fraudulent Flag as defined by Ar 840-10 United States Army Regulation, October 1, 1979 in all twenty-two judicial districts, as well as the Colordo Court of Appeals, and the Colorado State State Supreme Court. The Colorado Supreme court fails and refuses to file their own oath of Office, and refuse to hold accountable elected District Attorney's and Deputy attorney, Attorney General, and all related offices in the State to comply with the Oath requirement as stated in Article II, Section 1, Title 4 U.S.C.A. Section 101 and 102. Thus the State of Colorado has lost its jurisdiction and venue and the actions of officers at the Colorado Rocky Flats Office confirm their deliberate violations of basic constitutional rights as stated, and by collusion with the State of Colorado, violate the judicial oath of office to uphold the Constitution of the United States. Adamson v. C.I.R., 745 F.2d 541, 546(9th Cir. 1984)

Pursuant to the above stated constitutional violation, and the demand placed on attorney Robert B. Palmer to give notice to civil or miliitary authority, and to the Superior District Court of Washington D.C. Federal Court. Please provide

U.S. Department of Energy
June 21, 2006
Page 3
Atty. Palmer

this defendant with copies of all your notices to stated authorities as demanded by law so stated.

Your failure to provide notice of crimes will have treasonably conspired and acted against the peace and security of the United States and having treasonably conspired to destroy Constitutional government in the United States.

Pursuant to Title 28 U.S.C.A. § 1746, I declare under the penalty of perjury that the foregoing is true and correct. The Flag of the United States of America, Title 4 U.S.C., 1, pursuant to Presidental Executive Order # 10834 (Aug. 25, 1959) hereafter demands the American Flag of Peace be flown whereby jurisdiction and Fiduciary of power and authority reside. The failure to present such is a desecrated flag and creates a foreign state.

The Undersigned Declarant, WAYNE BRUNSILIUS, (c) ie, delarant, does herewith swear, attest, affirm, declare under oath under the penalty of perjury pursuant to Title 28 U.S.C.A. § 1746 that the Declarant executes this reservation of right with sincere intent, that Declarant can completely state the matter set forth herein that contents are true and correct, complete, and certain, not misleading and the truth and nothing but the truth as per the best of declarant, knowledge and understanding.

The foregoing Instrument was acknowledged before me this 20 day of June 2006, by Wayne Brunsilius, in the county of Logan, State of Colorado.

My Commission Expires 8/8/06

_Wayne Brunsilius_
Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy 61, P.O. Box 6000
Sterling, Colorado 80751


CC:
F.B.I - Public Corruption, Washington D.C.
Atten Mr. Anderson



# Department of Energy
Washington, DC 20585

NOV 15 2006

Wayne Brunsilius, Reg. # 65458, Unit 31
12101 Hwy. 61, P.O. Box 6000
Sterling, CO 80751

Re: Case No. TFA-0163

Dear Mr. Brunsilius:

This letter concerns the Freedom of Information Act (FOIA) Appeal that you filed in the case mentioned above. As indicated in the attached Decision and Order, the Office of Hearings and Appeals has determined that your Appeal should be denied. If you have any questions concerning this Decision, please contact Robert B. Palmer of this Office at (202) 287-1449.

Sincerely,

George Breznay
Director
Office of Hearings and Appeals

Printed with soy ink on recycled paper

A.R. 28

November 15, 2006

DECISION AND ORDER
OF THE DEPARTMENT OF ENERGY

**Appeal**

Name of Petitioner:        Wayne Brunsilius

Date of Filing:            September 22, 2006

Case Number:               TFA-0163

This Decision concerns an Appeal Wayne Brunsilius filed in response to a determination issued to him by the Rocky Flats Project Office (hereinafter referred to as "RFPO") of the Department of Energy (DOE). In that determination, RFPO denied a request for the waiver of fees associated with its processing of Mr. Brunsilius' request for information that he filed under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as implemented by the Department of Energy (DOE) in 10 C.F.R. Part 1004. This information concerned the alleged exposure of Mr. Brunsilius and other employees to radioactive and other hazardous materials during his employment at the Rocky Flats site. Because Mr. Brunsilius did not indicate that he would be willing or able to pay the fees, RFPO suspended the processing of his request. This Appeal, if granted, would require RFPO to process Mr. Brunsilius' request and waive all applicable fees.

The FOIA generally requires that documents held by federal agencies be released to the public on request. The FOIA also provides for the assessment of fees for the processing of requests for documents. 5 U.S.C. § 552(a)(4)(A)(i); see also 10 C.F.R. § 1004.9(a). However, the DOE will grant a full or partial waiver of applicable fees if a requester can demonstrate that disclosure of the information sought in a FOIA request (i) is in the public interest because it is likely to contribute significantly to public understanding of the activities of the government, and (ii) is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 10C.F.R. § 1004.9(a)(8). Both of these criteria must be satisfied before a fee waiver is granted. *Id.*

The DOE regulations set forth specific guidelines that are to be used in determining whether these criteria have been met. In determining whether disclosure of the information sought is in the public interest because it is likely to contribute significantly to public understanding of the activities of the government, we are required to consider (i) the subject of the request: whether the requested records concern the operations or activities of the government; (ii) the informative value of the information to be disclosed: whether the disclosure is likely to contribute to an understanding of governmental activities; (iii) the contribution to an understanding by the general public of the subject likely to result from disclosure, and (iv) the significance of the contribution to public understanding: whether disclosure of the requested records is likely to contribute significantly to public understanding of government operations or activities. 10 C.F.R. § 1004.9(a)(8)(i).

- 2 -

In determining whether disclosure of the information is primarily in the commercial interest of the requester we must consider whether the requester has a commercial interest that would be furthered by the requested disclosure, and, if so, whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester. 10 C.F.R. § 1004.9(a)(8)(ii).

Our consideration of these factors leads us to conclude that RFPO correctly determined that Mr. Brunsilius should not be granted a fee waiver. Specifically, we do not believe that disclosure of the requested records would contribute significantly to public understanding of government operations or activities. This is primarily because Mr. Brunsilius has failed to demonstrate that he will be able to disseminate any information that is released to a significant portion of the general public. He is currently an inmate at a state correctional facility in Sterling, Colorado, and has indicated that he intends to disseminate the information in an unspecified manner through unnamed "experts" who have been retained by Mr. Brunsilius' counsel. Appeal at 2. In *Tod N. Rockefeller*, Case No. VFA-0447 (October 28, 1998), we found the requester's statement that he "seeks to share [the] information about . . . his case with the public" to be insufficient to demonstrate a willingness and ability to disseminate the requested information. Mr. Brunsilius' statements in this regard are equally conclusory and generalized, and fall far short of adequately demonstrating an ability to communicate the information to a sufficiently broad audience. *See, e.g., STAND, Inc.*, Case No. VFA-0539 (December 23, 1999) (dissemination through newsletter with circulation of 2,000, through requester's own library and through news conferences and press releases held sufficient to warrant fee waiver). The inability to disseminate information, by itself, is a sufficient basis for denying a fee waiver request. *Donald R. Patterson,* Case No. VFA-0589 (August 3, 2000) (citing *Larson v. CIA,* 843 F.2d 1481 (D.C. Cir. 1988)). We therefore need not consider the issue of whether disclosure would primarily be in the commercial interest of the requester. RFPO properly denied Mr. Brunsilius' request for a fee waiver.

It Is Therefore Ordered That:

(1) The Freedom of Information Act Appeal filed by Wayne Brunsilius, OHA Case Number TFA-0163, is hereby denied.

(2) This is a final order of the Department of Energy from which any aggrieved party may seek judicial review pursuant to 5 U.S.C. § 552(a)(4)(B). Judicial review may be sought in the district in which the requester resides or has a principal place of business, or in which the agency records are situated, or in the District of Columbia.

George B. Breznay
Director
Office of Hearings and Appeals

Date: November 15, 2006

A.R. 31

January 3, 2007

Colorado Department of Corrections
Wayne Brunsilius
Reg. #65458, Unit 31
12101 Hwy. 61
Sterling, CO 80751

Dear Mr. Brunsilius:

**PA RF 06-001**

This is in final response to the request for information that you sent to the Department of Energy (DOE) Rocky Flats Office (RFO) under the Privacy Act, 5 U.S.C. 552a. A search was conducted for your medical, radiological and various other records contained in Privacy Act systems of records pertaining to your employment at Rocky Flats. You were notified that you needed to contact the National Nuclear Security Administration (NNSA) Service Center, Albuquerque, NM, to request a copy of your security records.

The Privacy Act requires each federal agency to permit an individual to gain access to information about that individual which is contained in any "system of records" maintained by the agency. An agency must conduct a search reasonably calculated to uncover all relevant documents. The standard of reasonableness which applies to agency search procedures does not require absolute exhaustion of the files; instead, it requires a search reasonably calculated to uncover the sought materials.

Please note that agencies are not required to compile or create a record for the purpose of satisfying a request for information or produce information sought by requesters that does not exist in record form. Also, regulations do not require agencies to respond to questions, but to requests for particular agency records only.

A thorough and complete search was conducted for records that were retrieved by your name or other personal identifier in every relevant system of records under the control of the RFO. Enclosed is a copy of your Radiological Records (six pages). No medical records were located nor were any other records located related to your employment at Rocky Flats.

A.R. 31

Mr. Wayne Brunsilius  -2-

Even though the statement that no documents were located responsive to a request is not a denial of access to records, in accordance with 10 C.F.R. § 1008.11, Appeal of denials of requests, any individual may appeal the denial of a request made by him for information about or for access to or amendment of records. An appeal shall be filed within 30 calendar days after receipt of the denial. When an appeal is filed by mail, the postmark is conclusive as to timeliness. The appeal shall be in writing and must be signed by the individual. The appeal shall include the following: (1) A copy of the original request for access or for amendment; (2) a copy of the initial denial; and (3) a statement of the reasons why the initial denial is believed to be in error. The words "PRIVACY ACT APPEAL" should appear in capital letters on the envelope and the letter and mailed within 30 calendar days after receipt of the denial to the Director, Office of Hearings and Appeals, U.S. Department of Energy, 1000 Independence Avenue, SW, Washington, D.C. 20585.

The above-referenced number has been assigned to the request and you should refer to it in any correspondence with the DOE about this matter.

I appreciate the opportunity to assist you.

                                                     Sincerely,

                                                     Marian Wilcox
                                                    Privacy Act Officer

Enclosures: As stated