UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

MAY - 7 2007

WAYNE BRUNSILIUS,

    Plaintiff,

U.S. DEPARTMENT OF ENERGY, et al.

    Defendant,

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No 06-2202 (RJL)

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS

    Federal Plaintiff, Pro Se, respectfully moves this Court to deny Motion to Dismiss filed by defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure. That this court lacks subject matter jurisdiction over the plaintiff's claims.

    Pursuant to 28 U.S.C. Section 1391, establishing requirements for federal court venue, and 28 U.S.C Sections 1404, 1406 authorizing district courts to transfer a lawsuit to a proper or more convenient venue. But in this case, the Plaintiff was directed in appeal of U.S. Department of Energy, "Decision and Order" of NOvember 15, 2006, on page 2, bottom of the page, item two, where the procedure and format for filing a judicial review, directed this plaintiff may seek judicial review pursuant to 5 U.S.C. Section 552(a)(4)(B). Mr. George B. Grezany, Director of Office of Hearings and Appeals, stated, "Judicial review may be sought in the district in which the requestor resides or has a principal place of business, or in which the agency records are situated, or in the District of Columbia.

    As stated by Complaint, so filed, this Plaintiff sought to file the complaint in the District of Columbia. This by definition and facts so entered, by statement of George B. Brezany, this court has subject matter jurisdiction over Plaintiff's claims. See copy of November 15, 2006,"Decision and Order", attached A.R. 29 and A.R. 30. See cases in End Notes.

-1-

In support of this procedure and format provided by Mr. George B. Grezany , director of "Office of Hearings and Appeals that the Plaintiff moves this court to deny this Motion to Dismiss for lack of subject matter jurisdiction, on the grounds that no geniuine law exist that would entitle the court to dismiss as a matter of law. See arguement on page 2 and 3 Response: ,summary judgment. Records were withheld. See declarations.

Respectfully submitted,

_____ UCC 1-207
Wayne Brunsilius, Pro se
Reg. No. 65458, Unit AB 109
P.O. Box 2000
Burlington, Colorado 80807

See November 15, 2006
Decisions and Order A.R.30

See Exhibit   On Public Records

Dated this Day of May 2, 2007

-2-

End Notes
McCarthy v. Madagan, 503 U.S. 140 112 S.Ct 1081, 117 L.ed.2d 291 (1992)

November 15, 2006

DECISION AND ORDER
OF THE DEPARTMENT OF ENERGY

<u>**Appeal**</u>

| | |
|---|---|
| Name of Petitioner: | Wayne Brunsilius |
| Date of Filing: | September 22, 2006 |
| Case Number: | TFA-0163 |

This Decision concerns an Appeal Wayne Brunsilius filed in response to a determination issued to him by the Rocky Flats Project Office (hereinafter referred to as "RFPO") of the Department of Energy (DOE). In that determination, RFPO denied a request for the waiver of fees associated with its processing of Mr. Brunsilius' request for information that he filed under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as implemented by the Department of Energy (DOE) in 10 C.F.R. Part 1004. This information concerned the alleged exposure of Mr. Brunsilius and other employees to radioactive and other hazardous materials during his employment at the Rocky Flats site. Because Mr. Brunsilius did not indicate that he would be willing or able to pay the fees, RFPO suspended the processing of his request. This Appeal, if granted, would require RFPO to process Mr. Brunsilius' request and waive all applicable fees.

The FOIA generally requires that documents held by federal agencies be released to the public on request. The FOIA also provides for the assessment of fees for the processing of requests for documents. 5 U.S.C. § 552(a)(4)(A)(i); see also 10 C.F.R. § 1004.9(a). However, the DOE will grant a full or partial waiver of applicable fees if a requester can demonstrate that disclosure of the information sought in a FOIA request (i) is in the public interest because it is likely to contribute significantly to public understanding of the activities of the government, and (ii) is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 10C.F.R. § 1004.9(a)(8). Both of these criteria must be satisfied before a fee waiver is granted. *Id.*

The DOE regulations set forth specific guidelines that are to be used in determining whether these criteria have been met. In determining whether disclosure of the information sought is in the public interest because it is likely to contribute significantly to public understanding of the activities of the government, we are required to consider (i) the subject of the request: whether the requested records concern the operations or activities of the government; (ii) the informative value of the information to be disclosed: whether the disclosure is likely to contribute to an understanding of governmental activities; (iii) the contribution to an understanding by the general public of the subject likely to result from disclosure, and (iv) the significance of the contribution to public understanding: whether disclosure of the requested records is likely to contribute significantly to public understanding of government operations or activities. 10 C.F.R. § 1004.9(a)(8)(i).

- 2 -

In determining whether disclosure of the information is primarily in the commercial interest of the requester we must consider whether the requester has a commercial interest that would be furthered by the requested disclosure, and, if so, whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requester. 10 C.F.R. § 1004.9(a)(8)(ii).

Our consideration of these factors leads us to conclude that RFPO correctly determined that Mr. Brunsilius should not be granted a fee waiver. Specifically, we do not believe that disclosure of the requested records would contribute significantly to public understanding of government operations or activities. This is primarily because Mr. Brunsilius has failed to demonstrate that he will be able to disseminate any information that is released to a significant portion of the general public. He is currently an inmate at a state correctional facility in Sterling, Colorado, and has indicated that he intends to disseminate the information in an unspecified manner through unnamed "experts" who have been retained by Mr. Brunsilius' counsel. Appeal at 2. In *Tod N. Rockefeller*, Case No. VFA-0447 (October 28, 1998), we found the requester's statement that he "seeks to share [the] information about . . . his case with the public" to be insufficient to demonstrate a willingness and ability to disseminate the requested information. Mr. Brunsilius' statements in this regard are equally conclusory and generalized, and fall far short of adequately demonstrating an ability to communicate the information to a sufficiently broad audience. *See, e.g., STAND, Inc.*, Case No. VFA-0539 (December 23, 1999) (dissemination through newsletter with circulation of 2,000, through requester's own library and through news conferences and press releases held sufficient to warrant fee waiver). The inability to disseminate information, by itself, is a sufficient basis for denying a fee waiver request. *Donald R. Patterson,* Case No. VFA-0589 (August 3, 2000) (citing *Larson v. CIA,* 843 F.2d 1481 (D.C. Cir. 1988)). We therefore need not consider the issue of whether disclosure would primarily be in the commercial interest of the requester. RFPO properly denied Mr. Brunsilius' request for a fee waiver.

It Is Therefore Ordered That:

(1) The Freedom of Information Act Appeal filed by Wayne Brunsilius, OHA Case Number TFA-0163, is hereby denied.

(2) This is a final order of the Department of Energy from which any aggrieved party may seek judicial review pursuant to 5 U.S.C. § 552(a)(4)(B). Judicial review may be sought in the district in which the requester resides or has a principal place of business, or in which the agency records are situated, or in the District of Columbia.

George B. Breznay
Director
Office of Hearings and Appeals

Date: November 15, 2006

A.R. 30