**RECEIVED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAY - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WAYNE BRUNSILIUS,

        Plaintiff,

U.S. DEPARTMENT OF ENERGY, et al.      Civil Action No. 06-2202 (RJL)

        Defendant,

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Federal Plaintiff, Pro Se respectfully moves this court to deny motion for Summary Judgment filed by defendant pursuant to Fed. R. Civ. P. 56 on the grounds that no genuine issue of material fact exists. In support the Plaintiff's motion the court is referred to the Declaration of Wayne Brunsilius, attached to the original complaint and the accompanying Memorandum of Points and Authorities in denial of defendant's motion for Summary Judgment. To deny the Summary Judgment on the grounds that there are genuine issues of material facts and the Plaintiff is entitled as a matter of law to have this case heard.

INTRODUCTION

The Plaintiff made request for records on November 16, 2005 and enlarged the request as of March 20, 2006 to include all records of testing and reports as per the plea deal where Rockwell International Corp. and Dow Chemical, by the United States Congress granted a "Willing Prayer" or "Do not Contest Order" to provide release of all health records to include testing completed by the U.S. Department of  of Energy for radiological concerns, chronic Beryllium disease, silicosis, toxic substances to incude mercury, lead, cadmium, manganese heavy metals, learing loss, liver damages and cancer. See attached 4 exhibits of medical.

-1-

2).The expanded  request for records did fall within the "Do not contest Order" of Radiological concerns, and testing completed by the U.S. Department of Energy. All the Industrial Hygenist testing, reports and records requested  were on site testing, and labortory testing of elements that effect the hazardous conditions, and associated radioactive exposures, and known medical or public health hazards associated with the medical records, as per agreement of Rockwell, and Dow Chemical, and the U.S. Department of Energy, as concession to plea deal of 1992.  Because Rockwell International plead and admitted to ten (10) federal environmental crimes, and the United States Congress enacted part E of the Energy Employees Occupational Illness Compensation Program Act. References to this were made in February 8, 2006 and March 20, 2006 letters. But the records will show that the FOIA officer, Lisa Bressler, ignored this program, and the established law granting the records to make a claim. Without the additional records no claim can be made.

3). In the February 8, 2006 letter, the Plaintiff requested that Lisa Bressler to please cite each specific  exemption, she believed justifies the refusal to re-lease the information and notify this plaintiff of appeal procedures. But the re-cords will show that the FOIA officer never provided the procedure or stated the specific exemptions or even mentioned the entitled records covered under the Employees Ocupational Illness Compensation Program Act. This was the intented direct-iion of the Plaintiff's request, at that time.

4).The controversy arises as to if the discovered documents in the 10th Federal District, of Judge John KAne constitute findings under the Occupational Illness Act. Those findings,      show orders were given to keep secret, medical research, radio-active exposures, and known medical or public health hazards. The act clearly states "Radiological concerns and to include testing completed. Obviously, the U.S.Depart ment of Energy had to test and record the medical information, and public health

-2-

hazards to give "orders to keep secret medical records, and radio logical expos-
ures. So the Plaintiff's request were included in his original request which was
granted according to the Employees Occupational Illness Compensation Program act.

5).Had the U.S. Department of Energy and Rockwell Corp. not determines that
information of exposure to workers had not created a liability, or exposed them
of criminal acts they committed and plead to, the U.S. Department of Energy by
their own acts and omission to maintain accurate records were violated and created
a determination to conceal and suppress all testing and records that would place
them guilty of greater crimes than the 10 environmental crimes.

6).The conclusion to this issue is that the Plaintiff knew that the U.S. De-
partment of Energy had not provided all the medical records, or update the records
or maintained the medical records, because of the "orders to keep secret all medical
records, and radiological exposures and public health hazards. IT is obvious that
the U.S. Departmenn of Energy and Rockwell had no concern for the public or the
employees to expose them then to cover the hazardous conditions up, by the deliberate
indifferece and gross negligence they employeed to give orders to keep secret
medical records. By the very fact that the orders to keep secret were given,and
proven in the 10th federal district court in the land contamination case, this
court has the verified proof in record that the U.S. Department of Energy had re-
fused and failed to keep records or  maintain  records, and that the records re-
leased to this plaintiff were the results of fraudulent acts and collusion with
the state of Colorado. This federal agency openly admitted in federal court that
they were guilty of deliberate  indifference, and fraud, and for violating ten (10)
environmental crimes, but would have this court believe that according to Item II
of the defendant's summary judgment, that no documents have been withheld.

-3-

7). By the concession in the 10th Federal Distrtict court and the plea bargain so stated, the U.S. Department of Energy admitted that medical records were tained and incorrect, and not maintained, and where the Energy Department had withheld records in violation of 5 U.S.C. Section 552(a)(4)(B). Because documents have been withheld, there is a controversy and this court has jurisdiction.

8)The defendant has not only misrepresented and made inaccurate statement and conclusions to cover up the failure of the FOIA officer to provide this plaintiff the proper procedure, and to misdirect the plaintiff to deny all records requested in association with the enlarged request, which the FOIA officers knew had been withheld because the federal agencies collusion to use state agencies and government and court systems, and medical facilities to coverup, deprive and obstruct justice and access to the courts, or due process of law. The misrepresentation and fraud are the elements to conceal and suppress justice and truth because the Energy Department has rendered such clout,it is impossible to get legal counsel, in violation of the 6th Amendment rights of the U.S. Constitution, or have issues raised in court in colorado because of the collusion to deprive all rights.

9). The enlarged request for records will show that the U.S. Department of Energy and Rockwell had for sometime been dumping and burning radioactive waste. This provided by the F.B.I. investigation in 1989, and that the extensive contamination was never pursued, and that the burned waste, which amounted to tons were never found. Well, this court must believe that this plaintiff found the tons of burned contaminated waste, and the state of colorado courts has illegally arrested this plaintiff and illegally convicted and sentened this plaintiff and illegally imprisoned this plaintiff for 17 years to conceal and suppress the information requested, and well known to the U.S. Department of Energy, and the State of Colorado.

10)This F1B.I. investigation material is in federal court records in the 10th

-4-

Federal District, where the 1989 to 1992 Special Grand Jury Conveined and investi-
gated with the  help of the F.B.I. whose head agent testified that the U.S. Depart-
ment of Energyofficials can not be trusted, where the  F.B.I found evidence of tam-
pering with monitors and data falsification. This plaintiff can only assume that
this included all records, including medical, and dosimetry records.

   11).This court will also note that the dosimetry records were not presented to
the plaintiff in the medical records presented. So on this fact alone, not all
records were presented, and documents have been withheld to cover up the exposure
of this plaintiff, and the fact that the medical records were not maintained or
serve any purpose, because of orders were given to keep secret medical research,
and known medical and public health hazards. In light of the fact that Rockwell
pleaded guilty to 10 federal environmental crimes, five felonies, and five misde-
meanors and that this plaintiff was in fact the person who was retained to investi-
gate and inspect, and provide television study, in addition to the industrial
hygenist testing taken on site, which has to date never came to light, the defendant
would have this court believe that no records were withheld.

   12).Let the record show that the 1989 raid by the F.B.I was in conjuction with
the U.S. Environmental Protection Agency. On January 6, 2005, the F.B.I agent came
forward and made public this information, but to date, no one knew where the more
than 2600 punds of radioactive material went or the tons of radioactive ash, until
now. Energy Secretary, Bill Richardson made public statements concerning the govern
ment has acknowledged nuclear hazard and cancer from radiotion exposure at Rocky
Flats were found in 1985.

        The Plaintiff has meet the burdon ofovercoming the Presumption that the court
lacks jurisdiction. And the failure to present records, as stated provided this court
with subject  matter jurisdiction.

        Item II. The defendant argued that the FOIA officer had meet the obligation,
but the previous 12 items has provided the arguement that many deficiencies were

Presented in the record to include the statement made by FOIA officer Lisa
Bressler on March 09, 2006 letter to the plaintiff, page 2, third and fourth
paragraph, but is absent all explicit or implicit direction to make payment
to Rocky Flats Project Office. In the fourth paragraph, the plaintiff was direted
to submit in writing to "this office" your assurance to  pay fees or an amount
you are willing to pay to process the request. The plaintiff did exactally as
requested and did follow the precedure as provided by the FOIA officer as she
represented 10 CRF 1004.4(e)(1) and (2) as stated. The only assurance to pay
fees was to inform the FOIA officer of his income that he could  verify at that
time. Had the FOIA officer ask for a certified six month summary of the inmate
account, he would have provided such, or money order to show good faith, but
that was not ask of the plaitiff or stated in the procedure.

    14. This failure to provide the plaintiff with the procedure can also be
seen in the June 7, 2007 letter of attorney Robert B. Palmer who directed the
plaintiff that he had to  provide a copy of the determination, and that he could
not get one from the Rocky Flats Project Office. Attorney Palmer also informed
the plaintiff that Lisa Bressler was no longer employed  and that she believed
those who were would not be able to locate the determination. Either Lisa Bressler
was lying, or the Rocky Flats Project Office was performing in their normal manner
verified in court, that they acted to conceal, coverup, and suppress all material
evidence and believe that they are above the law. This failure of Lisa Bressler
to provide the proper procedure to file the appeal can be view in her letter of
April 25, 2006, fifth paragraph, where determination was granted according to
10 CFR, Section 1004.9(b)(4), "All Other Requesters". The appeal procedure was
given on page 2, top of page, but absent the directions for a copy of the deter-
mination.

    15. This plaintiff also would like to present to the court the fact that
most exhibits presented by the defendant has ear marks in the upper righthand

-6-

corner, in roman numerials. These roman numerials were records presented by
plaintiff, and present for this court that the defendant did not have the co-
operation of the Rocky Flats Project Office, and that all exhibits presented
were not complete. These will be provided with plaintiff's response, as proof
that the Colorado operation known as the Rocky Flats Project Office for the U.S.
Department of Energy typically continues to violate The Freedom of Information
ACt 5 U.S.C. Section 552 and the Privacy Act 5. U.S.C. Section 552(a).

16. On June 14, 2006, the plaintiff did respond to Attorney Robert B.
Palmer with letter as stated, See attached, not presented by defendant. Such
letter addresses the failure of FOIA officer to provide the proper procedure.
The plaintiff's letter of June 21, 2006 declared violation of Section 552(a)(e)
(5) provides that each agency that keeps a system of records must"Maintain all
records", with such accuracy, relevance, timelineness, and completeness as is
reasonably necessary to asure fairness to the individual, and consequently a
determination is made or would be made adverse to the individual, by the failure
and refusal to comply 5 U.S.C. (g)(1)(c). Department of Energy v. United States,
261 App. D.C. 206 Section 21 F.2d 694, 701 (D.C. Cir. 1987).

17. On November 2006, letter of Decision and Order of the Department of
Energy, George B. Breznay, Director, does provide this plaintiff on page 2 with
the procedure to seek a judicial review pursuant to 5 U.S.C. Section 552(a)(4)(B)
and the three options for filng in court with subject matter jurisdiction.

The director fails to inform the plaintiff the adverse results when the
FOIA officer failed to direct the plaintiff that he had to provide the record
with names and addresses of all specified manner. In light of the fraud, and
extortion and false imprisonment the plaintiff was relucent to divulge the
confindental informants, who have to this date been threatened. Because the FOIA
Officer failed to be explicit in her procedure, the  information provided was

not corrected with explicit directions and procedures by the FOIA Lisa Bressler.
The director then provides the appeal process for his decision on page 2 of Nov.
15, 2006 letter. The determination used by Mr. Breznay whether disclosure of in-
formation is primarily in the "Commerical Interest"of the requester, we must
consider whether the requester has a commerical interest that would be furthered
by the requested disclosure, and if so, whether the magnitude of the identified
commercial interest of the requester is sufficiently large, in comparison with
the public interest in disclosure, that disclosure is primarily in the commercial
interest of the requester, 10 C.F.R. Section 1004.9)a))8)(ii). See Feb. 27 2006 letter

    18. The commerical interest of the plaintiff was created by the governments
own actions to commit fraud, extortion and by actions to illegally convict and
imprison the plaintiff. It was the governments own failure to observe its own laws
that created the commercial interest in the plaintiff's case. Because the govern-
ment failed to observe its own laws the plaintiff evokes the Exclusionary Rule.
See United States v. Blue, 384 U.S. 252, 255, 86 S.Ct. 1416 L.Ed.2d 510 (1966).
The U.S. Supreme Court itself has applied the Rule to various statutory violations.
Sabbath v. United States, 391 U.S. 585, 586, 588-90, 88 S.Ct. 1755, 20 L.Ed.2d 828
(1968) and has held open this application while denying use of the rule for certain
regulatory violations. Likewise, the U.S. Court of Appeals have held suppression
appropriate where federal statutes have been violated.  United States v. Mars, 986
F.2d 1216, 1218-19(8th Cir. 1993).United States v. Russell, 411 J.S. 428,93S.Ct1637.

    Because the government acted to deprive all Constitutional rights, remedies
and immunities, and did act without the sufficiency of evidence as determined by
Federal Rules of Civil Procedure, Rule 52, where a diveristy exam of the real facts
of "No Charge" because there being no assessment as pursuant to 28 U.S.C. 1359
there can be no charge in the judgment without a civil assessment made for the pur-
pose of prosecuting a Tort Claim by Order to Show Cause- Why a Tort Claim should
not issue to purge the libel. Thus, the case is an open escrow, and the controversy

is because the attorney responsible for paying the damages has completely failed
to pay out the escrow to close the escrow/case. Which proves that there are no
charges, because there must be a civil assessment (a tax assessment) from a civil
court with original jurisdictio to provide the charge for the excrow agent(attorney)
to charge the detainer. Thus, by this, the plaintiff issue an Order to Show Cause
why a Tort Claim should not issue. under 28 U.S.C. 1361.

19.  Thus the plaintiff request for "Nunc-Pro_Tunc" review of the record and that
such review is materality in standard. That review is "De Novo Review" or a
complete review of records to include the certified judgment and Corresponding
Finding of Facts and Conclusion of law pursuant to Fed. R. P., Rule 52a for Court
case 9012CR1281 Jefferson County District Court, First Judicial District, State of
Colorado. Wherefore will prove that the government did by collusion through the
U.S. Department of Energy, and the American Medical Profession, and all others as
stated in the Complaint, did act to create the commerical interest of this Plaintiff.

It is this plaintiff's believe that the public interestwould be foremost
to know that the government agencies did act by fraud, and extortion, to create
the violation under the RICO Act, to coverup , conceal, and suppress material evid-
ence that are genuine issues and the controversy now before this court. 18 USC 871

20.  That on January 3, 2007, the new FOIA officer did answer and state that
a search had been conducted for materials requested for medical, radiological and
"Various other Records" contained in Privacy Act system . Thus stating that "No
medical recordsf were located, nor any other records located related to the employ-
ment. See see attached exhibits of employement and the final payment made by E.M.C.
Engineering for service conducted at Rocky Flats. Also see articles of public in-
formation that verify the failures and refusals of the U.S. Department of Energy in
court, and by experts. Notice that the letter of January 3, 2007 was 6 months after
the termination of Lisa Bressler's granting the determination. Let the court also
note that the medical records found were from Marian Wilcox, DOE, 250 East 5th St.

Suite 500, Cincinati, Oh. 45202. The Records show that no report was completed
on dosimetry, and no medical reports, but did establish that the plaintiff did
work with E.M.C. Engineering.see attached. one  page. See also A.R. 31 and 32.

The plaintiff did answer the January 3, 2007 letter for appeal and did
file the aappeal on Janury 16, 2007, See attached letter ofJanuary 16, 2007, to
no avail.

The real controversy are many in this case, and are hidden by government
introvention will and can be seen if this court will allow this plaintiff to
seek the 4 (four or more addidavits)to verify these facts and statements from the
confidential informants and experts who are not accessable because of this plaint-
iff's imprisonment and from the threats to informants who would come forward.
The failure to provide explict statement about who would disseninate the information
are controled and fear for their life. If the government will incarcerate the innocent
because he was severly poisoned with mercury and other heavy metals and radiation,
for 17 years, then those people in power will do anything to coverup the atrocities
against mankind by destroying all people who would come forward to testify or evid-
ence which would remove the veil of deception, fraud, extortion, bribery, and have
acted jointly and severally with the crime of having treasonably conspired and acted
against the people and security of the United States and have treasonably conspired
to destroy Constitutional Government in the United States. Outragious government conduct.

Because the states no longer feel the scruntiny of being under the law of
the "Freedom of Information Act or the Privacy Act, they now openly commit fraud,
as a matter of normal procedure, to deny the citizens or sovereign citizen of the
United States in the State of Colorado U.S. Constitutional rights, and their oaths
of office and oaths of admission to  practice law. See End Notes

Federal courts cannot condone deliberate violations of basic constitutional
rights, to do so would violate the judicial oath to uphold the Constitution of the
United States. See Adamson v. C,I.R. 745 F.ñd 541, 546(9th Cir. 1984).

These violations of the Freedom of Information Act 5 U.S.C. Section 552
by corporate fraud and accounting fraud of the Sarbanes-Oxley Act of 2002, H.R.
3763 by agencies defined by the Uniform Commerical Code, to include the state
of Colorado, and government agenies so stated that the plaintiff in order to
promote transparency and to ascertain the civil commission enabling the stated
agents as members of the government, which were included in the complaint for
acts and omission in violation of this Act of 2002.

Because the federal government and their corporate agenies of the United
States, to include the Department of Energy, the U.S. Department of Defense, the
U.S. Army, and the American MEdical Association, Rockwell Inter. Corp, and Dow
Chemical, the State of Colorado, and it corporate agenies as stated and named
in the complint did by acts and omissions deprive U.S. Constitutional rights
under color of law and conspiracy to deprive rights under color of law, Title 18
U.S.C.A. Sections 241 and 242 and did act with judicial officers in Jefferson
County of the state of Colorado, where the judge did breach her duty to uphold
the U.S. Constitution and did act by fraudulent means in violation of the of
the laws so stated.

By these acts the government created the commerical interest of this plain-
tiff by the above acts and all the afore mentioned persons, named and unnamed,
also committed the crime of filng and being caused to have on file with several
states and federal agencies fraudulent information under 18 U.S.C. 2071 and
statutes of fraud and perjury, by fingerprint information, photograph imagery,
testimony andcourt documents, as well as bond information. 18 U.S.C. 1621, 1623.

Where by Federal Rules of Civil Procedure, Rule 52a shows no charges, in
case No 90 CR 1281 of the Jefferson County Court, State of Colorado, thus violated
due process and did by obstructing justice act without jurisdiction to illegally
imprison this plaintiff. 18 U.S.C.A. Section 1501. and 871.

-11-

The Plaintiff would have stated those to whom he would release or disseminate the information if directed that he had to name them, which would have included the "Rocky Mountain Peace and Justice Center" and Rocky Flats Citizens Advisory Board" and the"Rocky Mountain News" and  three labor unions whose member were poisoned while working at the Rocky Flats Nuclear Plant. See attached letter of February 27, 2006 from the Rocky Mountain  Peace and Justice center.

The violations of this plaintiff can not be determined unless a complete review of records are performed by this court  as stated in  arguement for the commerical interest, and so presented to deny this summary judgment.

That in accordance with 28 U.S.C. 1746, I declare under penalty of per-jury that the foregoing is ture and correct to the best of my knowledge.


_May 2, 2007_
Date

_Wayne Brunstius_    UCC 1-207
Wayne Brunsilius, Reg. No. 65458
P.O. Box  Unit AB 109
Burlington, Colorado 80807


End Notes

UCC 1-203  Every contract or duty within the uniform Commerical Code imposes an
            obligation of good faith in its performance or enforcement.
UCC 1-205(1) A course of dealingis a sequence of previous conduct between the
            Parties in a particular transaction which is fairly to be regarded
            as establishing a common basis of understanding for interpreting their
expressions and other conduct.


-12-