UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYNE BRUNSILIUS,                )<br>                                                          )<br>                         Plaintiff,   )<br>            v.                                      )       Civil  Action  No. 06-2202 (RJL)<br>                                                          )<br>U.S. DEPARTMENT OF ENERGY,    )<br>                                                          )<br>                        Defendant.   ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY**

This action arises under the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. The issue in this case is whether Plaintiff is entitled to a fee waiver to process his FOIA request, pursuant to 10 C.F.R. §1004.9(a)(8).  Defendant believes that this issue may be resolved by dispositive motion, and that Plaintiff has not presented the Court with a valid reason to justify commencing discovery.

**BACKGROUND**

During the period November 2005, through February 2006, Plaintiff requested numerous records pursuant to the FOIA and the Privacy Act.  A.R. 01, 02, 03.  Defendant processed Plaintiff's Privacy Act request and released the relevant records to Plaintiff, without a fee.  A.R. 06, 07, 31-32.  Plaintiff was informed that his FOIA requests, as written, consisted of approximately 800 boxes of material and that, because the cost to search and review the boxes was estimated at $240,000.00, Plaintiff would need to either reformulate his request, provide assurance that he would pay the fee, or demonstrate his entitlement to a fee waiver.  A.R. 15.  In response, Plaintiff claimed that he is imprisoned and indigent, and "has legal need of these records for court use."  AR 16.  Because Plaintiff failed to narrow the scope of his request, failed to pay the required fees, and failed to meet the eligibility requirements for a fee waiver,

Defendant closed Plaintiff's FOIA request and notified Plaintiff of his right to appeal.  A.R. 19-20.  Plaintiff's subsequent administrative appeal, renewing his request for a fee waiver based on his imprisonment and his claim of indigence, was denied.  A.R. 21-23, 28-30.  Thereafter, Plaintiff filed this Complaint.  On April 10, 2007, Defendant filed a Motion to Dismiss, or, Alternatively, for Summary Judgment ("MTD/MSJ").  On May 7, 2007, Plaintiff filed a response to Defendant's MTD, a response to Defendant's MSJ, and a Motion for Discovery.  Defendant hereby opposes Plaintiff's Motion for Discovery.

## DISCUSSION

### I.      Discovery Is Inappropriate and Unwarranted in this FOIA Action.

Plaintiff has moved the Court to compel discovery in the form of affidavits.  *See generally* Plaintiff's Motion.  Because the issue in this case is whether Plaintiff qualifies for a fee waiver to process his FOIA request, it is unclear what purpose would be served by allowing Plaintiff to conduct discovery.  It is well settled that "discovery is to be sparingly granted in FOIA actions."  *Public Citizen Health Research Group v. Food and Drug Administration*, 997 F. Supp. 56, 72 (D.D.C. 1998), *aff'd in part, rev'd in part & remanded on other grounds*, 185 F.3d 898 (D.C.Cir.1999); *Code v. FBI*, 1997 WL 150070 at * 8 (D.D.C. March 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); *see also Katzman v. Freeh*, 926 F. Supp. 316, 319 (E.D.N.Y. 1996) ("discovery in a FOIA action is extremely limited"); *Judicial Watch, Inc. v. Dep't. of Justice* (" Judicial Watch II "), 185 F. Supp. 2d 54, 65 (D.D.C.2002) (noting that "[d]iscovery is not favored in lawsuits under the FOIA"); *Goland v. CIA,* 607 F.2d 339, 352 (D.C. Cir. 1978).

Because the only issue in this case is whether Plaintiff is entitled to a waiver of fees to process his FOIA request, and Plaintiff has not demonstrated that allowing him to conduct discovery, in the form of affidavits from "confidential informants," would in any way bear on the issue of whether Plaintiff is entitled to a fee waiver, discovery is inappropriate and unwarranted .[1] *See Flowers v. I.R.S.*, 307 F. Supp. 2d 60, 72 (D.D.C. 2004) ("the court cannot expand FOIA discovery to suit the plaintiff's investigatory objectives").

## II. Federal Defendant's Declarations Are Reasonably Detailed Such That There Is No Remaining Factual Dispute.

In support of his motion for discovery, Plaintiff argues that

> "records will show that FOIA officer Lisa Bressler failed to inform this plaintiff . . . where to make payment . . . [b]ut at no time did the FOIA officer request that a payment be submitted to their office as an assurance to pay fees . . . . [t]o inform this plaintiff that if they do not receive the information from him by a date, did not declare to the plaintiff that he was being directed to make a payment as a means to prove willingness to pay."

Plaintiff's Motion for Discovery, ¶¶ 22, 23.

In fact, it is plain from the Administrative Record, and from the Government's declaration, that Plaintiff was informed where to make payment, and was informed that he needed to assure the DOE that he was willing to pay the fees in order for his FOIA request to be processed. A.R. 14, ¶ 4. Bressler Decl. ¶¶ 7, 8, 9. Plaintiff was also informed that he could request a waiver of fees pursuant to 10 C.F.R. 1004.9. *Id.* Ms. Bressler's March 9, 2006, letter clearly states:

---

[1] Indeed, Plaintiff's proposed affidavits appear to have nothing to do with the processing of his FOIA request but instead appear related to his "legal need of these records for court use." AR 16. As such, Plaintiff's proposed discovery would not aid the Court in deciding this FOIA matter.

>"[p]lease submit in writing to this office your assurance to pay fees or an amount you are willing to pay to process the request. You should provide this statement to this office by March 27, 2006." A.R.14, ¶ 4.

*See* Defendant's MTD/MSJ and attached A.R.14, ¶ 4. and Bressler Decl. ¶¶ 7, 8 , 9.

Plaintiff has not demonstrated that Defendant's declaration was submitted in bad faith. *See Schrecker v. Dep't of Justice*, 217 F. Supp.2d 29, 35 (D.D.C.2002)("[d]iscovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."), *aff'd*, 349 F.3d 657 (D.C. Cir.2003). In fact, it is plain from reading the declaration that it is reasonably detailed and was submitted in good faith. *See* Defendant's MTD/MSJ and attached Declaration. This should end the matter. *Carney v. DOJ*, 19 F.3d 807, 812 (2d. Cir. 1994), *cert. denied*, 513 U.S. 823 (1994) ("In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate."), *citing Goland v. CIA*, 607 F.2d at 355.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to conduct discovery should be denied.

Dated: May 21, 2007.	Respectfully submitted,

   Jeffery A. Taylor
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 307-0895

Of Counsel:
Jane Schlaifer, Esq.
Department of Energy
Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAYNE BRUNSILIUS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Civil Action No. 06-2202 (RJL) |
| | ) |
| U.S. DEPARTMENT OF ENERGY, | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I certify that on May 21, 2007, a copy of the foregoing was served by regular United States mail, postage pre-paid, upon:

WAYNE BRUNSILIUS, No. 65458
KITCARSON CORRECTIONAL FACILITY
Unit AB - 109
P.O. Box 2000
Burlington, CO 80807


/s/Sherease Louis
SHEREASE LOUIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WAYNE BRUNSILIUS,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**U.S. DEPARTMENT OF ENERGY,** )<br>)<br>**Defendant.** ) | Civil Action No. 06-2202 (RJL) |

## ORDER

Upon consideration of Defendant's Opposition to Plaintiff's Motion for Discovery, it is this ____ day of May, hereby

ORDERED that the Plaintiff's Motion for Discovery is DENIED.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

Copies of this order to:
WAYNE BRUNSILIUS, No. 65458
KITCARSON CORRECTIONAL FACILITY
Unit AB - 109
P.O. Box 2000
Burlington, CO 80807