UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

JUN 4 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WAYNE BRUNSILIUS,

           Plaintiff,          Civil Action No 06-2202 (RJL)

v.

U.S. DEPARTMENT OF ENERGY,

           Defendant,

---

PLAINTIFF'S REPLY TO DEFENDNAT'S MOTION OPPOSITING DISCOVERY

This action arises under FOIA, 5 U.S.C. Section 552 and the Privacy Act, 5 U.S.C. Section 552(a) violation by the State of Colorado who have by acts and omissions forced, threatened, by duress, coercion, extortion and bribery to control, and conceal, suppress the requested information from the U.S. Department of Energy, Project Office, 12101 Airport Way, Unit A, Broomfield, Colorado 80021-2583, of the records and medical conditions of this request. The state of Colorado, and it's agencies, to include judicial officers and law enforcement, have threatened, and acted by duress, coercion and extortion, and bribery, to prevent the plaintiff from discovery of all material evidence, to include threats of death, and political threats for all executive and legislative branch of Colorado Government, or expert authorities on radiation or heavy metals, to include doctors, and colleges, who would assist, or provide material evidence.

1). This plaintiff has never used his indigency as any form of justification to grant the waiver of fees so stated by FOIR officer Lisa Bressler, March 9, 2006 letter, estimated amount of $240,000.00 thousand dollars for review, This plaintiff provided Lisa bressler a copy of the plaintiff's inmate account, for purposes of making a qualified contract offer of $ 5.00 per month as a showing of good faith offering to pay the cost for records, and to substantiate that this plaintiff was willing to offer all he had, or was paid as a means for this plaintiff's assurance to pay.

-1-

2). This plaintiff did in writing make a request for waiver of fees pursuant to 10 C.F.R. Section 1004.9(a)(8) in his letter of March 20, 2006, provided this court, and did follow the directions of the FOIA officer statement.

> "Please submit in writing to this office your assurance to pay fees or an amount you are willing to pay to process the request. You should provide this statement to this office by March 27, 2006." A.R. 14

The court should note that the statement makes very clear that this plaintiff provide a statement, as was complied with by this Plaintiff's March 20, 2006 letter. This plaintiff made his contractural offer of $ 5.00 per month, and provided his inmate account statement to confirm that amount. IF the FOIA officer had made clear that this plaintiff was required to surrender payment, it was not explictly stated.

3). The contractural offer was rejected by the Rocky Flats Project office, for the amount of $5.00 per month, and they justified their actions by false conclusions, and statements, which amounted to a denial build on fraud. See letter of April 25, 2006, forth pargraph which re-directs the waiver to requirements, to be satisfied before the waiver could be approved. This information was not stipulated or used as a justification for denial, but after the fact. Now Counsel argues that this plaintiff has obviously meet these two stipulated conditions for the wavier of fees, as stated in April 25, 2006 letter. Lisa Bressler never raised the issue that the defendant has, because of duress, threats, and extortion were placed on the FOIA officer, which caused her to loose her job.

The statement made my attorney Robert Palmer on June 7, 2006, confirms that Lisa Bressler was no longer employeed at the Rocky Flats office, and that the "people who are now performing her job would not be able to loqate your determination." From this action and conditions which caused Lisa Bressler loose her job,

Whether fired, or she quit, the fact remains that Lisa bressler had tried to act according to the rules, but had been denied, or forced by threats, in the form of duress, or coercion, or extortion to leave. She quotes, "They are not returning her calls" Obviously Attorney Robert B. Palmer could not get copies of the records to deal with the appeal, and he stated that Plaintiff to furnish all the copies. From this, the court can see that there exist a complete turn around of receptiveness to assist, to the refusal to deal with the issues or records, or even their own attorney Ropbert B. Palmer. This court has to understand the gravity of motive or intent that caused the Colorado B.F. Project Office to act totally uncooperative, and these actions did violate this request for records.

4) This plaintiff tried to reduce the request for records from the project which were performed for the U.S. Department of Defense, which was Paid for from or by the U.S. Department of Energy, but all the judicial officers and courts in Colorado has by discovery found that this plaintiff was in fact the person who performed the investigation and inspection for the Environmental impact study which proved that the U.S. Department of Energy and Rockwell was storing radioactive waste on site, and was in fact dumping this ash in the sewerage lines over a long period of time, and that the only way that this plaintiff can prove that the U.S. Department of Energy did by gross negligence and fraud, expose this plaintiff will be by all the records requested.

5). LIsa Bressler's declaration was not only submitted in bad faith, was done so to protect herself from the threats, duress, coercion, and extortion being in flicted by the judicial officers who have violated their oath of admission and office, and have conspired to commit treason, extortion, kidnapping of this Plaintiff, Criminal fraud, Conspiracy to commit fraud, false arrest, false imprisonment, unlawful enrichment in the form of double dipping, and conspiracy against my rights.

6). This plaintiff request discovery for the sole purpose of allowing this plaintiff to provide this court by affidavit that the 10 criminal charges accepted by Rockwell were the tip of the ice berg, and that these "confidential informants" would provide this court with the material evidence that the State of colorado, through these judicial officers, and others named and unnamed, have committed several criminal acts to conceal and suppress evidence, witnesses, documents, and have blatantly and purposely deceive the court and the public, and have filed false criminal charges against this plaintiff, where the district court judge could not certify the judgment or the corresponding finding of facts and conclusion of law, pursuant to Fed. R. C Procedure, Rule 52 (a), and has now resigned her position as district judge.

7). Because the informants fear for their lives, and because the U.S. Department of Energy and the American Medical Asociation have by coercion suppressed the diagnosis and treatment for conditions suffered by persons who worked at the Rocky Flats Nuclear Plant, these confidential informants will provide this court with facts of duress, coercion, extortion, fraud, and bribery to cover up and conceal the truth from the public of the extreme hazardous conditions which were allowed to be released from the Nuclear Plant. These affidavits will confirm that the declaration of Lisa Bressler was submitted in bad faith, leaving out the truth and duress under which she had to work, and finally left that position.

8). The tangible evidence presented to show that the declaration was incomplete and presented in bad faith, do to duress as stated, would allow the affidavits to provide this court and the summary judgment is otherwise inappropriate.

9). The request for discovery also included the Jefferson county district court files, to include the judicial files or administrative files which confirm that the district court judge could not certify the "judgment" or Corresponding finding of facts and conclusions of law" and for the medical files at the Kit Carson Correctional

-4-

center, in Burlington, Colorado. These legal records will confirm for this court that the Jefferson County District Court, has acted as part of the fraud, extortion, bribery, and has kidnapped this plaintiff and has illegally held him hostage in an attempt to kill him by denying him all medical care.

10) The Jefferson county Court Records will provide this court with the legal proof that there is no U.S. Constitutional law in the State of Colorado, and that the courts, to include the Colorado Appeals Court and the Colorado Supreme court, has committed the crimes of acting under color of law and conspiracy to deprive rights under color of law. Title 18 U.S.C.A. Section 241 and 242. and violations under the Trading with the enemy act of Congress (Oct. 6, 1917) by acting as un-registered, unlicensed foreign agents, which is a matter of national Security also see National Emergency Act, and Title 50 U.S.C.

11). This plaintiff's request for this information so stated, has placed this plaintiff in threat of life because of his filing for records and the records from the U.S. Department of Energy, which these foreign agents know will provide the public and the court with facts of criminal acts never before presented, that this plaintiff ask of this court to be placed in protective cusody of the U.S. Marshall.

12). That by this plaintiff's reporting the afforementioned crimes pursuant to Title 28 U.S.C. 1343 and Title 18 U.S.C.A. Section 4, who ever having knowledge of the actual commission of a felony cognizable by a court of the United States, concerns and does not as soon as possible make known the same to some judge or other civil or military authority under the United States, is guilty of the crime of misprison of felony, 18 U.S.C.A 4 .

13) This plaintiff hereby requests and petitions this federal court to immediately detain and bring before a court for actions treason, fraud, extortion, kidnapping, misprison of felony, conspiracy and conspiracy to commit fraud, bribery, and obstruction of justice and all other crimes as stated.

In Conclusion,, the only way that this court can act to confirm these criminal actions, will be by the discovery as requested, to confirm that this Freedom of Informatin Act request for records has uncovered the criminal acts by judicial officers who deprive U.S. Constitutional rights to build the prison system by acts of treason against the sovereign citizens of the State of Colorado.

Because the State of Colorado judicial officers lacked jurisdiction, both subject matter and personal, and original jurisdiction in both the district court and the Colorado supreme court, The tenth fedral district has violated its duty to enforce and control the state of Colorado who has by criminal misrepresentation, pursuant to Jewish Center of Sussex County v. Whale, 86 N.J. 619, 423 A.2d 521, 524 has acted treasonably and conspired against the peace and security of the United States and having treasonably conspired to destroy Constitutional government in the United States. Thus venue needs to be changed to different Federal court.

For the foregoing reason,Plaintiff's request to conduct discovery should be granted because of the acts to destroy all U.S. Constitutional rights and law throughout the United States, which included the Freedom of Information Act.

This plaintiff is 12 years beyound his mandatory release date from prison if charges
Respectfully Submitted,
                                                        could have been proven.

*Wayne Brunsilius*, Reg. No. 65458 Unit BA 114
P.O. Box 2000
Burlington , Colorado 80807


CERTIFICATE OF SERVICE

I certify that on May 30, 2007, a copy of the foregoing was served by first class mail,postage prepaid upon:

U.S. Department of Justice
United States Attorney
District of Columbia
SHEREASE LOUIS
555 4th Street, N.W.
Washington, D.C. 20530

*Wayne Brunsilius*
WAYNE BRUNSILIUS

-6-