RECEIVED
JUN 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WAYNE BRUNSILIUS,

        PLaintiff,                       Civil Action No. 06-2202 (RJL)

    v.

U.S. DEPARTMENT OF ENERGY,   et al,

        Defendant,

PLAINTIFF'S AMENDED REPLY TO DEFENDANT'S OPPOSITING DISCOVERY

This action arises under FOIA, 5 U.S.C. Section 552 and the Privacy Act 5 U.S.C. Section 552(a) violations by the U.S. Department of Energy and the State of Colorado, who has violated the Privacy Act, and who have by their acts and ommissions has by force, threats, by duress, coercion, extortion and bribery to conceal and control, suppress, distort, pervert and obstruct the requested information that this plaintiff has requested from the U.S. Department of Energy, Project Office, 12101 Airport Way, Unit A, Broomfield Colorado 800021-2583, for the records, medical conditions and hazardous conditions by this request.

The State of Colorado, and it's agencies to include judicial officers and law enforcement officers, have acted by judicial impedence and threats have acted by duress, coercion, and extortion, and bribery, to prevent this plaintiff from discovery of all material evidence in this civil action or criminal case in Jefferson County District Court. Such threats include threats of death, and political threats to Colorado legislative branch of colorado government, and executive branch, and experts and authorities on radiation or heavy metals, to include doctors, and colleges, who would assist, or provide material evidence.

1). This plaintiff fiels an amended reply becaue of medical conditions, which result from reactions to drugs which casued liver dysfunction and kidney dysfunction were created by adverse effects for improperly marked drugs, or drug was not as

-1-

stated, creating severe adverse damages and effects to include loss of hearing, and kidney and liver damage, letergy, and loss of ability to function. See Exhibits.

2). That this plaintiff has never used his indigency as any form of justification to grant the waiver of fees so requested for records, but stated by FOIA oficer Lisa bressler, March9, 2006 letter, who estimated the cost amount of $240,000.00 thousand dollars for review and location of 800 boxes of records, not to incude cost of copy. This plaintiff provided Lisa Bressler a copy of the plaintiff's inmate account, for the purposes of making a qualified contract offer of $5.00 per month, as a showing of good faith offering to pay the cost for such review and for records, and to substantiate that this plaintiff was willing to offer all he had, or was paid as a means for this plaintiff's assurance to pay.

3). That this plaintiff did in writing make a request for waiver of fees pursuant to 10 C.F.R., Section 1004.9(a)(8) in his letter of March 20, 2006, provided this court, and did follow the directions of FOIA officer statement.

> "Please submit in writing to this office your assurance to pay fees or an amount you are willing to pay to process the request. You should provide this statement to this office by March 27, 2006." A.R. 14

The court should note that the statement makes very clear that this plaintiff provide a statement, as was complied with by this Plaintiff's March 20, 2006 letter. This plaintiff made his contractural offer of $5.00 per month, as the amount willing to pay to process the request. If the FOIA officer had made clear that this plaintiff was required to surrender payment, it was not explictly stated.

4).That the contractural offer, or amount the plaintiff was willing to pay, or could pay, by his inmate account was rejected by the Rocky Flast Project office, for the amount of $5.00 per month, and they justified their actions by false conclusions, and statements, which amounted to denial built on fraud. See letter of April 25, 2006, forth paragraph which re-directs the waiver to requirements, to be satified before the waiver could be approved. The requirement was not stifpulated or used as a justification for denial, but after the fact.

The defense counsel presented these two issues, but the FOIA officers had not made clear that the names be given for release of such information, which was provided by this plaintiff. The justification for use of this information was not primary used for the commerical use of this plaintiff, but the U.S. Department of Energy and State of Colorado did by actons and omissions create the commerical interest by their false arrest, conviction and false imprionment, was sufficient proof of coercion by the U.S. Department of Energy by duress, bribery, extortion, coercion, and by use of persons named and unnamed in their individual capacity in government to obstrict justice, conceal, suppress, and deny access to the court, due process, required to illegally arrest, convict and imprison this plaintiff. Because of the above mentions that this plaintiff has need of discovery, and for review of his criminal files and medical files, and copies of such, by subpoena to provide this court the absolute proof of the involvement and coercion, that exist between the U.S. Department of Energy and the State of Colorado. LIsa Bressler or the R.F. project office used these two stipulations as a justification for denial, which resulted from their own failures to be explicit, as the FOIA office never raised the issues that the defense counsel had, because of duress, threats, and extortion were placed on the FOIA officer, which caused her to loose her job.

  The statement made by attorney Robert Palmer on June 7, 2006, confirm that Lisa Bressler was no longer employeed at the Rocky Flats Office, and that the "People who are now performing her job would not be able to locate your determination." From this action and conditions would cause Lisa Bressler to loose her job. Whether fired, or she quit, the fact remains that Lisa Bressler had tried to act according to the rules, but had been denied, or fored by threats, in the form of duress, or coercion, or extortion to leave. She quotes, "They are not returning her calls" confirms that she had tried to contact her former office, and that theyhad cut communications, and that all records she had worked on, they had refused to provide attorney Robert B. Palmer, of the U.S. Depart. of Energy to act

on the appeal filed by this plaintiff, who was asked by attorney Palmer to furnish the copies of determination and records. From these actions, the court can see the motive and intent that exist, and that a complete turn around of receptiveness to assist, to the refusal to deal with the requested records and issues, or even their own attorney Robert B. Palmer. Thus this court can understand the gravity of motive behind the Colorado R. F. Project office, to act totally unco-coperative, and these actions did violate this request for information under the freedom of information, and waiver of all fees.

    5). That this plaintiff tried to reduce the request for records from the 1983 project which was performed for the U.S. Department of Defense, and was Paid for from E.M.C. Engineering through the U.S. Department of Energy. Thus this plaintiff also includes that discovery would also include the Study and environmental impact study from E.M.C. Engineering, to include all reports, contracts, and industrial hygienist testing reports, lab reports, and manner of testing on site be included. To include who paid them, and the contract they employeed to provide the investigation and study be provide this court, whether it be the U.S. Depart of Defense or U.S. Depart. of Energy. or their contractors.

    6). That Lisa Bressler's declaraton was not only submitted in bad faith, but was done so to protect herself from the threats, duress, coercion, and extortion being inflicted by the judicial officers who have violated their oath of admission, and office, and have conpired to commit treason, extortion, kidnapping this plaintiff, when all the judicial officers and courts in Colorado did by discovery find that this plaintiff was in fact the person who performed the investigation and inspection for the Environmental impact study which proved that the U.S. Deparmtment of Energy and Rockwell was storing radioactive waste on site, and was in fact dumping this ash in the sewerage lines over a long period of time, and that the judicial officers have acted by criminal fraud, conspiracy to comit fraud, and did false

arrest, convict and imprison this plaintiff, and through unlawful enrichment in the form of double dipping , and conspiracy against my rights, they acted to deprive all U.S. constitutional rights, and have acted to conceal these records so requested.

6). That this plaintiff request discovery of the following to aid and assist this court in its determination of this violation of the Freedom of Informaton act, and for the violations of the Privacy act by the State of Colorado, to include the following:

1. That this court issue subpoena for enviromental impact study and re-reports produced by E.M.C. Engineering, to include all Industrial Hygienst records, lab reports, studies, and on site testing in the sewerage lines, to include who paid them, who contracted them, and all reports provided them by Rockwell or the U.S. Department of Energy or Defense Department, concerning the May 24,1983 project. By U.S. Marshall.

2. That this court issue subpoena for records from the 10 th Federal district court in Denver Colorado, Judge John Kane,, 1990, land Contamination case settled in 2006 for all reports, records, and judgments be provided this court for review. Be served by U.S. Marshall.

3. That this court issue subpoena for the criminal records at the Jefferson County district court, 100 Jefferson county Parkway, Golden, Colorado 80401 for case no. 90CR 1281,to include the judicial file or administration file which includes that the court certify the judgment and finding of facts and conclusion of law that this plaintiff had to plea to, which will provide this court with the facts that all U.S. Constitutional law has been deprived, and access to the court, due process of law, and that this all defense attorneys have acted to deprive rights, and have in fact committed malpractice of law, and have violated their oath oath of admissions and office to conceal, suppress all material evidence or the fact that this plaintiff was severely mercury poisoned, and radiation poisoned from his work at Rocky Flats and that the American Medical profession has acted by collusion to deny all treatment for this stated conditions. Be served by U.S. Marshall, and copies provided this plaintiff.

4. That this court issue its subpoena for medical records of the Urination testing completed by the Colorado Department of Correction on July 28, 1993, collection No.01100063537, Lab no. 478542, by the Colorado Depart. of Health, Division of Lab. 8100 Lowry Blvd, Denver, Colorado 80230-6928, and the Colorado Department of Corrections, 2862 S. CircleDr., Suite 400 Colorado Springs, Colorado 80906-4195, inmate records for the urination test completed on the above stated date, be served by U.S. Marshall and provide this plaintiff and the court. Will prove severe mercury poisoning.

5. That this court issue it subpoena for all medical records of this Plaintiff at the Kit carson Correctional Facility, 49777 County Rd V. Burlington, Colorado, 80807 for all medical records that the state of Colorado has denied this plaintiff that will prove the severe mercury and radiation poisoning, be served by U.S. Marshall and provided this plaintiff.

6. That this court issue it order for subpena to the 10th federal court, in 1992 where Rockwell pled guilty to 10 counts of environmental crimes, and 10 crimal crimes and was fined, for its records, which will prove that the U.S. Dedpartment of Energy did not provide medical or protection that included urine, fecal, lung, body count, radiation exosure for its employees. Be served by U.S. Marshall for review by this court and provided this plaintiff.

7. That this court all this plaintiff be taken under the cudtody of U.S. Marshall and provided their assistance to seek the affidavits from the following persons who were directly involed in the investigation and inspection of Rocky Flats that shut it down in 1989:

A). These confidential informants be allowed the secrecy of this court and protection of this court. They will include five persons who are or were experts and have personal knowledge of the Rocky Flats Project, by investigation or inspection, or testing performed for or in conjunction with contracts or government work or study that will provide this court why the judicial officers, have acted in their individual capacity and have obstructed justice and all claims for medical benefits or for damages from the gross negligence and fraud of Rockewell and the U.S. Department of Energy . Three of the five have doctorate in related studies of Nuclear Chemistry, or hazardous waste or medicine. These informants will also provide this court that the charges filed and accepted by Rockwell in 1992 were the tip of the ice berg, and that these confidential informants will provide this court with the stated evidence that the State of Colorado has violated the Privacy Act, 5 U.S.C. Section 552(a) by concealing all records of medical results, testing, or treatment at their state controled Colorado University Hospital, or Colorado Health department, and the Colorado Department of Corrections.

7) That the discovery will provide this court with the material evidence that the state of Colorado, through these judicialofficers, and others named and unnamed, have committed sereral crimes and have acted to conceal and suppress evidence, witnesses, and records, and have blatently and purposely deceive the courts and public, and have filed false criminal charges against this plaintiff, where the district court jugde could not certify the judgment or the corresponding findingof facts and concludion of law, pursuant to Fed. R. C. Procedure, Rule 52(a), and has now resigned her position as district judge. Where the court filed false documents, by imagery, and provided fraudulent informaton to the several federal agencies, and other states in violation of the Freedom of informaton Act, and Pricacy Act.

These fraudulent documents, which have been made part of permanent record of the courts, finger prints, photoimagery, testimony, and booty, by physical body being held illegally imprison, for a foreign principle who is attempting to disguise his true nature and character. See Hafer v. Melo, 502 U.S. 21,116 L.ed. 2d 301, 112 S.Ct. 358(1991). Thus the State of Colorado has violated the privacy Act, by their willfully or intentionally failing to maintain the medical records and court records in accordance with the privacy Act.

8). That the informants fear for their lives, and because the U.S. Department of Energy and the American Medical Association, and all the judicial officers so included in the state of Colorado have by coercion suppressed the diagnosis and treatment for conditions suffered by persons who worked at the Rocky Flats Nuclear Plant, that these informants will if this court can provide this plaintiff with governmental protection from these judicial officers in the State of Colorado, from their extortion and duress, and created the anarchy in the Colorado Court system, because of there acts of treason, and fraud.

These confidental informants will provide this court with facts of duress, coercion, extortion, fraud, and bribery to cover up and conceal the truth from the public of the extreme hazardous conditons which were allowed to be released from the Rocky Flats Nuclear Plant. These affidavits will confirm that the declaration of Lisa Bressler was submitted in bad faith, leaving out the truth and duress under which she had to work, and finally left that position.

9). The tangible evidence presented to show that the declaration was incomplete and thus presented in bad faith, do to the duress as stated, will provide this court with sufficient evience to allow the affidavits be provided this court. Thus the summary judgment is other wise inappropriate do to the facts provided.

In conclusion, the information provided by the Jefferson county district court will provide this court with the legal proof that there is no U.S. Constitutional law in the State of Colorado. and by this review of these criminal files,

and the motions so filed and denied by the Jefferson County district court in the State of Colorado, that this plaintiff was falsely arrested, convicted, and imprisoned, by violation of double jeopardy, due process, access to the courts, and breach of duty by the judge to provide a fair and impartial trial. Thus, the lack of U.S. Constitutional law in Colorado included the Colorado Appeals court, and the Colorado supreme Court, who have acted and committed the crimes of acting under color of law and conspiracy to deprive rights under color of law. Title 18 U.S.C.A. Section 241 and 242, and have also acted in violation under the letter of the law and violatons under the Trading with the Enemy Act of Congress (Oct. 6,1917) by acting as unregistered, unlicensed foreign agents, which is a matter of national security, also see Natinal Emergency Act, and Title 50 U.S.C.

That this plaintiff's reporting the afforementioned crimes pursuant to Title 28 U.S.C. 1343 and Title 18 U.S.C.A. Section 4, who ever having knowledge of the actual commission of a felony cognizable by a court of the United States, concerns and does not as soon as possible make known the same to some judge or other civil or military authority under the United States, is guilty of the crime of misprison of felony, 18 U.S.C.A. 4.

Thus this plaintiff hereby request and petitions this federal court to issue it subpoena, and order for these records which will provide this court with acts of treason, fraud, extortion, kidnapping, misprison of felony, conspiracy and conspiracy to commit fraud, bribery, and obstruction of justice and deprivation of all U.S. Constitutional rights and law in the State of Colorado, and grant this covery as stated because the state of Colorado has illegally held this plaintiff hostage and has attempted to kill him by denying him all medical care.

That this court can not as a fact finder provide a fair and impartial trial unless this discovery is granted, which will Confirm these criminal acts, so stated which has forced Lisa Bressler's declaration to be completed in bad faith to protect herself from the duress, and extortion be inflicted to suppress records re-

quested under this Freedom of information Act, and Privacy Act, which have been violated by person of the judicial and law bar association of Colorado. That this request for records has uncovered the criminal acts by judicial officers, who have create the commerical interest, that these records could be used to confirm the breach of duty by judicial officers, and their duty to uphold their oath of admission and office and their allegiance to uphold the U.S. Consititution and the laws of the Colorado Constitution. Thus the State of Colorado uses perjury of oath and treason to extract confession, as stated in the 10 th federal district court of Colorado, by the former Attorney General of Colorado, who believe that perjury and fraud on the people is providing a fair and imparital trial.

Because the State of Colorado judicial officers lacked jurisdiction, both subject matter and personal jurisdiction in the Jefferson County District Court, and has refused to set hearing for immediate release, and the Colorado Supreme Court has failed and refused to comply with the U.S. Constitutional law and rights, and the tenth federal district has violated its duty to enforce and control the State of Colorado, who has acted by criminal misrepresentation, pursuant to Jewish Center of Sussex County v. Whale, 86 N.J. 619, 423 A.2d 521, 524 and has acted to create material misrepresentation which is fraud on the people, by depriving all U.S. Constitutional rights, and has acted treaasonably and conspired against the peace and security of the United States and treasonably conspired to destroy Constitutional government in the United States. That this plaintiff request that venue needs to be changed from the 10th federal district court in this criminal case to this federal district for review pursuant to the fore going request for discovery, and review, because the judicial officers of the territority of Colorado has created the commerical interest, and according to law are exempt of the Freedom of Information Act, as was stated, which has given these judicial officers the unlawful and unrestrained access to inflict extortion to stop all request for records, such as this request.

For the foregoing reason, the plaintiff's request to conduct discovery should be granted because of the acts to destroy all U.S. Constitutional law and rights in the United States, which includes the Freedom of Information Act, and the Privacy Act so stated. IF they could have proven the charges, this plaintiff is thirteen years beyound his statutory release date and Sixteen years plus held hostage.

Respectfully Submitted,

*Wayne Brunsilius* UCC 1-207
Wayne Brunsilius, Reg. No 65458, Unit BA 114
P.O. Box 2000
49777 County Road V
Burlington, Colorado 80807

CERTIFICATE OF SERVICE

I certify that on June       2007, a copy of the foregoing was served by first class mail, postage prepaid upon:

U.S. Department of Justice
United States Attorney
District of Columbia
SHEREASE LOUIS
555 4th Street, N.W.
Washington D.C. 20530

*Wayne Brunsilius* UCC 1-207
Wayne Brunsilius

End Notes

Last known address to E.M.C. Engineering Inc.
2750 S. Wadsworth Blvd., Suite 201
P.O. Box 36009
Denver, Colorado 80236

Three times the medical in the Colorado Department of Corrections has given this plaintiff the wrong drugs purposefully to inflict death or damages so servere that it will stop him from seeking all legal acess and action Malpractice of medicine and attempted murder are the State of Colorado calling card.

# CORRECTIONS CORPORATION OF AMERICA
## KIT CARSON CORRECTIONAL CENTER

**INMATE REQUEST**   "FILE COPY OF REQUEST AS THE FIRST REQUEST WAS IGNORED"

**TO:** (Check One)

- [ ] Warden
- [ ] Classification
- [ ] Case Manager _____
- [ ] Asst. Warden
- [ ] Programs
- [ ] Unit Manager _____
- [ ] Security
- [x] Medical/Dental
- [ ] Other _____

**FROM:**

| Inmate Name | D.O.C. Number | Unit | Job/Assignment | Date |
|---|---|---|---|---|
| Brunsilius, Wayne | 65458 | BA 114 | Kitchen | 6/7/07 |

**REQUEST**

Second Request- Pursuant to improperly marked drug in Naproxen marked card

The Naproxen provided was not the drug as marked or like, or equal to the Naprosyn sold on canteen. The drug caused adverse health conditions, ringing in ears to the point of loss of hearing, lethergy, and over all loss of ability to function. I turned in this card on June 3, 2007 to medical line an dhave started this adverse conditions to several nurses, whohave provided me motrin in med line.

I am requesting the change to iburprofen for self meds

"Obviously, the drug was not Naproxen as marked, adn returned to the med line. The adverse health conditions have some what disappeared; and my hearing has begin to return, and with it my strength to work.

| Officer Signature | Date | Inmate Signature | Date |
|---|---|---|---|
| | | *Wayne Brunsilius* | 6/7/07 |

All requests will be handled in one of the following ways: 1) Written Information; or 2) Personal Interview.

_____ DO NOT WRITE BELOW THIS LINE _____

**RESPONSE**

| | Official Signature | Date |
|---|---|---|
| | | |

Distribution:   White - Department   Canary - Inmate
95967 (05/04)