UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
AUG 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WAYNE BRUNSILIUS,
      Plaintiff,

v.                                    Civil Action No 06-2202(RJL)

U.S. DEPARTMENT OF ENERGY, et al.
      Defendants.

WRIT FOR JUDGMENT ON PLEADINGS OF DISCOVERY
PURSUANT TO Fed. R.C.P., Rule 12(C)

    The Plaintiff moves this court pursuant to Fed. Rules of Civil Procedure, Rule 12(C), that any party may move for judgment on the pleadings of discovery filed on May 2, 2007 and amended reply to defendant's motion opposing discovery, filed on June 15, 2007.

    1).The plaintiff states that the Defendant raised the issue that"the plaintiff main purpose for the information requested under the "Freedom of Information Act", from the U.S. department of Energy, was only for the plaintiff's commerical interest." Because the defendant raised this issue, the plaintiff argued that the Commerical interest or criminal case was in fact created by the government to cover up and conceal the truth, which is obstruction of justice. As a result of governments due process violations,not only in this "Freedom of Information" request from the U.S. Department of Energy, to deny and deprive the information requested, but that the government also violated due process in the criminal case 90 CR 1281, Jefferson County District Court, State of Colorado. Pursuant to these due process violations that the plaintiff's request for discovery included the discovery of criminal case 90CR1281 files to include the judicial or administrative files from the Jefferson County District Court. Discovery per Fed. R.C. P. Rule 26., good cause showing and rules of evidence 702, 703 and 705.

2). Where the acts and omissions of the U.S. Department of Energy, in denial and refusal of records requested, violated due process of law of the Fifth Amendment of the U.S. Constitution, which is the corner stone of protection for abuse of government power. Because of the acts and omissions of the State of Colorado to influence, interfere, and deprive the plaintiff of this "Freedom of Information" request from the U.S. Department of Energy, is and was material to the request for discovery. The plaintiff will show that the State of Colorado, did impede in this Freedom of Information Request, by purposefully, willfully, and intentionally act to obstruct justice, to deprive this plaintiff of the requested information. These acts and omission by the State of Colorado results from the protection that the State agencies are not covered by the Privacy Act, See Dittman v. California, 191 F.3d 1020, 1026(9th Cir. 1999). Wherefore the State of Colorado in Criminal case lacked personal and subject matter jurisdiction, and did act by fraud, to impose jurisdiction upon itself. This discovery will show that on June 28, 2007, the Coloado Supreme court in answer to C.A.R. 21(a) and (b) Fraud, and void judgment because the District Court lacked jurisdiction was granted but the Colorado Supreme Court denied the CAR 21, refuseing to challenge each and every issue of the stated violation of Substantive and procedural due process of law of the Fifth and Fourteenth Amendment of the U.S. Constitution, as well as violation of access to the court, in violation of the First Amendment, which essentially deprived all U.S. Constitutional rights so stated and filed under Colorado R.C. P. Rule 60(B) of the CAR 21.

3). The material evidence of "No Charge" in the Judgment came from the reqest for certified copies of the judgment and corresponding Finding of Facts and Conclusions of law from the judicial file. When the Managing Court Reporter, Paula Oden either failed to product or refused to provide these records, the appeal was

directed to the Chief judge, Brooke Jackson, 100 Jefferson County Parkway, Golden, Colorado 80401-6002, where the chief judge certified two copies of the mittimus, which was an order to the Sheriff to take the plaintiff in custody, but could not provide the two instruments as pursuant to Fed. R.C. P., Rule 52(a) and Colorado R.C. P., Rule 52, as defined in Rule 58.

Because of a diversity exam of the real fact of 'No Charge' because there being no assessment as pursuant to 28 U.S.C. 1359 there can be no charge in the judgment without a civil assessment. This would issue from a 'Diversity in U.S. District Court, under Title 28 U.S.C. 1361, to show cause who a tort claim not issue.

4). Thus the plaiutiff was illegally arrested, convicted, and incarcerated by the State of Colorado to prevent this plaintiff from testifying before the federal grand jury, and to conceal the medical damages sustainable from the Rocky Flats Nuclear Plaint and American Medical Association. The plaintiff will show that by medical files requested and the Criminal files requested that the State of Colorado did act by collusion and conspiracy with the U.S. Department of Energy.

5). The discovery would provide this court with the facts and involvement that this plaintiff's request for information from the U.S. Department of Energy was inpeded by the State of Colorado, and persons, named and unnamed, who have committed Fraud, and did obstruct justice by their acts and omissions, extortion, bribery and moral wrongs committed by their having committed constitutional impermissable application of statutes, laws, and codes so stated, to cover up the fact that this plaintiff was severely mercury poisoned, and radiation poisoned.

In support of this the plaintiff cites, Public Citizen Health Research Group V. Food and Drug Administration, 997 F. Supp. 56, 72 (D.D.C. 1998) affir in part, rev'd in part & remanded on other grounds, 185 F.2d 898 (D.C. Cir. 1999); Code v. FBI, 1997 WL 150070 at *8(D.D.C. March 26, 1997. That discovery is not often part of the litigation process in FOIA actions, is it noted that     'not often' does not prevent or preclude, but is sparingly granted in FOIA actions, and this plaintiff

presented before this court the justification to grant discovery, and review all the facts and information, which includes the conspiracy to conceal and suppress by attorneys in the State of Colorado, who have by their acts and omissions have attempted to destroy all U.S. Constitutional law in the State of Colorado.

6). Thus, by these acts and omissions, the duress did cause the bad faith as addressed by lisa Bressler, which can be merely constructive. See Wecher v. National Enameling & Stamping Co. 204 U.S. 176, 27 S.Ct 184 (1907).

7). In conclusion, the Colorado Supreme Court acting by general or specific acquescence did come into agreement by not answering the C.R.C.P, Rule 60'(B), not to challenge each and every issue of the U.S. constitutional violations and and deprivation of those rights. Where the Colorado Supreme Court granted the waiver of fees because the Jefferson County District Court did lack jurisdiction provides the vehicle where by this court can make its determination that the State of Colorado did act by usurpation of all U.S. constitutional rights of this Plaintiff. In 1962 the U.S. Supreme court held that the Eighth Amendment did after all restrict the States and that Article VI of the united States Constitution called "The Supreme Law of the Land" the U.S. Constitution, and laws of the United States shall be made, or which shall be made in pursuance thereof, and all treaties made or which shall be made under the authority of the United States <u>shall be the Supreme Law of the Land,</u>" and the judges, in every state, shall be bound thereby, anything in the Constituion or laws of any state to the contrary not withstanding." The U.S. supreme Court stated in Perry v. United States,294 U.S. 330, 353 (1935) "The Congress cannot revoke the sovereign power of the people to override their will as thus declared."

8).Courts should not tolerate or condone disregard of law and arbitrary usurpation of power on the part of any officer." Ex parte Owen, 10 Okla Crim. Rep 284 136, P. 197, Ann Cas 1916A 522.

9). For the foregoing, the plaintiff request judgment on the discovery and to grant discovery, where the State of Colorado lacked "original Jurisdiction" and that as proof of actual slander and libel in diversity, the plaintiff requests that the records from the Jefferson County District court, in the State of Colorado are put into an exibit and removed to this court, as proof of claim that the State of Colorado did impede,influence and by acts and omissions have acted to deprive this plaintiff of the records requested in this Freedom of Information Action now before this court.

10) For this court not to allow discovery would deny this plaintiff a good faith showing, and access to the court in violation of his First Amendment rights and one of the requirements of the release of information was to contribute significantly to the public understanding of government operations or activities, as stated in April 25, 2006 letter from Lisa Bressler.

11) It is more than a belief that the general public would benefit from this release of information, as to the workings of government, pursuant to 10 CFR Section 1004.9(a)((8). The two fold basic requirement, both of which must be satified before a waiver of fees could be granted would be to disclose the actions and omission of government, which is inclusive of the State of Colorado. This is the purpose of this discovery, to show the workings of government, and how by prejudice and discrimination, conflict of interest, and violations of due process of law so stated that the government has created collusion with the U.S. Department of Energy to coverup the damages sustain during employement at the Rocky Flats Nuclear Plant, and the cover up by the American Medical Association to provide proper medical care and diagnosis.

12).The government and bench looses the protection of sovereign immunity

from suit. See New York v. United States, 112 S.Ct 2408 at 431 (1992). In this case, the Jefferson County District court has lost it immunity from suit, and never had "original Jurisdiction, and this U.S. District Court has original jurisdiction under 28 U.S.C.A., Section 1361, for abuse of judicial power, and fraud.

If jurisdiction is lacking and summary affirmance by the highest court of a state, then venue, and jurisdiction are also lacking. See O'Sullivan v. Boerokel, 526s U.S. 838, 845(1999). Thus grounds to dismiss and vacte the conviction and sentence and discharge the defendant immediately, or show cause why a tort claim issue.

13) For the reasons stated above and by the fact that the Colorado Supreme Court did come into agreement by general and specific acquesence, they have agreed that the Tort claim issue to prosecute them for libel, because they failed to settle. For this reason, the Court records from the Jefferson county District court, including the judicial files be put into exhibit and removed to this court, as proof of claim that the government has impeded, influenced and deprived the plaintiff's request for records in this Freedom of information act, and that the government created the commerical interest, whose acts and omissions create fraud, and obstruction of justice, access to the court, and deprived due process of law.

14) Where for the last 25 days this plaintiff has been subject to facility lock down and denied access to law library, medical treatment by deliberate indifference and cruel an dunusual punishment that this plaintiff request judgment on the discovery pleading.

15) That this Federal court for the District of Columbia upon receipt of this writ for judgment on discovery, with points and authorities, notice and demand is made upon this court to review and respond to the above, each 'point and autorities' as enumerated above and domumented upon the public record, within 15 days upon receipt of this writ, allowing up to three days grace for return mail delivery.

Failure to do so, by either a 'Public servant' who by 'Oath of Office' or duty as an "officer", "agent", or "employee" of a government, or create corporation and/or by and through your 'Position', "Office" or "superior knowledge of the law," will place you in default, and the presumption will be taken upon the private and public record that you and your office fully agree to the 'points' and authorities' contained within this writ and that the 'points and authorities' are true, correct and certain. (F.R.C.P. 8(d).. That the writ for Notice of removal be included.

*(signed)* UCC 1-207
Wayne Brunsilius, Reg. No. 65458, Unit BA 114
P.O. Box 2000
49777 County Road V
Burlington, Colorado 80807

## CERTIFICATE OF SERVICE

I certify on this 7th day of August, 2007, that a true and correct copy of the foregoing writ for judgment was served, first class mail, postage prepaid upon:

U.S. Department of Justice
United States Attorney
District of Columbia
SHEREASE LOUIS
555 4th. Street, N.W.
Washington, D.C. 20530

*(signed)* UCC 1-207
Wayne Brunsilius,

| | |
|---|---|
| SUPREME COURT, STATE OF COLORADO<br>Two East 14th Avenue<br>Denver, Colorado 80203<br><br>ORIGINAL PROCEEDING<br>DISTRICT COURT, JEFFERSON COUNTY, 90CR1281 | Case No. 07SA183 |

In re:

**Plaintiff:**

THE PEOPLE OF THE STATE OF COLORADO,

v.

**Defendant:**

WAYNE BRUNSILIUS.

**ORDER OF COURT**

Upon consideration of the Motion to Waive Fees because the District Court Lacked Jurisdiction and this Petitioner Indigency, and the [Petition Pursuant to] Colorado Appellate Rules 21(a) and (b) filed in the above cause, and now being sufficiently advised in the premises,

IT IS ORDERED that said Motion to Waive Fees because the District Court Lacked Jurisdiction and this Petitioner Indigency shall be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that said [Petition Pursuant to] Colorado Appellate Rules 21(a) and (b) shall be, and the same hereby is, DENIED.

BY THE COURT, EN BANC, JUNE 28, 2007.
JUSTICE EID does not participate.