RECEIVED
SEP 13 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WAYNE BRUNSILIUS,
    Plaintiff,

v.                                    Civil Action No 06-2202(RJL)

U.S. DEPARTMENT OF ENERGY, et al.
    Defendant,

NOTICE OF DEFAULT AND OPPORTUNITY TO CURE

The plaintiff moves this court pursuant to Fed. R.C.P., Rule 55(e) and Rule 54(c) in an effort to establish a claim or right to relief satisfactory to this court.

1). The plaintiff moved this court pursuant to Fed. R. C.P., Rule 12(c) on August 7, 2007 for judgment on pleadings of discovery, which were filed on May 2, 2007. Attached to that writ was an order from the Colorado Supreme Court, granting that the District court lacked jurisdiction, which was used as evidence to provide this court with the facts that the commerical interest was in fact created by the state of Colorado. Thus the false arrest and incarceration.

2). The request for removal and Writ of Mandamus requested of this court would have provided this court with facts that the State of Colorado had acted and directed to deny and conceal all evidence and cases of heavy metal poisoning and radiation poisoning or damages sustain from work at the Rocky Flats Nuclear Plant.

3). The affidavit's requested would have been from the F.B.I and the EPA agents who performed the investigation of the Rocky Flats Nuclear Plant in 1989. The request for this plaintiff's medical file would have confirmed that the State of Colorado had denied all medical care, and had acted to inflict as much damage

to include the use of wrong medicine, and denial of all medical care, and had falsified the medical records to appear that this plaintiff had been given medical, and, also to include denial or review .... of medical files as is the case now.

4). By the denial of discovery, the plaintiff has been denied due process of law to provide this court with ample information of bad faith, and collusion by various persons, named and unnamed, both in the judicial and corporate capacity.

5). In absence of ruling for judgment on discovery, and acquiescence, both general and specific, that this plaintiff request judgment pursuant to Fed.R.C.P., Rule 54(b). That this court grant this plaintiff damages determined by this court, to include court cost, filing fees, and nominal cost to include any and all fee's required by the government, for records, copy cost, and that plaintiff did comply with the requirements of the FOIA Officer, and that a wavier of fees should be granted for records, which will include the following:

1) All records, both testing and lab reports from the industral hygienst, who performed the testing during the investigation and environmental impact study for the U.S. Depart. of Defense, which started on May 24, 1983.

2. For all records requested on March 20, 2006, to include radioactive exposures, Known medical and public health hazzards, which were ordered to keep secret which included medical files and records, by Rockwell and the U.S. Depart of Energy.

3). That request for records will also include a copy of the environmental impact study and report prepaired by E.M.C. Engineering, whom this plaintiff had worked, but was also keep secret, which will also provide all the records of exposures and conditons encountered during the performance of this project, that was deemed "TOP SECRET" and was forced, threatened and coerced into without any contract, or protective clothing or equipment, or protection by the government when testing was performed, and suppressed, to protect the secret conspiracy of

-2-

Rockwell and the U.S. Department of Energy, whose acts and omissions have confirmed fraud by both the American Medical profession and the U.S. Department of Energy, whopaid bribery to conceal the truth in the district court in Jefferson County, State of Colorado, also be considered in the punitive and compensatory damages.

4). That the corrected request of March 20, 2006 to Lisa Bressler be incorporated into this settlement, and that the wavier of fees in regulation 10 CFR 1004.9(a) be granted, and that this court's order be created to the U.S. Department of Energy, for such records, whether at the Rocky Flats Project Office, at 12101 Airport Way, Unit A, Broomfield, Colorado 80021-2483, or as required.

5). That this court also "order" the medical records at the Kit Carson Correctional Center be turned over in Their completion to this Plaintiff, or provide such order to the U.S. Marshall to seize such records, to assist the claim of this Plaintiff for damages sustained from the exposures and influences of radiation and heavy metals experienced at the Rocky Flats Nuclear Plant.

6) That this court also grant records as its deems appropriate in addition to the stated, which were stated in the complaint, and defined. These records do not consist of 800 boxes, but the search through 800 boxes, was not the fault or failure of this plaintiff, for their lack of record keeping, and the acts and failures of the U.S. Department of Energy should not be the determent or used to justify adverse cost for records, requested by Plaintiff. That the items requested in the complaint also be incorporated into this settlement, and aware of damages in violation of the "Freedom of Information act and Privacy Act by Government, so stated, and not limited to stated in this reqeust for judgment and opportunity to cure, by judgment so stated, and for damages punitive and compensatory

Respectfully Submitted,

*Wayne Brunsilius* (signature)

Wayne Brunsilius, Reg. No. 65458 Unit AB-118
P. O. Box 2000
Burlington, Colorado 80807

CERTIFICATE OF SERVICE

I certify that on this 6th day of September, 2007, a true and correct copy of the foregoing writ for judgment was served, first class mail, postage prepaid upon:

U.S. Department of Justice
United States Attorney
District of columbia
SHEREASE LOUIS
555 4th. Street, N.W.
Washington, D.C. 20530

Wayne Brunsilius, Reg, No 65458
Aukthorized Representative
Attorney in Fact in propria persona