UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

SEP 26 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WAYNE BRUNSILIUS,

    Plaintiff,

    v.

U.S. DEPARTMENT OF ENERGY,

    Defendant.

Civil Action No. 06-2202 (RJL)

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, brings this action challenging the disposition of his record requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by the Department of Energy ("DOE"). Defendant has filed a motion to dismiss or, in the alternative, for summary judgment, and plaintiff an opposition thereto. Because plaintiff has not paid the required processing fee and is not entitled to a waiver of that fee, defendant's motion will be granted.

### I. BACKGROUND

Mr. Brunsilius was formerly employed at DOE's Rocky Flats Facility in Colorado. Administrative Record ("AR") at 1.[1] He sent letters to DOE on November 16, 2005 and December 28, 2005 requesting medical, radiological, laboratory, public health, and environmental contamination records of the facility during the time he was employed at Rocky Flats. Decl. of Lisa Bressler ¶ 4; AR at 1, 4. On December 28, 2005, plaintiff sent a separate

---

[1] The Administrative Record was filed simultaneously with defendant's motion and contains DOE's correspondence with plaintiff.

1

request for documents regarding DOE's contracts with EMC Engineering and Rockwell International, the names of contractors who performed on-site testing at Rocky Flats, the identity of the person in charge of Rocky Flats from 1983 to 1985, and laboratory and chemical reports of testing by Rockwell, DOE and the Colorado Department of Public Health. Decl. of Lisa Bressler ¶ 5; AR at 2. Plaintiff requested similar materials on February 8, 2006. Decl. of Lisa Bressler ¶ 6; AR at 11.

In response to plaintiff's letters, on March 9, 2006, DOE informed plaintiff that it would not process his requests until he agreed to pay any applicable fees or sought a fee waiver. Decl. of Lisa Bressler ¶ 7; AR at 13-15. According to DOE, plaintiff's requested documents comprised approximately 800 boxes of material with an estimated processing cost of $240,000.00. Decl. of Lisa Bressler ¶ 9; AR at 15. DOE suggested that plaintiff narrow his document request to reduce the processing cost. *Id.*

On March 20, 2006, plaintiff sent a letter to DOE requesting a fee waiver. Decl. of Lisa Bressler ¶ 10; AR at 16-18. As a basis for his request, plaintiff cited the following: (1) he is indigent because he has been imprisoned for fifteen years; (2) he needs the records for anticipated litigation seeking damages for his exposure to hazardous chemicals and radiation at Rocky Flats; (3) the information will contribute to a better understanding of conditions at Rocky Flats and assist other former employees of DOE; and (4) disclosure of the records will contribute to the general public's understanding of worker safety, health care, and the hazards in the workplace. AR at 16. On April 25, 2006, DOE denied plaintiff's request for a fee waiver. *Id.* at 19-20. In its letter, DOE stated that:

> This decision is based on the fact that the informative value of the requested documents

> would not contribute significantly to the public understanding of government operations or activities ... Moreover, we have been unable to determine whether you have the necessary expertise in the subject area, ability and intention to disseminate the information to the general public ...

*Id.* at 19.

Plaintiff appealed this decision. *Id.* at 21-23. On November 15, 2006, DOE's Office of Hearings and Appeals denied plaintiff's appeal. *Id.* at 28-30. Plaintiff then filed the present cause of action.

## II. STANDARD OF REVIEW

Defendant moves to dismiss for failure to state a claim or, in the alternative, for summary judgment. The Court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if it appears, assuming the alleged facts to be true and drawing all inferences in Plaintiff's favor, that Plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions ... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 127 S.Ct. at 1964-65 (citations and internal quotation marks omitted). Thus, the Court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276.

In resolving a motion to dismiss for failure to state a claim, *pro se* complaints are held to

3

"less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* pleading is to be liberally construed by the Court. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citation omitted). Accordingly, *pro se* plaintiffs are not required to use specific legal terms or phrases, and the Court "will grant plaintiffs the benefit of all inferences that can be derived from the facts alleged." *Kowal*, 16 F.3d at 1276.

Defendant also moves, in the alternative, for summary judgment. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, any factual assertions in the movant's affidavits will be accepted as being true unless the opposing party submits his own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d

453, 456 (D.C.Cir.1992).

In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C.Cir. 1973). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir. 1991). Such affidavits or declarations are accorded a presumption of good faith. *Id.*

## III. ANALYSIS

Defendant DOE contends that the case should be dismissed because plaintiff did not pay the assessed processing fee and was not entitled to a fee waiver. A requester generally must pay reasonable charges associated with processing his FOIA request. *Judicial Watch, Inc. v. Rossotti*, 326 F.2d 1309, 1310 (D.C.Cir. 2003); *see also* 5 U.S.C. § 552(a). Judicial review of an agency's denial of a fee waiver request cannot be sought until a plaintiff appeals that decision or pays the assessed fee. *Judicial Watch,* 326 F.3d at 1310; *Trulock v. U.S. Dep't of Justice*, 257 F. Supp. 2d 48, 52 (D.D.C. 2003). Commencement of a civil action pursuant to the FOIA does not relieve a requester of his obligation to pay any required fees. *Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir.1995); *Harrington v. Dep't of Justice*, No. 06-254, 2007 WL 625853, at *2 (D.D.C. Feb. 27, 2007).

An agency may charge a requester reasonable fees for the search, review, and duplication of responsive documents. 5 U.S.C. § 552(a)(4)(A). In cases such as plaintiff's, an agency may charge fees only to search for and duplicate responsive records. 5 U.S.C. § 552(a)(4)(A)(ii)(III). There is no charge for the first two hours of search time or for the first 100 pages of duplication

if the requester, like plaintiff, has no commercial purpose for the requested records. 5 U.S.C. § 552(a)(4)(A)(iv)(II); 10 C.F.R. § 1004.9(a)(6). If DOE determines or estimates that the fees to be charged will exceed $25, the agency must notify the requester of the actual or estimated fee. 10 C.F.R. § 1004.9(a)(7). The agency neither considers a request received nor performs any further work on a request until the requester agrees in writing to pay the anticipated total fee. *Id.* Should DOE determine or estimate that the total fee to be charged will exceed $250, the agency may require the requester to make an advance payment before it begins to process the request. 10 C.F.R. § 1004.9(b)(8)(i).

Agencies are required to waive fees if a requester demonstrates that "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). In determining whether disclosure of the information is in the public interest, DOE considers four factors: (1) whether the subject of the requested records concerns the operations or activities of the government; (2) the informative value of the information to be disclosed, i.e., whether it will likely contribute to an understanding of government operations or activities; (3) the contribution to an understanding by the general public of the subject likely to result from disclosure; and (4) whether disclosure is likely to "significantly" contribute to the public's understanding of government operations or activities. 10 C.F.R. § 1004.9(a)(8)(i); *see also Judicial Watch, Inc. v. U.S. Dep't of Justice*, 185 F.Supp. 2d 54, 60-62 (D.D.C. 2002). In an action by a requester regarding the waiver of fees, the Court determines the matter *de novo*, but the Court's review is limited to the record that was before the agency. 5 U.S.C. § 552(a)(4)(A)(vii); *see Judicial Watch, Inc.*, 185 F.Supp. 2d at 59. Plaintiff, as the requesting party, bears the burden of showing that disclosure of the requested records is likely to make a significant contribution to the public's understanding of identifiable

operations or activities of the federal government. *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988); *Prison Legal News v. Lappin*, 436 F.Supp.2d 17, 22 (D.D.C. 2006).

Plaintiff offered the following grounds for his fee waiver request: (1) he is indigent; (2) disclosure of the records would assist him in a possible civil suit against DOE or DOE's contractors; (3) the records could assist similarly situated employees exposed to hazardous materials while employed by DOE; and (4) the general public would be informed of issues regarding workplace safety and hazardous work environments. *See* AR at 15. Two of these asserted reasons are not appropriate bases for a fee waiver. Plaintiff's indigence alone, without a showing of a public benefit, is not a valid basis for granting a fee waiver. *Ely v. United States Postal Serv.*, 753 F.2d 163, 165 (D.C. Cir. 1985) (per curiam); *Durham v. United States Dep't of Justice*, 829 F. Supp. 428, 435 n.10 (D.D.C. 1993). Similarly, a private litigation interest is not relevant to the fee waiver analysis. *Harrington*, 2007 WL 625853, at *4; *Kumar v. U.S. Dep't of Justice*, No. 06-714, 2007 WL 537723, at *3 (D.D.C. Feb. 16, 2007).

Plaintiff's remaining claim is that a fee waiver should have been granted because disclosure of the information sough is in the public interest. In assessing whether a public interest waiver request should be granted, the court must consider the requester's ability and intention to effectively disseminate the requested information to the public. *Prison Legal News*, 436 F.Supp.2d at 26; *VoteHemp, Inc. v. DEA*, 237 F.Supp.2d 55, 62 (D.D.C. 2002). In denying the fee waiver, DOE properly considered plaintiff's apparent inability to disseminate the information to the general public. The absence of an ability to disseminate the information to the general public is a sufficient basis on it own to deny a fee waiver request. *Larson*, 843 F.2d at 1483. Plaintiff's status as an inmate certainly inhibits his ability to disseminate information to

the general public. *See id.* (assertion that inmate requester would give information to media too tenuous to merit fee waiver); *Prows v. U.S. Dep't of Justice*, No. 87-1657, 1989 WL 39288, at *7 (D.D.C. Apr. 13, 1989) (incarcerated requester with no apparent connection with media or access to facilities or personnel to enable him to disseminate information properly denied fee waiver). For these reasons, the Court concludes that DOE properly denied plaintiff's fee waiver request.

Federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. BATF*, No. 03-1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. Dep't of Justice*, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).

Where DOE requires an advance payment by the requester, the request is not considered received until the payment is in the agency's possession. 10 C.F.R. § 1004.9(b)(8)(ii); *see also Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1127 (D.C. Cir. 2004). As noted above, the plaintiff has not paid the required fee. Because the plaintiff's request has yet to be "received" by DOE within the meaning of the statute, the agency did not violate the FOIA.[2]

### III.  CONCLUSION

Plaintiff cannot pursue his FOIA claim because he failed to either pay the assessed fee or

---

[2] Plaintiff has filed a motion to conduct discovery pursuant to Fed. R. Civ. P. 56(f). Plaintiff's motion will be denied. Discovery is generally inappropriate in a FOIA case. *Whitfield v. U.S. Dep't of Treasury*, No. 04-679, 2006 WL 2434923, at *7 (D.D.C. Aug. 22, 2006). Discovery is particularly unwarranted here because DOE has not formally received a FOIA request from plaintiff.

to obtain a fee waiver. Accordingly, defendant's motion for summary judgment will be granted.

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

                                                                  _____
                                                                  RICHARD J. LEON
                                                                  United States District Judge

DATE:

9/22/07