RECEIVED
DEC 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wayne Brunsilius,
    PLaintiff,

Vs.

Department of Energy,
    Defendant

Case No 06-cv02202 (RJL)

United States Court of Appeals No 07-5362

### MOTION FOR LEAVE TO PROECEED IN FORMA PAUPERIS

This plaintiff comes before this court and clerk as directed by the Order of November 16, 2007, which this plaintiff did not receive until December 4, 2007, 18 days delayed to perform and satisfy the conditions as stated on this court order, that this Plaintiff has until December 17, 2007 to comply. This court will see that the plaintiff had only 13 days to comly and try to address the issues of payment as stated for this appeal of this court Order.

Let this court be fully informed that this plaintiff has had to provied his own medical care resulting from the radiation and heavy metals poisoning inflicted at the Rocky Flats Nuclear Plant in 1983, where the state of Colorado refuses all medical care willfully, and intentionally. See attached Affidavit.

That this appeal was for records to comply with the governments demands to prove that this Plaintiff was radiation and heavy metal poisoned while working at the Rocky Flats Nuclear Plant.

That this plaintiff request of this court and clerk for leave to proceed in forma pauperis, and that this appeal of this federal district courts decision be filed under the Miscellaneous Green File, to insure an Article III, United States Constitutional Court of Law to hear this case, and the imposed fee's associated with this U.S. Constitutional filing of Appeal.

That this appeal is taken subject to the abuse of discretion pursuant to the October 2000, U.S. Congress granting a "Willing Prayer" or "Do Not Contest Order" for:

1) Radiological concerns
2). Silicosis
3). Chronic Beryllium Disease
4). Toxic substances edxposures - to mercury and heavy metals
5). hearing loss, liver damages

That this appeal is taken subject to rulings from the 10th Federal District court, Judge John Kane, showing that "Orders" were given
1). to keep secret medical research
2). Radioative exposures
3). Known medical and Public health hazards

That this appeal is taken pursuant to the "Energy Employe Occupational Illness Compensation Program Act. of October 28, 2004, where the president signed into law legislation that created a new program called Part"E" of the Act, which will be administered by the U.S. Depart of Labor, under Title 42, Chapter 84, Department of Energy, Subsection XVI (the Act) Part A - establishment of Compensation program and compensation fund.

Find enclosed the attached Affidavit in support of this Plaintiff's health and where this plaintiff has to provide his own medical care, as the state of Colorado has refused and failed to provide such medical care, and has only tested for conditions, to determine the severity of the conditions.

Where the demands placed on this plaintiff by his medical support, that if the U. S. Court of Appeals demand for filing fee's would place this plaintiff in conflict and abuse of hardship of being forced to provide his own medical care since 1991. If by this petition to proceed in forma pauperis does not wave the filing fee's will deny this plaintiff of his due procedd of filing an appeal

That his appeal is taken because the abuse of discretion of this ruling which stated that this plaintiff failed to provide the $240,000.00 thousand dollard for estimated search of records, would violated any fair and reasonable fee's, in consideration that this plaintiff has been imprisoned since 1991, by illegal arrest and incarceration, and kidnapping and held hostage to prevent this plaintiff testimony in federal court, or before the federal grand jury in 1989 to 1992. This abuse of discretion also violated any "Good Faith" of the government, whereexcessive fees for this search were imposed to discourage this plaintiff's request for records. All fee's should have been waved in the public interest.

The Securities Act of 1933 and Securities Act of 1934 were passed to insure full and fair disclosure of all material information in the marketplace; 15 U.S.C. Section 78b (2000). This excessive fee imposed by the U.S. Department of Energy was implemented as a "deceptive device", when others have taken advantage of this information in the Tenth Federal District court. Two watch dog groups were withheld.

In conclusion, this plaintiff request that this court frant this motion to proceed in Forma Pauperis, and this appeal be filed in the Misc. Green file to insure U.S. Constitutioal court and judges to review this appeal of this ruling. Statee under penalty of perjury pursuant to 28 U.S.C. Section 1746; 18 U.S.C. 1621,

Respectfully Requested,

*Wayne Brunsilius*
Wayne Brunsilius, Reg. No. 65458
P.O. Box 2000, Unit AB-118
Burlington, Colorado 80807

Dated *December 13, 2007*

AFFIDAVIT IN SUPPORT OF PLAINTIFF'S HEALTH

COLORADO STATE       )
                     ) SS.
County of Kit Carson )

I, Wayne Brunsilius, herein "Affiant", being duly sworn, deposed, say and by my signature that the following facts are true, correct, and complete to the best of my knowledge and belief.
That the affiant is complete to state the matter included in this declaration, and has knowledge of the facts, and declares that to the best of his knowledge, the statement made in this affidavit are true, correct, and not meant to mislead.
That this affiant has been forced to fend and care for his own medical needs to include damages from hypocalcemia, an insidious metabolic bone diseasee caused from mercury and radiation poisoning, and kidney, and infections resulting from the same, since May 29, 1991. Where the State of Colorado has denied, deprived, and concealed testing results for urination, and radioisotope testing completed on January 8, 1997 at the Colorado University Hospital and testing completed by the Colorado Department of Corrections in 1993, which showed heavy amount of mercury in the urine, but concealed the test result, and all medical treatment, to inflicthealth damages to impose death by their actions.
Health records will confirm that this affiant was admitted in ICU in 1999 at the Kit Carson Correctioal Facility, and was almost dead from their refusal to provide medical care or treatmet for conditions that were openly known in the court records at the Jefferson County District court, State of Colorado, Case No. 90 CR1281. The Case so stated, where a Motion to Supplement materials regarding post conviction informed the State and court of severe damages resulting from work completed at the Rocky Flats Nuclear Plant, when this affaint worked there. This motion was filed June 7, 1993. See attached court records and medical records.
The State of Colorado, by testing completed on July 28, 1993. Labortory No. 478542, Collection No. 01100063537, testing completed by the Colorado Department of Health, Division of Labortories, confirmed these medical conditions.

"Indeed, no more than (affidavits) is necessary to make the prima facie case." United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S.Ct. March 22, 1982.

*Wayne Brunsilius*
As per 28 U.S.C. Section 1746

Subscribed to and Sworn before me this /3th day of December, A.D. 2007, a Notary, that _Wayne Brunsilius_, personally appeared and known to me to be the man whose name subscribed to the within instrument and acknowledges to be the same.

_____(Seal)
Notary Public

My Commission Expires: 1/30/2010

COUNTY KIT CARSON
STATE COLORADO

ROBERT E. SPARKS JR
Notary Public
State of Colorado
My Commission Expires 1/30/2010

CErtified copy